UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        - v. -<br><br>RARE BREED TRIGGERS, LLC; RARE BREED FIREARMS, LLC; LAWRENCE DEMONICO; KEVIN MAXWELL,<br><br>                    Defendants. | Civil Action No. |

**MOTION FOR THE TEMPORARY SEALING OF THE DOCKET**

      Plaintiff United States of America respectfully requests that the Court enter the attached proposed order that temporarily seals the docket in this matter until the Court issues a decision on the United States' *ex parte* motion for a temporary restraining order and until at least one Defendant in this action is served. Temporary sealing of the docket is necessary to (1) ensure that no additional FRT-15s, Wide Open Triggers (WOTs) and/or any forced reset trigger or other machinegun conversion device enter commerce that would further endanger public safety; and (2) reduce the risk of danger associated with the service of process on Defendants.

      By way of background, Defendants Rare Breed Triggers, LLC; Rare Breed Firearms, LLC; Lawrence DeMonico, and Kevin Maxwell (collectively, Defendants) are in the business of illegally selling machineguns. Defendants sell a machinegun conversion device, which they call the FRT-15, that is designed to be fitted into an AR-15 style firearm so that a shooter can fire multiple rounds automatically by a single pull of the trigger. Because the FRT-15 operates as a combination of parts designed and intended for use in converting a firearm into a machinegun, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) has classified the FRT-15 as a machinegun.

1

*See* 26 U.S.C. § 5845(b).  Additionally, Defendants sell the WOT, another conversion device—a copy of the FRT-15—that is also designed to be fitted into an AR-15 style firearm.

As set forth in detail in the accompanying Complaint, Declaration of ATF Special Agent Daniel Koneschusky, Motion for a Temporary Restraining Order and Preliminary Injunction, and Certification of Assistant United States Attorney Michael Blume, there is probable cause to believe that Defendants, have, in violation of 18 U.S.C. § 371, knowingly and intentionally conspired to defraud the United States by impeding, impairing, obstructing, and defeating the lawful Government functions of the ATF in their regulation of machineguns under the National Firearms Act of 1934 and the Gun Control Act of 1968.  Further, there is probable cause to believe that Defendants have engaged in the ongoing commission of mail fraud in violation of 18 U.S.C. § 1341 and the ongoing commission of wire fraud in violation of 18 U.S.C. § 1349.  There is also probable cause to believe that Defendants have engaged in an ongoing conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 and an ongoing conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349.  As set forth in the United States' motion, the United States seeks, pursuant to 18 U.S.C. § 1345 and Fed. R. Civ. P. 65(b) a temporary restraining order *ex parte* on the grounds that the United States has demonstrated that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."

While the public and the press have a "qualified First Amendment right to . . . access certain judicial documents," *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citations omitted), a party may overcome that presumption in civil cases by showing that sealing will further other substantial interests, such as public safety.  *See United States v. Aref*, 533 F.3d 72, 83 (2d Cir.2008) (sealing documents related to national security), *cert. denied*, 556 U.S. 1107 (2009); *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir.1995) (sealing documents related to

law enforcement concerns).; *see also United States v. Guess*, No. 04-CV-2184 (LAB), 2005 WL 1819382, at *1-2 (S.D. Cal. June 28, 2005) (describing the court entering a proposed temporary restraining order wherein the United States had, *inter alia*, filed a sealed complaint under 18 U.S.C. § 1345 and an "unnoticed *ex parte* application for a TRO" where defendants controlled "more than $500 million in assets derived from their fraudulent tax avoidance schemes, all of which is in danger of dissipation.").

Here, given that the crux of this action arises out of Defendants' manufacture and sale of machineguns, temporarily sealing the docket would ensure that no additional machineguns enter commerce that would further endanger the safety of the public.  As set forth in the Complaint, Declaration of ATF Special Agent Daniel Koneschusky, Motion for a Temporary Restraining Order and Preliminary Injunction, and Certification of Assistant United States Attorney Michael Blume, Defendants will go to great lengths to thwart the legal process.  Among other things, Defendants have grabbed items that were the subject of a court-ordered search warrant executed by law enforcement and hauled them away, and brazenly ignored repeated demands by the Government that they cease and desist illegal activity.  Given this history, were they to be alerted to the possibility of a court order, there is the real possibility that they will take whatever steps they believe necessary—whether that might be destroying records, or selling off their FRT-15, WOT, or other conversion device inventory immediately—to impede the ability of the Government to carry out any court order.  Indeed, Defendants' disdain for law is such that, upon receiving a cease-and-desist letter from ATF, Defendant DeMonico boasted that the Defendants' response was, "Fuck [ATF]."

