UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Plaintiff,

- v. -

RARE BREED TRIGGERS, LLC; RARE BREED FIREARMS, LLC; LAWRENCE DEMONICO; KEVIN MAXWELL,

        Defendants.

1:23-cv-00369 (NRM) (RML)

---

## TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

This matter having come before the Court upon the application of Plaintiff, the UNITED STATES OF AMERICA, for a temporary restraining order pursuant to 18 U.S.C. § 1345; the Complaint; the Declaration of Special Agent Daniel Koneschusky; the Certification of the Attorney for the United States; and following an *ex parte* hearing held on January 24, 2023, at which the Court heard arguments from the United States and testimony from Special Agent Koneschusky:

WHEREUPON THE COURT, having considered the matter, finds that:

1. There is probable cause to believe that Rare Breed Triggers, LLC; Rare Breed Firearms, LLC; Lawrence DeMonico; and Kevin Maxwell (collectively, Defendants) have, in violation of 18 U.S.C. § 371, knowingly and intentionally conspired to defraud the United States by impeding, impairing, obstructing, and defeating the lawful Government functions of the ATF in their regulation of machineguns under the National Firearms Act of 1934 (NFA) and the Gun Control Act of 1968 (GCA). Among other facts, there is probable cause to believe that Defendants failed to register FRT-15s for the purpose of concealing from ATF the sale and transfer of these

items; interfered with a court-ordered seizure of FRT-15s; and mislabeled packages sent through the mails containing illegal firearms for the purpose of concealing their contents and thwarting AFTs potential seizure of these items.

2. There is probable cause to believe that Defendants have engaged, and will imminently engage, in the ongoing commission of mail fraud in violation of 18 U.S.C. § 1341 by "obtaining money . . . by means of false or fraudulent pretenses, representations, or promises" through use of the mail. Among other facts, there is probable cause to believe that Defendants, before accepting money from their customers and sending FRT-15s through the mail, obscured from their customers the fact that a predecessor product to the FRT-15 was classified by the ATF as a machinegun; hid from their customers the fact that they did not seek an ATF classification of the FRT-15 prior to beginning the sale of the product while misleadingly informing their customers that former ATF officials had approved the FRT-15; repeatedly stated to their customers that the FRT-15 was a legal product, notwithstanding ATF determinations that it was not and notwithstanding the fact that Defendants were specifically put on notice in July 2021 about ATF's determinations; and falsely told their customers that ATF lacks the authority to regulate FRT-15s while litigation is pending. There is probable cause to believe that some these customers have voluntarily divested of FRT-15s that they purchased after ATF informed them or they learned from other sources that, notwithstanding Defendants' representations, it is illegal for them to be in possession of an FRT-15.

3. There is probable cause to believe that Defendants have engaged, and will imminently engage, in the ongoing commission of wire fraud in violation of 18 U.S.C. § 1343 by "obtaining money . . . by means of false or fraudulent pretenses, representations, or promises" through the use of wire transmission, as established by the facts noted herein.

4. There is probable cause to believe that Defendants' fraudulent conduct is ongoing and imminent. This conclusion is based on the fact that, *inter alia,* Defendants continue to market the FRT-15 for sale; Defendants continue to use a waitlist to manage the demand from potential customers who wish to purchase FRT-15s under the mistaken belief that FRT-15s are legal; notwithstanding that FRT-15s are currently listed as out-of-stock on Defendants' website, Defendants state on their website that they "continually manufacture and package triggers daily so it's never more than a few days" before more FRT-15s are available for purchase; Defendants have in place a system to notify customers on their waitlist the moment they have FRT-15s to sell; Defendants have not registered any FRT-15s already on the market despite the fact that Defendants know that the failure to register firearms interferes with ATF's mandate to enforce the NFA and GSA and investigate violations of those statutes; and Defendants continue to include statements on their website and elsewhere that the FRT-15 is a legal product and not a machinegun.

5. There is probable cause to believe that Defendants have engaged in an ongoing conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349, as established by the facts noted herein.

6. There is probable cause to believe that Defendants have engaged in an ongoing conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, as established by the facts noted herein.

