UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　　　-against-<br><br>RARE BREED TRIGGERS, LLC; RARE BREED FIREARMS, LLC; LAWRENCE DEMONICO; KEVIN MAXWELL,<br><br>　　　　　　　　　　　　Defendants. | Case No. 1:23-cv-00369-NRM-RML<br><br>MOTION TO QUASH OR MODIFY SUBPOENA |

Defendants, Rare Breed Triggers, LLC, Rare Breed Firearms, LLC, Lawrence DeMonico and Kevin Maxwell, through undersigned counsel, hereby move to quash or modify a third-party subpoena issued by Plaintiff, United States of America, against JP Morgan Chase (Attachment A). The subpoena, returnable on February 28, 2023, demands protected and sensitive information about the defendants and their customers, and vastly exceeds the limited scope of jurisdictional discovery appropriate to the speedy resolution of this case. It should be quashed or modified as soon as possible.

## FACTS

On January 19, 2023, the government filed a five-count complaint against the defendants under seal, alleging that the defendants committed various civil offenses by selling an aftermarket firearm accessory called the FRT-15. ECF No. 1. Central to the government's case was its contention that the FRT-15 was a prohibited "machinegun" under federal law. *See id.* The government also sought, and obtained, an *ex parte* temporary restraining order stopping further sales of the FRT-15 and requiring the defendants to preserve sales records. *See* ECF No. 11.

1

The defendants have objected that this Court lacks personal jurisdiction over them, ECF No. 15, and appeared through counsel for a status conference on February 2, 2023. Following the conference, the Court's minute entry and order sets out the following related to initial discovery:

> Defendants indicated that if the Court were willing to first resolve the issue of jurisdiction before permitting discovery as to the merits, they would consent to Plaintiff's request to conduct limited discovery related to the issue of personal jurisdiction. Accordingly, Plaintiff shall serve its discovery requests on Defendants promptly, and if the parties cannot agree on the scope of discovery, Plaintiff may file a letter motion to compel directly with this Court. The Court denied, without prejudice, Plaintiff's request to conduct parallel discovery on issues related to the underlying motion for a preliminary injunction, but recognized that some of the discovery permitted as to jurisdiction may also include materials or information that relate to the merits, and urged Defendants to not unreasonably oppose or narrow its responses to such requests, so that the parties may timely conduct such discovery and facilitate the Court's prompt resolution of Defendants' motion to dismiss based on a complete record.

On February 7, 2023, the government gave the defendants notice of its issuance of a third-party subpoena to JP Morgan Chase, demanding production of all records in the bank's possession related to the two corporate defendants—Rare Breed Triggers, LLC and Rare Breed Firearms, LLC. Attachment A. Indeed, it demands records related to any financial transaction, or application, for any open accounts since May 4, 2020, and any closed accounts ever held by these companies. Exhibit A. It also demands production of information about "background investigations," "Know Your Customer and Enhanced Due Diligence documents," "letters of credit and all related documents," and even "emails or other correspondence" between the defendants and the bank. Exhibit A. The government has demanded compliance with the subpoena no later than February 21, 2023.

## ARGUMENT

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that ... requires disclosure of privileged or other protected matter, if no

exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A). Motions to quash are "entrusted to the sound discretion of the district court." *In re Fitch Inc.*, 330 F.3d 104, 108 (2d Cir. 2003). "Where a movant claims a privacy interest in information subject to a subpoena and the movant has standing, the next inquiry requires weighing the relevance or probative value of the documents being sought against the privacy interests asserted." *Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*, 2023 WL 163256, at *2 (S.D.N.Y. Jan. 12, 2023) (citations and quotation marks omitted).

"In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975); *accord City of Almaty, Kazakhstan v. Ablyazov*, 2020 WL 1130670, at *1 (S.D.N.Y. Mar. 9, 2020) ("As a general matter, only recipients of a subpoena have standing to seek a protective order quashing or modifying the subpoena."). Notwithstanding this rule, one has standing to quash a subpoena if the individual or entity "is seeking to protect a personal privilege or right." *Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004). After all, Rule 45 contemplates quashing or modifying a subpoena to protect "privileged or other protected matter," regardless of the recipient of the subpoena. Fed. R. Civ.P. 45(d)(3)(A)(iii).

