

U.S. Department of Justice

United States Attorney
Eastern District of New York

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 7, 2023

**By ECF**
Honorable Nina R. Morrison
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *United States v. Rare Breed Triggers, LLC, et al.*,
     <u>No. 23-cv-369 (Morrison, J.) (Levy, M.J.)</u>

Dear Judge Morrison:

  Plaintiff United States respectfully requests that the Court grant the United States' renewed motion to conduct expedited merits discovery on issues related to the United States' motion for preliminary injunction.

**I. Relevant Procedural Background**

  On January 19, 2023, the United States filed this action against Defendants Rare Breed Triggers, LLC (RBT), Rare Breed Firearms, LLC (RBF), Lawrence DeMonico, and Kevin Maxwell seeking equitable relief pursuant to 18 U.S.C. § 1345 because, in short, Defendants illegally sell machinegun conversion devices deemed to be machineguns under the law. *See* Dkt. No. 1. In its claims for equitable relief in its motion for preliminary injunction, the United States specifically seeks, *inter alia*, to require that Defendants assist in identifying, locating, and recovering all FRT-15s and Wide Open Triggers (WOTs) that have not yet been recovered; pay restitution to any person who purchased an FRT-15 or WOT; and pay for an accounting by an independent entity concerning Defendants' manufacture and/or sale of illegal products and/or their components to assist in determining the amount of unpaid taxes owed to the Government. *See* Dkt. No. 1.

  Following an *ex parte* hearing, the Court granted the Government a temporary restraining order (TRO) on January 25, 2023, *see* Dkt No. 11, which was extended by consent through April 30, 2023. During a February 3, 2023 conference, Defendants stated that they dispute personal jurisdiction. In the Minute Entry and Order that followed the conference, the Court stated denied the Government's request to begin merits discovery, without prejudice. The Court did suggest, during the conference itself, that it would "defer discovery on anything not related to jurisdiction until [Defendants] at least fully briefed [their] jurisdictional motion." *See* February 3, 2023 Transcript at 19.

On February 9, 2023,[1] the United States served separate sets of document requests on Defendants RBT and RBF, related to the issue of personal jurisdiction. On February 16, 2023, Defendants filed their motion to dismiss for lack of personal jurisdiction (Defendants' motion). *See* Dkt. No. 23. On February 20, 2023, Defendants RBT and RBF responded, in part, to the United States' First Set of Discovery Requests; Defendants objected to multiple requests on the grounds that they exceed the scope of the limited jurisdictional discovery permitted by the Court, Defendants produced a total of 46 pages in response to the United States' document demands to date and have not yet supplemented their production. On February 23, 2023, the United States filed its opposition to Defendants' motion to dismiss. *See* Dkt. No. 24. On March 2, 2023, Defendants filed their reply. *See* Dkt. No. 29. The Court has scheduled a preliminary injunction hearing for April 26, 2023. *See* February 3, 2023 Order.

## II. The United States' Proposed Merits Discovery

As Defendants' Motion is fully briefed, and consistent with the discussion with the Court at the February 3, 2023 conference, the United States respectfully requests that that the Court now permit the United States to conduct merits discovery on issues related to the United States' motion for preliminary injunction. Defendants oppose the United States' request to conduct additional discovery.

Defendants have not formally sought a stay of discovery, but previously based their request for limited jurisdictional discovery entirely on their motion to dismiss. However, "[t]he pendency of a dispositive motion is not, in itself, an automatic ground for a stay." *Morien v. Munich Reinsurance Am., Inc.*, 270 F.R.D. 65, 67 (D. Conn. 2010) (denying motion to stay discovery) (citations omitted). Rather, "[d]iscovery should be stayed [] only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive." *Hachette Distribution, Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991). "The party seeking a stay of discovery bears the burden of showing good cause." *Morien*, 270 F.R.D. at 67 (citations omitted). "In determining whether good cause exists, courts consider: whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious; the breadth of discovery and the burden of responding to it, and the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted).

