

March 8, 2023

**By ECF**
Honorable Nina R. Morrison
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *United States v. Rare Breed Triggers, LLC, et al.*, No. 23-cv-369 (Morrison, J.) (Levy, M.J.)

Dear Judge Morrison:

      Defendants write in response to the Government's letter motion for leave to conduct expedited merits discovery in support of its motion for preliminary injunction (ECF No. 30). That motion should be denied, most fundamentally, because the discovery sought is not relevant to the questions this Court will decide in resolving the Government's motion for preliminary injunction. The Government seeks information that goes, not to whether it is entitled to a preliminary injunction, but to the "relief sought" in its motion. Gov't Ltr. Brief at 3. Namely, the Government seeks discovery concerning the individuals to whom Defendant RBT sold its triggers so the Government can begin locating and recovering those triggers. *Id*. But the Government will only be entitled to do so if it prevails on the motion for preliminary injunction. The Government's motion for leave to conduct discovery thus puts the cart before the horse—indeed, before two horses, as the Defendant's have moved to dismiss the case for lack of personal jurisdiction. Accordingly, as the Government's request is premature and in no way related to any issue currently before the Court, the motion to conduct discovery should be denied.

      To be discoverable, information must be relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). That standard applies to discovery at any point during a lawsuit. But no party is automatically entitled to expedited discovery in connection with a motion for preliminary injunction. *See id*., 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or by court order."). Rather, to obtain expedited discovery, a party must not only show relevance, but also that its request is reasonable under the circumstances. *Schneiderman v. Griepp*, No. 17-CV-3706, 2017 WL 3129764, at *1 (E.D.N.Y. July 20, 2017). Typically, that requires a party to show that the discovery sought is necessary and narrowly tailored to the issues presented by the motion. *See id*. at *2 (allowing defendant only limited

discovery that was necessary for it to oppose plaintiff's motion for preliminary injunction); *United States v. Erie Cnty., NY*, No. 09-CV-849S, 2010 WL 11578742, at *4 (W.D.N.Y. Mar. 6, 2010) (permitting expedited discovery because it was "narrowly tailored and reasonable").

This Court has proceeded according to these principles in the instant case—for example, by limiting the Government's request for discovery only to that which is relevant to personal jurisdiction. As a result, the Government's claim that it is entitled to conduct merits discovery now because Defendants have not sought, nor would be entitled to, a stay of discovery gets the process backwards. *See* Gov't Ltr Brief at 2. It is the Government's burden to show an entitlement to discovery now, not Defendant's burden to show why such discovery should be "stayed" or otherwise disallowed. Indeed, if it were otherwise, the Government would not have filed the instant motion.

The Government cannot carry its burden because the discovery it seeks is irrelevant and its request is unreasonable. The primary legal questions the Government's motion for preliminary injunction presents are whether the Defendants' triggers are, in fact, illegal machine gun parts and whether Defendants defrauded customers by telling them otherwise. Yet the discovery the Government now seeks does not concern whether Defendants have violated the law, but what relief the Government is entitled to if the Government prevails. As the Government admits, it seeks to know "where [Defendants'] FRT-15s or WOT's have been sold" "[a]s part of the relief sought in its motion for preliminary injunction." *Id*. And, indeed, in its motion for TRO, the Government requested that, in addition to an injunction preventing the sale of FRT-15s, the Court "require that Defendants assist in identifying, locating, and recovering all FRT-15s and Wide Open Triggers that have not yet been recovered." Motion for Temporary Restraining Order (ECF No. 5) at 37.

In short, the Government is not now seeking discovery that is relevant to whether it is entitled to a preliminary injunction. No one disputes that Defendants sold their triggers to customers in various states. It is therefore not relevant for the Government or the Court to know *to whom* Defendants sold the triggers. That information is only relevant to the Government's effort to compel Defendants to help it locate and recover the triggers. But the Government is only entitled to that relief *if* it prevails on its motion for preliminary injunction. The Government is not just seeking irrelevant information. It is attempting to use discovery to obtain part of the relief it is asking the Court to grant in the preliminary injunction motion.

There is nothing narrow or targeted about such discovery. Indeed, it is not even clear if the Government is only seeking information concerning where the triggers were sold, as it implies that it intends to conduct depositions and serve extensive document requests as well. *See* Gov't Letter Br. at 3. And the Government's request is doubly premature, because the Defendants have moved to dismiss for lack of personal jurisdiction.

The Government's request is unreasonable for yet another reason. It seeks to drag into this proceeding—indeed, harass—purchasers of Defendants triggers prior to a ruling that the triggers are illegal. As Defendants argued in their motion to quash, revealing Defendants' customers presents serious privacy concerns. *See* ECF No. 17 at 3, 5 (citing *Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*, 2023 WL 163256, at *2 (S.D.N.Y. Jan. 12, 2023) (stating that "[c]ourts in this Circuit 'have found that individuals[ ] whose banking records are subpoenaed[ ] have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution'"). (citations omitted)). That the Government believes Defendants' triggers are illegal does not make it so. Nor does the Government's repeated criticism of *Cargill v. Garland*, 57 F.4th 447, 2023 WL 119435, at *2 (5th Cir. 2023) (*en banc*), make the case irrelevant to this action. *Cargill*, and the many dissents from other decisions on point, *see* Def's Mot. to Dis. (ECF No. 23) at 8, n.3, make clear, at the very least, that the question at the heart of this case is a close one indeed.

Accordingly, this Court should deny the Government's motion to conduct expedited merits discovery.

Respectfully submitted,

s/ *Jonathan M. Houghton*
JONATHAN M. HOUGHTON
E.D. N.Y. ID No. JH 5334
N.Y Bar No. 2955326
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 1000
Arlington, VA  22201
Telephone:  (916) 419-7111
Facsimile:  (916) 419-7747
JHoughton@pacificlegal.org

CALEB KRUCKENBERG*
D.C. No. 1617890
STEVEN M. SIMPSON**
D.C. Bar No. 462553
Pacific Legal Foundation
3100 Clarendon Blvd.
Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881

Facsimile: (916) 419-7747
CKruckenberg@pacificlegal.org
SSimpson@pacificlegal.org

*Attorneys for Defendants*

*\*Admitted Pro Hac Vice*
*\*\*Pro Hac Vice to be filed*

cc: All Counsel of Record (By ECF)