UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,                      ORDER TO SHOW CAUSE
                                                                                                            23-cv-369 (NRM) (RML)

        -against-

RARE BREED TRIGGERS, LLC; RARE
BREED FIREARMS, LLC; LAWRENCE
DEMONICO; and KEVIN MAXWELL,

                Defendants.
----------------------------------------------------------x

NINA R. MORRISON, United States District Judge:

      The Court may be inclined to *sua sponte* transfer in this action to a different forum. *See Bank of America, N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426 (S.D.N.Y. 2013) (noting that a district court "may transfer a case *sua sponte* even if the defendant moves only to dismiss"); *Centro v. Pearl Arts & Craft Supply Inc.*, No. 03-cv-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("The power of district courts to transfer cases under Section 1404(a) *sua sponte* . . . is well established." (collecting cases)). If the Court does transfer venue in this action, it may exercise its discretion to do so without first deciding the question of whether personal jurisdiction exists over the Defendants in New York. *See Fort Knox Music Inc. v. Baptiste,* 257 F.3d 108, 112 (2d Cir. 2001) ("The district court has th[e] power to transfer venue even if it lacks personal jurisdiction over the defendants."); *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 741 (S.D.N.Y. 2013) ("Where personal jurisdiction would likely exist in the

1

transferee district over a defendant who contests personal jurisdiction in [the transferor district], it is 'prudentially appropriate to address venue first since a decision to transfer would render personal jurisdiction analysis with respect to [the transferor district] irrelevant.'" (quoting *Basile v. Walt Disney Co.*, 717 F. Supp. 2d 381, 385 (S.D.N.Y. 2010)).  Indeed, even if the Court concludes that it has personal jurisdiction over this action, transferring venue in a case such as this one may be the most efficient outcome for both the parties and the judiciary.  *Cf. Everlast*, 928 F. Supp. 2d at 741 (concluding that transferring venue rather than addressing personal jurisdiction "is sensible where the question of whether there is personal jurisdiction over a defendant is close and likely to yield further litigation.").

Further, "[t]he language of the [transfer] statute is broad enough that a district court can order transfer on its own initiative.  The court considering this course, however, should make that possibility known to the parties so they may present their views about the desirability of transfer and the possible transferee court."  15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3844 (4th ed. 2022).  Following oral argument on Defendants' motion to dismiss, it appears that there are numerous federal districts throughout the United States in which Defendants have already conceded that there is no dispute as to personal jurisdiction, and in which venue would also be appropriate.

The parties shall therefore proceed as follows.  Each party shall, on or before March 29, 2023, file a letter brief showing cause why this action should not be transferred to a different district.  In the same letter, the parties shall recommend

the district(s) to which this action should be transferred, if the court elects to transfer it, and explain why the named district(s) are proper under the non-exclusive factors set forth in the relevant case law.  On or before April 1, 2023, each party may file a letter brief opposing or otherwise responding to the other party's submission.  If at any point the parties agree on a district to which the Court should transfer this action, they shall file a joint letter identifying the transferee district to which they have consented and explain why the district is proper under the relevant case law.  *See* 28 U.S.C. § 1404(a) (permitting, in some circumstances, transfer to "any district . . . to which all parties have consented").

In ordering this supplemental briefing, the Court states no opinion as to whether or not personal jurisdiction exists over the Defendants in New York.  Defendants' motion to dismiss for lack of personal jurisdiction remains pending and under consideration.

*/s/ NRM*
NINA R. MORRISON
United States District Judge

Dated: March 22, 2023
      Brooklyn, New York

3