

March 29, 2023

**By ECF**
Honorable Nina R. Morrison
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:     *United States v. Rare Breed Triggers, LLC, et al.*, No. 23-cv-369 (Morrison, J.)
                (Levy, M.J.)

Dear Judge Morrison:

       Defendants write in response to this Court's *sua sponte* Order to Show Cause (ECF No. 36). For the reasons that follow, Defendants respectfully request that this matter be transferred to the U.S. District Court for the Western District of Texas.

       For cases premised on federal question jurisdiction, 28 U.S.C. § 1391(b) establishes the proper venue among the U.S. district courts. Generally, the proper venue is either in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)-(2).

       Even if venue is statutorily permissible in the instant district, a district court may order a transfer of venue pursuant to 28 U.S.C. § 1404. It may do so "[f]or the convenience of parties and witnesses, in the interest of justice. 28 U.S.C. § 1404(a).

       "When considering whether the discretion to transfer should be exercised, the court considers first whether venue is proper in the proposed transferee district." *Calabrese v. Teoco Corp.*, 637 F.Supp.2d 160, 163 (S.D.N.Y. 2009). If so, then it considers a number of equitable factors. *Id.* "Factors to consider in determining whether transfer of venue is warranted include: (1) convenience of the witnesses; (2) convenience of the parties; (3) locus of operative facts; (4) availability of process to compel the attendance of unwilling witnesses; (5) location of relevant documents and other sources of proof; (6) relative means of the parties; (7) relative familiarity of the forum with the governing law; (8) weight accorded to plaintiff's choice of forum and, (9) the interests of justice." *Id.* (collecting cases).

Honorable Nina R. Morrison
March 29, 2023
Page 2

Defendants have objected to this Court's exercise of jurisdiction over them, and request that this matter be dismissed entirely (ECF No. 23). However, to the extent that a transfer may be appropriate, Defendants request transfer to the U.S. District Court for the Western District of Texas. Alternatively, Defendants agree that the U.S. District Court for the District of North Dakota or U.S. District Court for the Middle District of Florida would be appropriate venues. Each of these districts has jurisdiction over the defendants, would be a convenient forum for witnesses and the parties and would serve the interests of justice.

First, each of these jurisdictions would be statutorily proper. The United States' case is premised on Defendants' allegedly unlawful actions concerning the sale of trigger devices. Defendant Rare Breed Triggers, LLC, is a North Dakota limited liability company, which was originally established in Orlando, Florida. *See* Attachment A at ¶ 3. RBT's operations throughout the relevant period alleged in the complaint have been in Florida, North Dakota and Texas. *See id.* at ¶¶ 8-11. Indeed, RBT originally maintained its operations in Orlando, relocated them to North Dakota, and, currently, operates out of Austin, Texas. Notably, during the period alleged in the complaint, RBT kept its stock in North Dakota, but ran its operations from Texas, including its e-commerce website, and even printed shipping labels from its Texas location. *Id.* at ¶¶ 9-11.

Defendant Lawrence DeMonico is the President of RBT and resides in Austin, Texas. *Id.* at ¶ 1. Mr. DeMonico runs the day-to-day operations of RBT and is responsible for coordinating all aspects of its sales, such as maintaining supply, overseeing distribution, and managing accounts. *Id.* at ¶ 5. Mr. DeMonico played that same role during the time alleged in the complaint. *Id.* at ¶ 6.

Defendant Kevin Maxwell is the owner of RBT and resides in Orlando, Florida. *Id.* at ¶ 12. Mr. Maxwell does not manage the daily affairs of RBT. *Id.* at ¶ 13.

Defendant Rare Breed Firearms, LLC, is a Texas limited liability company that operates in Texas. As Defendants have argued elsewhere, it has no connection to the sales at issue in this case. Nevertheless, it remains a defendant in this matter.

Because the defendants reside in different states, the proper forum under 28 U.S.C. § 1391(b)(2) is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" That would be where RBT is located and operates. During the relevant period alleged in the complaint, that was primarily the Western District of Texas. It is also where Mr. DeMonico conducted all of the relevant activities alleged in the complaint. Further, RBF has *only* operated in Texas during that period. To a lesser extent, Defendant RBT has operated in both the District of North Dakota and the Middle District of Florida, and those venues would be permissible. However, given the residence and place of actions taken by Mr. DeMonico and RBF, those latter venues are less appropriate.

