

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007-2601

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

(212) 356-0800
FAX: (212) 356-0809
shradix@law.nyc.gov

April 6, 2023

The Honorable Nina R. Morrison
United States District Court for the Eastern
 District of New York
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

                     Re: *United States v. Rare Breed Triggers, LLC*, et al., No. 23 Civ. 369
                      (NRM) (RML)

Dear Judge Morrison,

       The City of New York ("City") respectfully submits this letter in support and explanation of the City's strong interest in having the captioned case heard in the Eastern District of New York.

       The State of New York has already set forth in admirable fashion the State's strong interest having this case heard where originally venued. *See Dkt. No.* 41. The City stands entirely with the State's reasoning, and adds that there is by now significant precedent bearing on this Court's adjudication of the right of City residents and the City itself to the protection of the federal statutes and state laws that guard against the illegal proliferation of dangerous firearms. *See, e.g., City of N.Y. v. Bob Moates' Sport Shop, Inc.*, 253 F.R.D. 237 (E.D.N.Y. 2008); *City of N.Y. v. A-1 Jewelry & Pawn, Inc.*, 247 F.R.D. 296 (E.D.N.Y. 2007); *City of N.Y. v. Beretta U.S.A. Corp.*, 312 F. Supp. 2d 411 (E.D.N.Y. 2004); *NAACP v. Acusport Corp.*, 210 F.R.D. 446 (E.D.N.Y. 2002). These cases, and others, demonstrate the strong commitment in this jurisdiction to address the very matters at issue in this case.

       With respect to the matter of venue at issue, the City respectfully directs the Court's attention to the venerable decision in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). In concluding that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed," the Supreme Court opined that "[f]actors of public interest also have place in applying the doctrine [of *forum non conveniens*] … In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only." *Id.* at 508-09.

In sum, the City joins in the view of the State of New York as well as that of the United States that this case should be heard in this district.

Thank you for your attention to this matter.

Respectfully submitted,

*[signature]*

Honorable Sylvia O. Hinds-Radix