

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 2, 2023

**By ECF**

Honorable Nina R. Morrison
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *United States v. Rare Breed Triggers, LLC, et al.*,
             No. 23-cv-369 (Morrison, J.) (Levy, M.J.)

Dear Judge Morrison:

      Pursuant to the Court's scheduling order this morning, the United States respectfully submits this response to Defendants' May 1, 2023 motion to withdraw as counsel. *See* Dkt. 51. As discussed further below, should the Court grant the Defendants' counsel's request to withdraw, the United States respectfully requests that: (1) the four named Defendants—Rare Breed Triggers, LLC, Rare Breed Firearms, LLC, Lawrence DeMonico, and Kevin Maxwell (collectively, the "Named Defendants")—be given two weeks to obtain new counsel; (2) Defendants be ordered to produce their outstanding discovery responses to the United States by no later than their agreed-upon—and previously-extended—deadline of May 3, 2023; (3) third-party discovery continue unabated; and (4) all deadlines be extended by two weeks, with the preliminary injunction hearing to be re-scheduled to a date convenient for the Court and the Named Defendants' new attorneys in mid-July.

      By way of background, in their May 1, 2023 motion, Defendants' counsel state that they must move to withdraw because they submit that they have "an irreconcilable conflict concerning this litigation to such an extent that counsel can no longer represent Defendants in this matter." Dkt. No. 51 at 1. Defendants' counsel adds that, "if the Court seeks additional information concerning this request, counsel requests the opportunity to present information *in camera* in a sealed proceeding." *Id.* Defendants' counsel also note that the Named Defendants "request that this Court hold this matter in abeyance for 60 days, including all deadlines associated with the pending proceeding, while [the Named] Defendants secure replacement counsel." *Id.* The Named Defendants "consent to an extension of the existing temporary restraining order as is necessary to provide them with such a 60-day stay of the proceedings." *Id.*

      Without knowing more about the purported irreconcilable conflict between the Named Defendants and their attorneys, the United States takes no position with respect to Defendants' counsel's motion to withdraw from this matter. The United States, however, objects to a 60-day stay of the proceedings—and a concomitant 60-day extension of all pending deadlines.

As an initial matter, the Named Defendants provide no reason why they need *two months* to obtain new counsel. *See Furlow v. City of New York*, No. 90 CIV. 3956 (PKL), 1993 WL 88260, at *2 (S.D.N.Y. Mar. 22, 1993) (directing plaintiff, who claimed that his attorneys were engaged in "hanky-panky," to "advise the Court within thirty days whether he intends to retain new counsel or will proceed *pro se*."). Indeed, the Named Defendants obtained their current counsel— experienced attorneys at a leading nonprofit legal organization—*less than a week* after the Complaint was unsealed and served. *See* Dkt. Nos. 14, 15. Those attorneys quickly came up to speed on the case and litigated this matter. The Named Defendants have the added benefit of not needing to hire attorneys who must hurriedly respond to the United States' pending motion for a preliminary injunction, as Defendants' counsel filed Defendants' opposition brief this past Friday. *See* Dkt. No. 51.

Moreover, a 60-day stay—and the concomitant extensions—would deeply prejudice the United States. Defendants currently face a number of outstanding discovery requests from the United States. Prior to Monday's filing, the United States consented to Defendants' request for an extension—until tomorrow, Wednesday, May 3—to serve their responses to the United States' outstanding discovery requests. Absent a court order, it is unlikely that Defendants' discovery responses will be produced tomorrow, especially if, based on Defendants' counsel submission regarding "irreconcilable conflict," the Named Defendants have taken a position antithetical to their ongoing discovery obligations.[1] The Named Defendants should not be permitted to terminate their relationship with their counsel on the eve of their discovery response deadline to avoid having to produce said discovery in a timely manner.

What is more, the United States is currently engaged in extensive discovery with third parties. After proper service of Fed. R. Civ. P. 45 subpoenas, the United States is currently working to obtain responsive documents from these third parties in an expedited manner. The United States is also in the process of meeting and conferring with multiple parties so as to avoid unnecessary litigation with the Court. Forcing the United States to now tell these third parties to, effectively, stop responding to subpoenas for two months risks confusion at best and the loss of responsive documents at worst. To the extent Defendants have not moved to quash, or otherwise have not opposed any Rule 45 subpoena served by the Government, the United States should be able to continue to negotiate and receive information responsive to these subpoenas. Moreover, the Government should be permitted to continue to serve Rule 45 subpoenas.

Should the Court grant the Defendants' counsel's request to withdraw, the United States respectfully requests that the Named Defendants be given two weeks to find new counsel, that all deadlines be extended for two weeks, and that the preliminary injunction hearing be re-scheduled for a date convenient for the Court and the Named Defendants' new attorneys in mid-July. Indeed, with this case on the precipice of the preliminary injunction hearing, the United States' presentation of its case-in-chief will be significantly disrupted by any additional delays. *Cf. Ortiz v. Eskina 214 Corp.*, No. 21-CV-1537 (ALC) (KHP), 2021 WL 6066314, at *1-2 (S.D.N.Y. Nov. 1, 2021) (providing thirty days for defendants to retain new counsel or risk an adverse judgment where the proceedings were "unlikely to be substantially disrupted and prejudice to Defendants is

---

[1] Defendants also obtained the United States' consent for an extension of the deadline to serve expert disclosures (if any), which are currently due Friday, May 5.

unlikely.") (citations omitted). Further, the United States respectfully requests that the Court order Defendants to produce their responses to the United States' outstanding discovery requests by tomorrow's May 3, 2023 deadline and that third-party discovery continue uninterrupted.

The United States thanks the Court for its consideration of this matter.

                                                                Respectfully submitted,

                                                                 BREON PEACE
                                                                 United States Attorney

By:      /s/
            Michael S. Blume
            Joseph A. Marutollo
            Paulina Stamatelos
            Assistant U.S. Attorneys
            (718) 254-6479 / 6288 / 6198
            Michael.Blume@usdoj.gov
            Joseph.Marutollo@usdoj.gov
            Pauline.Stamatelos@usdoj.gov

cc:      All Counsel of Record (By ECF)