

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 5, 2023

**By ECF**
Honorable Nina R. Morrison
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *United States v. Rare Breed Triggers, LLC, et al.*,
               No. 23-cv-369 (Morrison, J.) (Levy, M.J.)

Dear Judge Morrison:

      The United States respectfully responds to the Court's May 4, 2023 Order regarding "whether it is feasible for an independent office or individual(s) within the Department of Justice to receive materials produced through third-party discovery but refrain from producing them to the Government's lawyers in this case until further Order of the Court, so that Defendants can preserve potential discovery objections for when they retain new counsel, but third-party discovery will not be unduly delayed." Dkt. Minute Entry and Order. The United States outlines its proposal below.

      First, the United States respectfully submits that the Court designate Assistant U.S. Attorney Philip DePaul of the U.S. Attorney's Office for the Eastern District of New York as the individual who will receive materials produced through third-party discovery in this matter, until further court order. Mr. DePaul, an experienced and esteemed AUSA in this Office, has had no involvement in the above-referenced matter to date. *Cf. United States v. Ceglia*, No. 12-CR-876 VSB, 2015 WL 1499194, at *3 (S.D.N.Y. Mar. 30, 2015) (discussing the role of a walled-off AUSA in a privilege dispute).

      Next, should the Court permit Mr. DePaul to be designated to receive materials produced through third-party discovery, the United States will promptly inform the already-subpoenaed entities that they should address their responsive discovery materials to Mr. DePaul's attention at the U.S. Attorney's Office for the Eastern District of New York, at the same Brooklyn address currently listed on the issued subpoenas and discovery requests.

      Upon receipt of materials produced through third-party discovery, Mr. DePaul will not review the materials nor share them with any members of the United States' litigation team in the above-referenced matter. The materials will not be shared with ATF. Instead, for paper documents received by Mr. DePaul via mail that are addressed from one of the entities subpoenaed by the United States in this matter, Mr. DePaul will retain those documents in a "walled-off" office that is not otherwise accessible to the United States' litigation team. For electronic documents received by Mr. DePaul via e-mail or another electronic source that are addressed from one of the entities

subpoenaed by the United States in this matter, Mr. DePaul will work with the Office's information technology team to create an electronic drive to retain the documents. The electronic drive will not be accessible to the United States' litigation team. Regardless of whether the documents are received via paper or via electronic means, Mr. DePaul will not substantively review the materials.

To the extent materials produced through third-party discovery are already en route to this Office via mail and addressed to the attention of the undersigned Assistant United States Attorneys, such materials will, upon receipt, immediately be provided to Mr. DePaul, without any review by the undersigned, for his placement in the walled-off office. Further, while the United States will make every effort to create a wall around these materials per the steps outlined above, to the extent any materials are inadvertently reviewed by the United States' litigation team, the undersigned will alert Defendants and will otherwise take no further action related to the documents.

The United States also respectfully submits that sending materials produced through third-party discovery to an independent government office is neither necessary nor practical. The above-discussed plan will ensure that a wall has been created around these materials. In fact, should another office be asked to participate, the likelihood that a member of another office may inadvertently produce the materials to the undersigned is far greater, particularly if that office's staff is not familiar with the source of the materials being produced.

Notwithstanding the above, upon Defendants' retention of new counsel, the parties will immediately confer to address the status of third-party discovery and will promptly notify the Court of any issues or the resolution thereof.

The United States thanks the Court for its consideration of this matter.

Respectfully submitted,

BREON PEACE
United States Attorney

By:      */s/*
Michael S. Blume
Joseph A. Marutollo
Paulina Stamatelos
Assistant U.S. Attorneys
(718) 254-6479 / 6288 / 6198
Michael.Blume@usdoj.gov
Joseph.Marutollo@usdoj.gov
Pauline.Stamatelos@usdoj.gov

cc:     Kevin Maxwell, via email[1]

---

[1] To date, only Mr. Maxwell has provided an email address to the Court and the United States.