Further, the temporary sealing of the docket would reduce any potential safety issues surrounding the agents who will be serving the individually-named defendants, each of whom is

associated with a scheme to illegally sell machineguns. *See Casas-Montejano v. Holder*, No. 11-CV-00670 (LJO), 2011 WL 3320532, at *1 (E.D. Cal. July 28, 2011) (granting motion to seal civil complaint where the plaintiff contended, *inter alia*, that the safety of certain individuals would be at risk if the documents were publicly filed.). Note, for example, that a caller from the office of Defendant Maxwell threatened to march down to the ATF offices warning that "[w]e are bringing the rocket launcher."[1] Briefly sealing the docket is reasonable given the potential that agents' safety could be jeopardized as they try to effectuate service. *See United States v. Durand*, No. 14-CR-247, 2014 WL 2917034, at *1 (E.D.N.Y. June 26, 2014) (Johnson, J.) ("the obvious danger of impairing law enforcement and judicial efficiency in another case justifies this Court in temporarily sealing the search warrants.").

Accordingly, the United States seeks to temporarily seal the docket until the temporary restraining order has been entered and at least one defendant is served, or unless otherwise ordered by the Court. *See, e.g., Mattel, Inc. v. Agogo Store*, No. 21-CV-1507 (AJN) (SLC), 2022 WL 525698, at *3 (S.D.N.Y. Jan. 31, 2022), *report and recommendation adopted*, 2022 WL 524057 (S.D.N.Y. Feb. 22, 2022) (describing temporary sealing of complaint following issuance of temporary restraining order). The United States requests that the Court temporarily seal the following consistent with its proposed order:

- The caption of this matter on PACER and the Electronic Case Filing System;
- The United States' Complaint;
- Summonses for the Defendants Named in the Complaint;
- The United States' Civil Cover Sheet;
- The United States' Application for Leave to File a Document Under Seal;
- The United States' Motion for the Temporary Sealing of the Docket;
- The United States' Proposed Order Temporarily Sealing the Docket;

---

[1] In *Rare Breed Triggers v. Garland*, No. 21-CV-1245 (M.D. Florida) (Mendoza, J.), where RBT filed suit against the United States, the district court noted that it received a "harassing" call to chambers to tell the Court "how this [case] should turn out." Dkt. No. 66, Transcript, at 3. The district court provided the telephone numbers to the U.S. Marshals and noted that he was not suggesting that "anyone from here did it, but it's inappropriate." *Id.*

- The United States' Memorandum of Law in Support of its Motion for a Temporary Restraining Order and Preliminary Injunction;
- The Declaration of Special Agent Daniel Koneschusky and the exhibits annexed thereto;
- The United States' Proposed Temporary Restraining Order and Order to Show Cause; and
- The Certification of Assistant United States Attorney Michael Blume pursuant to Fed. R. Civ. P. 65(b)(1)(B).

Dated: Brooklyn, New York　　　　　　　　Respectfully submitted,
　　　　January 19, 2023

　　　　　　　　　　　　　　　　　　　　BREON PEACE
　　　　　　　　　　　　　　　　　　　　United States Attorney
　　　　　　　　　　　　　　　　　　　　*Counsel for Defendants*
　　　　　　　　　　　　　　　　　　　　Eastern District of New York
　　　　　　　　　　　　　　　　　　　　271 Cadman Plaza East, 7th Fl.
　　　　　　　　　　　　　　　　　　　　Brooklyn, New York 11201

　　　　　　　　　　　　　　　By:　　　　/s/
　　　　　　　　　　　　　　　　　　　　Michael Blume
　　　　　　　　　　　　　　　　　　　　Joseph Marutollo
　　　　　　　　　　　　　　　　　　　　Paulina Stamatelos
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorneys
　　　　　　　　　　　　　　　　　　　　(718) 254-7000
　　　　　　　　　　　　　　　　　　　　Michael.Blume@usdoj.gov
　　　　　　　　　　　　　　　　　　　　Joseph.Marutollo@usodj.gov
　　　　　　　　　　　　　　　　　　　　Pauline.Stamatelos@usdoj.gov