7. The statutory conditions for granting a temporary restraining order under 18 U.S.C. § 1345 are therefore met. Under 18 U.S.C. § 1345, any federal district court has the authority to enter "a restraining order or prohibition, or take such other action, as is warranted to prevent a continuing and substantial injury to the United States or to any person or class of persons for whose protection the action is brought" if it concludes that the defendants in question are "violating or

3

about to violate," *inter alia*, 18 U.S.C. §§ 371, 1341, 1343, and 1349. Federal Rule of Civil Procedure 65(b) permits a court to enter a temporary restraining order without notice to the opposing party if (a) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreperable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;" and (b) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

8. Several district courts in this Circuit have held that irreparable harm to the public is presumed in actions under 18 U.S.C. § 1345 where the statutory conditions are met. *See, e.g., United States v. Savran*, 755 F. Supp. 1165, 1179 (E.D.N.Y 1991); *United States v. Palumbo*, 448 F. Supp. 3d 257 (E.D.N.Y. 2020); *United States v. Kahen*, No. 20-CV-00474 (BMC), 2020 WL 1697974 (E.D.N.Y. Jan. 28, 2020); *see also United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 175-76 (9th Cir. 1987); *Government of Virgin Islands, Dept. of Conservation and Cultural Affairs v. Virgin Islands Paving, Inc.*, 714 F.2d 283 (3rd Cir. 1983). And even if irreparable harm were not presumed when the statutory conditions of Section 1345 are met, there is compelling evidence that permitting Defendants to continue to participate in the alleged fraud scheme would cause irreparable harm.

9. Immediate and irreparable injury, loss, or damage could result before Defendants can be heard in opposition, including a continuing and substantial injury to the United States, as well as to past and future purchasers of FRT-15s who have been or may be misled into believing that their possession of FRT-15s is lawful when it is not. Defendants' conduct has prevented the government from being able to identify persons in possession of FRT-15s and has deprived purchasers the opportunity to voluntarily divest them. Moreover, because Defendants, by their own statements, may once again begin selling FRT-15s to new customers in a matter of "days,"

and because Defendant Maxwell has stated that Defendants sell FRT-15s at a rate of thousands per week, temporarily enjoining the sale of FRT-15s is necessary to prevent harm to future customers who may purchase an FRT-15 in reliance on Defendants' misrepresentations.

10. Defendants' violations will continue unless a temporary restraining order is issued.

THEREFORE, IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. § 1345, pending a hearing and determination on the United States' application for a preliminary injunction, that Defendants, their agents, officers and employees, and all other persons and entities in active concert or participation with them are:

A. temporarily restrained from engaging in any sales of the FRT-15, the Wide Open Trigger, forced reset triggers, and other machinegun conversion devices until and unless otherwise ordered by this Court; and

B. required to preserve all documents related to the manufacture, possession, receipt, transfer, customer base, and/or historical or current sale of the FRT-15s, Wide Open Triggers, forced reset triggers, and/or machinegun conversion devices.

IT IS HEREBY FURTHER ORDERED that Defendants shall appear, via video (with a link to be provided separately), before this Court and the Honorable Nina R. Morrison, United States District Judge, on Thursday, February 2, 2023, at 2:30 p.m. EST to show cause why a preliminary injunction, pursuant to Fed. R. Civ. P. 65 and as requested by the United States, should not be granted. If Defendants wish to appear in person for this hearing they shall so advise the Court.

IT IS HEREBY FURTHER ORDERED that a copy of this Temporary Restraining Order and Order to Show Cause, together with the Complaint, the Declaration of Special Agent Daniel Koneschusky, and the Certification of the Attorney for the United States, shall be served upon

5

Defendants, on or before the day of Friday, January 27, 2023, absent further order of the Court. Once the Government has served at least one Defendant, it shall so advise the Court, and the Court shall, at that time, unseal the records of this proceeding, including the transcript of the Court's *ex parte* hearing held on January 24, 2023.

IT IS HEREBY FURTHER ORDERED that Defendants shall serve and file any response to the United States' application for a preliminary injunction on or before February 1, 2023, at 5:00 p.m. EST and that the United States shall serve and file any reply on or before February 2, 2023, at 12:00 p.m. EST.

**IT IS SO ORDERED**

HONORABLE NINA R. MORRISON
UNITED STATES DISTRICT JUDGE