Thus, whether a party "has standing to quash a subpoena served on a[] non-party depends on the nature of the information sought." *First Indem. of Am. Ins. Co. v. Shinas*, 2005 WL 3535069, at *3 (S.D.N.Y. Dec. 23, 2005). As is pertinent here, "it is well-established" that an individual or entity with a "real interest" in documents sought by a subpoena "has standing to raise objections to their production." *Solow v. Conseco, Inc.*, 2008 WL 190340, at *3 (S.D.N.Y. Jan. 18, 2008); *accord Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, 2014 WL 5420225, at *5 (S.D.N.Y. Oct. 24, 2014).

"Accordingly, courts in this Circuit have found that individuals whose banking records are subpoenaed have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution." *Silverstone*, 2023 WL 163256, at *1 (collecting cases, cleaned up). "Courts have also afforded the same protection to corporations." *Id*. (collecting cases, cleaned up).

In applying these protections, courts have often quashed or modified broad subpoenas for bank records when there was no showing of relevance to the instant action, or the subpoena was unreasonably overbroad. For instance, a subpoena for banking records that bore "no relation" to the underlying subject matter of the suit was improper. *Silverstone*, 2023 WL 163256, at *3. Indeed, courts often view broad bank record subpoenas with suspicion and have quashed them as "nothing more than a fishing expedition," when they bore no obvious relation to the underlying claim or issues involved in discovery. *See Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002).

In this case, this Court has already established clear limits on discovery pending briefing on a motion to dismiss for lack of personal jurisdiction. Such discovery must be limited to issue directly involving the defendants' contacts with this forum. Indeed, this Court denied "Plaintiff's request to conduct parallel discovery on issues related to the underlying motion for a preliminary injunction." Minute Order. Yet the Government has issued a subpoena, with a mere 14 days for compliance, demanding all of the records in JP Morgan Chase's possession related to any financial transaction, or application, for any open accounts since May 4, 2020, and any closed accounts ever held by the defendants. Attachment A. There is no attempt whatsoever to limit the subpoena to jurisdictional issues, much less respect any privacy interests of defendants or their customers. The subpoena even demands information about "background investigations," "Know Your Customer

4

and Enhanced Due Diligence documents," "letters of credit and all related documents," and even "emails or other correspondence" between the defendants and the bank. Attachment A. This tremendous amount of information undoubtedly contains sensitive and potentially privileged information about the defendants, even though it is irrelevant to the jurisdictional question at issue in this case. The subpoena is "nothing more than a fishing expedition," which should be quashed. *See Catskill Dev., L.L.C.*, 206 F.R.D. at 93.

The customer information is also extremely sensitive. The government has alleged (incorrectly), that the defendants have sold devices that are properly classified as prohibited "machineguns." *See* ECF No. 1 at ¶ 42 (relying on "[i]mplementing regulation[], 27 C.F.R. § 479.11" to classify the defendants' device as a machinegun). But if that's the case, then each customer faces potential criminal investigation or even prosecution for purchasing such a device. *See* 18 U.S.C. § 922(o). While any such prosecution would be doomed because these devices are *not* machineguns, it is clear that the subpoena would open the defendants' customer base to harassment by members of law enforcement. In fact, the Fifth Circuit recently voided the very regulation the government relies on here, because it wrongly extends the definition of a machinegun to devices like those sold by the defendants. *See Cargill v. Garland*, 57 F.4th 447, 2023 WL 119435, at *2 (5th Cir. 2023) (*en banc*). The government's actions in this case show it is willing to disregard that decision, however, by filing suit outside of the Fifth Circuit. The defendant's customer base may well face similar harassment. Such interests strongly counsel for the subpoena to be quashed.

## CONCLUSION

This Court should quash or modify the government's subpoena to non-party JP Morgan Chase.

Respectfully submitted this 9th day of February 2023.

   s/ Jonathan M. Houghton
JONATHAN M. HOUGHTON
E.D. N.Y. ID No. JH 5334
N.Y Bar No. 2955326
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
JHoughton@pacificlegal.org

CALEB R. KRUCKENBERG*
D.C. No. 1617890
STEVEN M. SIMPSON*
D.C. Bar No. 462553
Pacific Legal Foundation
3100 Clarendon Blvd.
Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881
Facsimile: (916) 419-7747
CKruckenberg@pacificlegal.org
SSimpson@pacificlegal.org

*Attorneys for Defendants*

**Pro Hac Vice Pending*

**AFFIRMATION OF SERVICE**

I, Jonathan M. Houghton, declare under penalty of perjury that I filed the foregoing with the Clerk of the Court of the Eastern District of New York though the CM/ECF system, which will serve notice of said filing on all counsel of record.

 s/ Jonathan M. Houghton  
JONATHAN M. HOUGHTON