Precluding merits discovery at this time is deeply prejudicial to the United States. The TRO temporarily restrains Defendants from, *inter alia*, engaging in any sales of the FRT-15, the WOTs, forced reset triggers, and other machinegun conversion devices until and unless otherwise ordered by the Court. Dkt. No. 11. The TRO, however, does not address the tens of thousands of forced reset triggers currently in the public domain, presenting a continuing threat to public safety. When an FRT-15 or WOT is fitted into a firearm, the firearm will fire multiple rounds—without manual reloading—automatically by a single function of the trigger. Such a converted firearm can have a rate of fire that meets or exceeds an originally manufactured military specification M-16-

---

[1] As the Court is aware, on February 8, 2023, as part of the limited discovery related to the motion to dismiss, the United States subpoenaed records from a JPMorgan Chase account in New York. *See* Dkt. Nos. 17-18. Pursuant to the resolution of Defendants' motion to quash that subpoena, JPMorgan Chase provided responsive documents, with the exception of documents relating to its emails, faxes, or other communications with Defendants, and with the exception of due diligence documents.

type machinegun, which can have a rate of fire ranging from 700 to 970 rounds per minute depending on the configuration. As part of the relief sought in its motion for preliminary injunction, the United States intends to require that Defendants assist in identifying, locating, and recovering all FRT-15s and WOTs not yet recovered that are currently in the marketplace. Preventing the United States from engaging in any discovery as to where these FRT-15s or WOTs have been sold prejudices the United States' ability to present evidence at the April 26, 2023 hearing in connection with its proposed injunctive relief. Significantly, it also risks dire consequences to the public at large due to the many thousands of machineguns already sold by Defendants that remain on the streets.

Moreover, the burdens of Defendants' responding to discovery should be minimal. Per the TRO, Defendants are "required to preserve all documents related to the manufacture, possession, receipt, transfer, customer base, and/or historical or current sale of the FRT-15s, [WOTs], forced reset triggers, and/or machinegun conversion devices." Dkt. No. 11. Defendants, therefore, cannot argue that producing documents and information already preserved and in their possession presents an undue hardship for Defendants. And, for the reasons for the reasons set forth in the United States' opposition (Dkt. No. 24), the United States has made a strong showing that Defendants' Motion is without merit and should be denied.

Additionally, should the Court permit merits discovery to commence, the United States intends to require that such discovery be expedited. Fed. R. Civ. P. 26(d) allows for expedited discovery, and an Advisory Committee comment to that Rule notes that expedited discovery "will be appropriate in some cases, such as those involving requests for a preliminary injunction." Advisory Comm. Note to Fed. R. Civ. P. 26(d); *see Sec. & Exch. Comm'n v. PlexCorps*, No. 17-CV-7007 (Amon, J.), 2018 WL 4299983, at *1 (E.D.N.Y. Aug. 9, 2018) (granting the SEC's motion for a temporary restraining order "freezing Defendants' assets and prohibiting them from destroying relevant documents [and] authoriz[ing] expedited discovery" where the SEC alleged defendants unlawfully participated in a fraudulent fundraising scheme); *see also United States v. Erie Cnty., NY*, No. 09-CV-849S, 2010 WL 11578742, at *4 (W.D.N.Y. Mar. 6, 2010) (granting the United States' motion for expedited discovery in contemplation of the government's application for a preliminary injunction where the United States alleged that that a New York State prison violated federal law by failing to protect inmates from serious harm including suicide). Moreover, Fed. R. Civ. P. 30(a)(2)(A)(iii) provides that the Court may grant leave to take depositions "before the time specified" in the discovery rules, and Rule 34(b)(2)(A) provides that "[a] shorter or longer time may be . . . ordered by the court" for the production of documents than the rules would otherwise allow.

So that the Court has before it the most complete record possible, the United States asks that it be granted leave to immediately serve merits discovery on Defendants and certain non-parties (including manufacturers and sellers of the FRT-15 and the WOTs), with responses to document demands and interrogatories due by April 3, 2023. This will allow the Defendants and non-parties to gather materials in response to the requests now. Were the commencement of discovery to wait until the Court's ruling on the pending motion to dismiss, the discovery prior to a hearing on the United States' request for preliminary injunction could become even more compressed.

Accordingly, the United States respectfully requests that the Court grant the United States' renewed motion to conduct expedited merits discovery on issues related to the United States' motion for preliminary injunction. The United States thanks the Court for its consideration of this matter.

Respectfully submitted,

BREON PEACE
United States Attorney

By:     /s/
Michael S. Blume
Joseph Marutollo
Paulina Stamatelos
Assistant U.S. Attorneys
(718) 254-6479 / 6288 / 6198
Michael.Blume@usdoj.gov
Joseph.Marutollo@usdoj.gov
Pauline.Stamatelos@usdoj.gov

cc:     All Counsel of Record (By ECF)