Honorable Nina R. Morrison
March 29, 2023
Page 3

Applying the equitable factors, the Western District of Texas is the most appropriate forum for this matter. The convenience of the parties, locus of operative facts and location of evidence all support venue in Texas. This case is about, fundamentally, RBT's sales of its triggers. RBT's operations are in Texas, and all of Mr. DeMonico's action occurred there. *See* Attachment A at ¶¶ 5, 7, 9-11. RBT keeps its records there, maintains its website there, creates its promotional content there. *Id.* Indeed, while RBT has previously operated in Florida and North Dakota, it has since relocated to Texas, and brought its products and records with it. The most relevant witness for its operations, moreover, Mr. DeMonico, resides in Texas where he runs the business.

To be sure, some witnesses reside in Florida, and some evidence may be located there. But *none* is found in New York. Thus, while there may, necessarily, be some inconvenience to transfer to Texas, it pales in comparison to the inconvenience associated with litigation in the present forum.

The relative means of the parties also counsels for transfer to Texas. RBT has been temporarily restrained by this Court from its primary line of business since January 26, 2023. It has not generated any significant income since. Being forced to litigate this matter in a distant forum presents significant costs for the defendants and their counsel. But the plaintiff, the United States of America, can hardly claim hardship by litigating in a different district where it maintains offices, staff, and regularly litigates.

The plaintiff's choice of forum should be afforded little weight. The Government's arguments tying Defendants to this jurisdiction are reed-thin, and even when pressed it has failed to articulate an explanation for its choice beyond a general concern over gun violence. Of course, selling after-market accessories is hardly related to the prevalence of gun crimes in New York using unrelated firearms. But even if that was a valid interest, the Government can assert it where RBT operates, and there is no reason to defer to the Government's choice of this forumforu.[1] *See United States v. Stamps*, No. 18-CV-1106 (BMC), 2018 WL 6031155, at *2 (E.D.N.Y. Nov. 16, 2018) ("The Court agrees that the Government is no more a resident of New York than it is of Arizona, and so its choice of forum is not entitled to the additional deference that a resident plaintiff's choice of forum would receive under Second Circuit precedent.").

---

[1] The forum's familiarity with the governing law applies primarily when dealing with diversity cases or when otherwise applying local law. This case, however, deals with federal questions that the district court in Texas is eminently capable of resolving. *See In re Collins & Aikman Corp. Sec. Litig.*, 438 F.Supp.2d 392, 398 (S.D.N.Y. 2006) ("As for familiarity with governing law, courts in the Southern District of New York and the Eastern District of Michigan are equally capable of applying the federal securities laws.") (collecting cases).

Honorable Nina R. Morrison
March 29, 2023
Page 4

In the end, the interests of justice counsel for transfer to the Western District of Texas. It is the most obvious and appropriate forum to resolve the Government's claims concerning RBT's operations. To the extent that transfer is appropriate, Defendants request that this case be sent to that forum.

Finally, should this Court order a transfer of venue instead of dismissing this matter, Defendants also request that this Court simultaneously vacate the existing temporary restraining order. Defendants have consented to the extension of the TRO so that this Court can resolve the jurisdictional dispute in an orderly manner. However, because a transfer effectively resolves the jurisdictional issue without mandating immediate dismissal, Defendants request that the TRO be dissolved immediately if transfer is ordered.

Respectfully submitted,

*/s/Caleb Kruckenberg*
CALEB KRUCKENBERG*
D.C. No. 1617890
STEVEN M. SIMPSON*
D.C. Bar No. 462553
Pacific Legal Foundation
3100 Clarendon Blvd.
Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881
Facsimile: (916) 419-7747
CKruckenberg@pacificlegal.org
SSimpson@pacificlegal.org

JONATHAN M. HOUGHTON
E.D. N.Y. ID No. JH 5334
N.Y. Bar No. 2955326
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
JHoughton@pacificlegal.org

*Attorneys for Defendants*
*\*Admitted Pro Hac Vice*

cc: All Counsel of Record (By ECF)