

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York*
*11201*

February 16, 2023

**Via FedEx**

Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092

Re:    **Shipper: Rare Breed Triggers, LLC**<br>**United States of America v. Rare Breed Triggers, LLC, et al.**<br>**Civil Action No. 23-cv-00369 (E.D.N.Y.)**

To Whom It May Concern:

In connection with this litigation, enclosed is subpoena for service upon United Parcel Service ("UPS"), 55 Glenlake Parkway, NE, Atlanta, GA 30328. Please forward the subpoena to the address indicated on the subpoena.

Please advise our office of the date this subpoena was received and forwarded to UPS.  Should you have any questions, please contact Assistant U.S. Attorney Paulina Stamatelos at **(718) 254-6198**.

Thank you for your anticipated cooperation with respect to this matter.

BREON PEACE
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

By:        _____/s/_____
Michael Blume
Joseph Marutollo
Paulina Stamatelos
Assistant United States Attorneys
Eastern District of New York
Tel. (718) 254-6198

Enclosure(s)

*UPS*
*Page 2*


cc:     Caleb Kruckenberg
        Pacific Legal Foundation
        *Attorneys for Defendants*
        3100 Clarendon Blvd., Suite 1000
        Arlington, VA 22201
        jhoughton@pacificlegal.org



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York
11201

<u>**Via Registered Agent CSC**</u>

United Parcel Service
55 Glenlake Parkway, NE
Atlanta, GA 30328

February 16, 2023

> Re:   **Shipper: Rare Breed Triggers, LLC**
> <u>**United States of America v. Rare Breed Triggers, LLC, et al.**</u>
> <u>**Civil Action No. 23-cv-00369 (E.D.N.Y.)**</u>

To Whom It May Concern:

In connection with this litigation, enclosed is a subpoena for you to produce certain records.

Pursuant to the subpoena, the Assistant United States Attorney listed below should receive from you **no later than March 2, 2023**, copies of all documents described in the subpoena. <u>The documents should be accompanied by a properly executed certification certifying that the documents are true and accurate copies of the originals and that all responsive documents have been produced.</u>

Please electronically mail certified copies of the records to the following Assistant United States Attorney:

> PAULINA STAMATELOS
> Assistant United States Attorney
> United States Attorney's Office-E.D.N.Y.
> 271-A Cadman Plaza East, 7th Floor
> Brooklyn, NY 11201
> (718) 254-6198
> pauline.stamatelos@usdoj.gov

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, should there be a fee for copying these records, please include a bill with your production.  The bill must be received by the undersigned no later than 60 days from the receipt of this subpoena and may not cover the cost of any taxes that you may incur.  Additionally, should the cost of producing the records in question exceed **$3,500.00**, please contact either Alberto J. Margolies at (718) 254-7183, or Tristana Pitt, 718 254-6294, prior to incurring the cost.

*UPS*
*Page 2*

       Should you have any questions, please contact Assistant U.S. Attorney Paulina Stamatelos at **(718) 254-6198**.  Thank you for your anticipated cooperation with respect to this matter.

BREON PEACE
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

By:          /s/
                  Michael Blume
                  Joseph Marutollo
                  Paulina Stamatelos
                  Assistant United States Attorneys
                  Eastern District of New York
                  Tel. (718) 254-6198

Enclosure(s)

cc:     Caleb Kruckenberg
        Pacific Legal Foundation
        *Attorneys for Defendants*
        3100 Clarendon Blvd., Suite 1000
        Arlington, VA 22201
        jhoughton@pacificlegal.org

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of New York

| | |
|---|---|
| United States of America | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   23-cv-00369 (NRM) (RML) |
| Rare Breed Triggers, LLC; Rare Breed Firearms, LLC; | ) |
| Lawrence DeMonico; Kevin Maxwell | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: United Parcel Service, Inc.
    55 Glenlake Parkway, NE
    Atlanta, GA 30328

*(Name of person to whom this subpoena is directed)*

    ☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **SEE APPENDIX A.**

| Place: UNITED STATES ATTORNEY'S OFFICE/EDNY<br>271-A Cadman Plaza East-7th Floor<br>Brooklyn, N.Y. 11201, ATTN: AUSA Paulina Stamatelos | Date and Time:<br><br>March 2, 2023 at 10:00 a.m. |
|---|---|

    ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/16/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *[signature]* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendant United States of America          , who issues or requests this subpoena, are:

AUSA Paulina Stamatelos, U.S. Attorney's Office, 271-A Cadman Plaza East, 7th Fl.Brooklyn, N.Y. 11201, (718) 254-6198; pauline.stamatelos@usdoj.gov

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   23-cv-00369 (NRM) (RML)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

*United States v. Rare Breed Triggers, et al.*, 23-CV-369 (NRM) (RML)
**Appendix A for UNITED PARCEL SERVICE, INC. (UPS)**
**Fed. R. Civ. P. 45 Subpoena**

## Definitions for this Fed. R. Civ. P. 45 Subpoena

1.      "You" or "your" shall mean **United Parcel Service, Inc. (UPS)**, and all predecessors, successors, parent organizations, subsidiaries, affiliates, branches, divisions, units or offices of such entity, and any person acting on its behalf, including but not limited to current or former directors, officers, employees, independent contractors, attorneys, consultants, accountants, investigators, representatives or agents.

2.      "Communication" means any transmission or exchange of information between two or more persons orally or in writing and includes, without limitation, any conversation or discussion, whether face-to-face or by means of telephone or other media, whether by chance or design.

3.      "Documentary material," "document," or "documents" shall mean all writings, recordings, papers, tangible things, or electronically produced or stored matters of any kind whatsoever, including but not limited to all originals and non-identical copies or reproductions of all records, paper, communication, tabulation, chart, diaries, appointment books, calendars, schedules, journals, notes, memoranda, reports, minutes, notices, charts, graphs, tables, bulletins, financial statements, balance sheets, asset lists, ledgers, letters, correspondence of any kind, contracts, agreements, negotiable instruments, time records, bills, invoices, pay slips, notepads, notebooks, postcards, telegrams, facsimiles, telexes, films, microfilms, photographs, videotapes, slides, motion pictures, diagrams, models, drawings, recordings, tapes, transcriptions, books, publications, phone records, electronic mail, voice mail, computer files (or any other information or data compilations stored in or accessible through computer or other information retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations), and other things, whether prepared by handwriting, printing, typing, photostating, photographing, electronic recording, or any other means of recording, communication or representation, including letters, words, pictures, sounds or symbols, or combinations thereof; airbills and tracking histories.

4.      "Concerning," "relating to" or "relate" shall mean consisting of, constituting, containing, discussing, describing, referring to, reflecting, supporting, evidencing, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected to the matter discussed.

5.      "And," "or," and "and/or" shall be construed either disjunctively or conjunctively so as to bring within the scope of these document requests any information which might otherwise be construed as outside their scope.

6.      The singular and plurals forms of any word shall be construed interchangeably so as to bring within the scope of these document requests any information which might otherwise be construed as outside their scope.

1

7.      All present tenses of verbs or verb forms shall be considered to include within their meaning the future and past tenses as well, and vice versa.

8.      The words "or" and "and" are inclusive, referring to any one or more of the disjoined words or phrases, and "any" and "all" also include "each" and "every."

9.      The word "any," when used in reference to a particular set of individuals or entities, refers, inclusively, to any one of such individuals or entities, any subset of such individuals or entities, or all such individuals or entities.

## Documentary Material Requested by this Fed. R. Civ. P. 45 Subpoena

1.      For the period May 4, 2020 through the present, all documents concerning shipments made by or on behalf of Rare Breed Triggers, LLC ██████████, including, but not limited to, shipments made using vendor number ████, or from the following addresses: Rare Breed Triggers, LLC, 3523 45th Street South, Suite 100, Fargo, North Dakota, 58104; Rare Breed Triggers, LLC, 733 West Colonial Drive, Orlando, Florida, 32804.

2.      For the period May 4, 2020 through the present, an excel spreadsheet containing all activity in any account maintained with UPS by or on behalf of Rare Breed Triggers, LLC.

3.      For the period May 4, 2020 through the present, all documents concerning shipments made by or on behalf of Rare Breed Triggers LLC, including, but not limited to, documents identifying the contents of the shipments; the dates and times that shipments were processed, accepted and delivered; amount and payment method of shipping costs, including supporting payment documentation; confirmation numbers; complete tracking information; name, address, telephone number and email address of recipients; name and address of return address; pickup or drop off address; and weight.

4.      For the period May 4, 2020 through the present, all contracts and agreements concerning the processing and shipping of items by UPS on behalf of Rare Breed Triggers LLC.

5.      For the period May 4, 2020 through the present, all documents, including, but not limited to, letters, communications, messages, and correspondence between UPS and Rare Breed Triggers LLC.

6.      For the period May 4, 2020 through the present, all documents concerning (a) payment information and (b) account owner(s), manager(s), and/or point(s) of contact related to the management, ownership, or use of account(s) associated with Rare Breed Triggers, LLC.

3

**Specifications for Production of ESI and Digitized ("Scanned") Images
("Production Specifications")**

**Collection of Electronically Stored Information** (ESI)
Careful consideration should be given to the methodology, implementation and documentation of ESI collection to ensure that all responsive data and metadata are preserved in the collection process.

1.    **Specification Modifications**
      Any modifications or deviations from the Production Specifications may be done only with the express permission of the Department of Justice (the "Department"). Any responsive data or documents that exist in locations or native forms not discussed in these Production Specifications remain responsive and, therefore, arrangements should be made with the Department to facilitate their production.

2.    **Production Format of ESI and Imaged Hard Copy**
      Responsive ESI and imaged hard copy shall be produced in the format outlined below. All ESI, except as outlined below in sections 9 – 18, shall be rendered to type TIFF image format, and accompanied by an Image Cross Reference file. All applicable metadata (see section 3 below) shall be extracted and provided in a load file format.

      a.    **Image File Format:** All images, paper documents scanned to images, or rendered ESI, shall be produced as 300 dpi single-page TIFF files, CCITT Group IV (2D Compression). Documents should be uniquely and sequentially Bates numbered with an endorsement burned into each image.
      - All TIFF file names shall include the unique Bates number burned into the image.
      - Each Bates number shall be a standard length, include leading zeros in the number, and be unique for each produced page.
      - All TIFF image files shall be stored with the ".tif" extension.
      - Images should be able to be OCR'd using standard COTS products, such as LexisNexis LAW PreDiscovery™.
      - All pages of a document or all pages of a collection of documents that comprise a folder or other logical grouping, including a box, should be delivered on a single piece of media.
      - No image folder shall contain more than 2000 images.

      b.    **Image Cross Reference file:** Images should be accompanied by an Image Cross Reference file that associates each Bates number with its corresponding single-page TIFF image file. The Cross Reference file should also contain the image file path for each Bates numbered page.
      - Image Cross Reference Sample Format:
        ABC00000001,OLS,D:\DatabaseName\Images\001\ ABC00000001.TIF,Y,,,
        ABC00000002,OLS,D:\DatabaseName\Images\001\ ABC00000002.TIF,,,,
        ABC00000003,OLS,D:\DatabaseName\Images\001\ ABC00000003.TIF,,,,
        ABC00000004,OLS,D:\DatabaseName\Images\001\ ABC00000004.TIF,Y,,,

      c.    **Load File:** Images should also be accompanied by a "text load file" containing delimited text that will populate fields in a searchable, flat database environment. The file should contain the required fields listed below in section 3.

      - ASCII text delimited load files are defined using the following delimiters:

        | | |
        |---|---|
        | *Field Separator* | *^ or Code 094* |
        | *Text Qualifier* | *\| or Code 124* |
        | *Substitute Carriage Return or New Line* | *() or Code 013* |

**Specifications for Production of ESI and Digitized ("Scanned") Images
("Production Specifications")**

- The text file should also contain hyperlinks to applicable native files, such as Microsoft Excel or PowerPoint files.
- There should be one line for every record in a collection.
- The load file must contain a field map/key listing the metadata/database fields in the order they appear within the data file. For example, if the data file consists of a First Page of a Record (starting Bates), Last Page of a Record (ending Bates), Document ID, Document Date, File Name, and a Title, then the structure may appear as follows:

|BEGDOC#|^|ENDDOC#|^|DOCID|^|DOCDATE|^|FILENAME|^|TITLE|

- The extracted/OCR text for each document should be provided as a separate single text file. The file name should match the BEGDOC# or DOCID for that specific record and be accompanied by the .txt extension.

3.    **Required Metadata/Database Fields**

- A "✓" denotes that the indicated field should be present in the load file produced.
- "Other ESI" includes non-email or hard copy documents, including but not limited to data discussed in sections 6-9, and 12-18 below.

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| COMPANY | Company/Organization submitting data | Full Text | Unlimited | ✓ | ✓ | ✓ |
| BOX# | Submission/volume/box number | Note Text | 10 | ✓ | ✓ | ✓ |
| CUSTODIAN | Custodian(s)/Source(s) - format: Last, First or ABC Dept | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| AUTHOR | Creator of the document | Note Text | 160 | | | ✓ |
| BEGDOC# | Start Bates (including prefix) - No spaces | Note Text | 60 | ✓ | ✓ | ✓ |
| ENDDOC# | End Bates (including prefix) - No spaces | Note Text | 60 | ✓ | ✓ | ✓ |
| DOCID | Unique document Bates # or populate with the same value as Start Bates (DOCID = BEGDOC#) | Note Text | 60 | ✓ | ✓ | ✓ |
| PGCOUNT | Page Count | Integer | 10 | ✓ | ✓ | ✓ |
| PARENTID | Parent's DOCID or Parent's Start Bates (for EVERY document including all Child documents) | Note Text | 60 | ✓ | ✓ | ✓ |
| ATTACHIDs | Child document list; Child DOCID or Child Start Bates | Multi-Entry | 60 | ✓ | ✓ | ✓ |
| ATTACHLIST | List of Attachment Bates numbers | Multi Entry | Unlimited | | ✓ | ✓ |
| BEGATTACH | Start Bates number of first attachment | Note Text | 60 | ✓ | ✓ | ✓ |
| ENDATTACH | End Bates number of last | Note | 60 | ✓ | ✓ | ✓ |

2

**Specifications for Production of ESI and Digitized ("Scanned") Images**
**("Production Specifications")**

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| | attachment | Text | | | | |
| PROPERTIES | Privilege notations, Redacted, Document Withheld Based On Privilege | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| RECORD TYPE | File, E-mail, Attachment, or Hard Copy | Note Text | 60 | ✓ | ✓ | ✓ |
| FROM | Author - format: Last name, First name | Note Text | 160 | | ✓ | ✓ |
| TO | Recipient- format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| CC | Carbon Copy Recipients - format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| BCC | Blind Carbon Copy Recipients - format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| SUBJECT | Subject/Document Title | Note Text | Unlimited | | ✓ | ✓ |
| DOCDATE | Document Date/Date Sent - Format YYYY/MM/DD | Date Keyed | YYYY/MM/DD | | | ✓ |
| BODY | E-mail body, Other Electronic Document Extracted text, or OCR | Full Text | Unlimited | ✓ | ✓ | ✓ |
| TIMESENT | Time e-mail was sent | Time | 10 | | ✓ | |
| DATECRTD | Date Created | Date | YYYY/MM/DD | | ✓ | ✓ |
| DATESVD | Date Saved | Date | YYYY/MM/DD | | ✓ | ✓ |
| DATEMOD | Date Last Modified | Date Keyed | YYYY/MM/DD | | ✓ | ✓ |
| DATERCVD | Date Received | Date | YYYY/MM/DD | | ✓ | |
| DATEACCD | Date Accessed | Date | YYYY/MM/DD | | ✓ | ✓ |
| FILESIZE | File Size | Note Text | 10 | | | ✓ |
| FILENAME | File name - name of file as it appeared in its original location | Full Text | Unlimited | | | ✓ |
| APPLICATION | Application used to create native file (e.g. Excel, Outlook, Word) | Note Text | 160 | | ✓ | ✓ |
| FILEPATH | Data's original source full folder path | Full Text | Unlimited | | ✓ | ✓ |
| NATIVELINK | Current file path location to the native file | Full Text | Unlimited | | ✓ | ✓ |
| FOLDERID | E-mail folder path (e.g. Inbox\Active) or Hard Copy container information (e.g. Folder or binder name) | Full Text | Unlimited | ✓ | ✓ | |
| PARAGRAPH | Subpoena/request paragraph number to which the document is responsive | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |

**Specifications for Production of ESI and Digitized ("Scanned") Images ("Production Specifications")**

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| HASH | Hash value (used for deduplication or other processing) (e-mail hash values must be run with the e-mail and all of its attachments) | Note Text | Unlimited | | ✓ | ✓ |
| MESSAGEHEADER | Email header.  Can contain IP address | Full Text | Unlimited | | ✓ | |
| ATTACHMCOUNT | Number of attachments to an email | Note Text | 10 | | ✓ | |
| FILETYPE | Identifies the application that created the file | Note Text | 160 | | ✓ | ✓ |
| COMMENTS | Identifies whether the document has comments associated with it | Note Text | 10 | | ✓ | ✓ |

4.  **De-duplication, Near-Duplicate Identification, Email Conversation Threading and Other Culling Procedures**
    De-duplication of exact copies <u>within</u> a custodian's data may be done, but all "filepaths" must be provided for each duplicate document.  The recipient shall not use any other procedure to cull, filter, group, separate or de-duplicate, etc. (i.e., reduce the volume of) responsive material before discussing with and obtaining the written approval of the Department. All objective coding (e.g., near dupe ID or e-mail thread ID) shall be discussed and produced to the Department as additional metadata fields.

5.  **Hidden Text**
    All hidden text (e.g. track changes, hidden columns, mark-ups, notes) shall be expanded and rendered in the image file.  For files that cannot be expanded the native files shall be produced with the image file.

6.  **Embedded Files**
    All non-graphic embedded objects (Word documents, Excel spreadsheets, .wav files, etc.) that are found within a file shall be extracted and produced. For purposes of production the embedded files shall be treated as attachments to the original file, with the parent/child relationship preserved.

7.  **Image-Only Files**
    All image-only files (non-searchable .pdfs, multi-page TIFFs, Snipping Tool [and other] screenshots, etc., as well as all other images that contain text) shall be produced with associated OCR text and metadata/database fields identified in section 3 for "Other ESI."

8.  **Hard Copy Records**
    a.  All hard copy material shall reflect accurate document unitization including all attachments and container information (to be reflected in the PARENTID, ATTACHID, BEGATTACH, ENDATTACH and FOLDERID). Unitization in this context refers to identifying and marking the boundaries of documents within the collection, where a document is defined as the smallest physical fastened unit within a bundle. (e.g., staples, paperclips, rubber bands, folders, or tabs in a binder.) The first document in the collection represents the parent document and all other documents will represent the children.
    b.  All documents shall be produced in black and white TIFF format unless the image requires color.  An image "requires color" when color in the document adds emphasis to information in the document or is itself information that would not be readily apparent on the face of a black and white image. Images identified as requiring color shall be produced as color 300 dpi single-page JPEG files.

**Specifications for Production of ESI and Digitized ("Scanned") Images
("Production Specifications")**

    c.   All objective coding (e.g., document date or document author) should be discussed and produced to the Department as additional metadata/database fields.

9.    **Production of Spreadsheets and Presentation Files.** All spreadsheet and presentation files (e.g. Excel, PowerPoint) shall be produced in the unprocessed "as kept in the ordinary course of business" state (i.e., in native format). *See* section 18 below. The file produced should maintain the integrity of all source, custodian, application, embedded and related file system metadata. No alteration shall be made to file names or extensions for responsive native electronic files.

10.    **Production of Email Repositories**
Email repositories, also known as email databases (e.g., Outlook .PST, Lotus .NSF, etc.), can contain a variety of items, including: messages, calendars, contacts, tasks etc. For purposes of production, responsive items shall include the "Email" metadata/database fields outlined in section 3, including but not limited to all parent items (mail, calendar, contacts, tasks, notes, etc.) and child files (attachments of files to email or other items) with the parent/child relationship preserved. Email databases from operating systems other than Microsoft Exchange shall be produced after consultation with and written consent of the Department about the format for the production of such databases.

11.    **Production of Items Originally Generated in E-Mail Repositories but Found and Collected Outside of Email Repositories, i.e., "Stand-alone" Items**
Any parent email or other parent items (e.g., calendar, contacts, tasks, notes, etc.) found and collected outside of email repositories (e.g., items having extensions like .MSG, .HTM, .MHT, etc.), shall be produced items with the "Email" metadata fields outlined in section 3, including but not limited to any attachments, maintaining the family (parent/child) relationship.

12.    **Production of Instant Messenger (IM), Voicemail Data, Audio Data, Video Data, etc.**
The responding party shall identify, collect, and produce any and all data which is responsive to the requests which may be stored in audio or video recordings, cell phone/PDA/Blackberry/smart phone data, voicemail messaging data, instant messaging, text messaging, conference call data and related/similar technologies. However, such data, logs, metadata or other files related thereto, as well as other less common but similar data types, shall be produced after consultation with and written consent of the Department about the format for the production of such data.

13.    **Productions of Structured Data**
Prior to any production of responsive data from a structured database (e.g., Oracle, SAP, SQL, MySQL, QuickBooks, etc.), the producing party shall first provide the database dictionary and a list of all reports that can be generated from the structured database. The list of reports shall be provided in native Excel (.xls) format.

14.    **Productions of Structured Data from Proprietary Applications**
Prior to any production of structured data from proprietary applications (e.g., proprietary timekeeping, accounting, sales rep call notes, etc.) the producing party shall first provide the database dictionary and a list of all reports that can be generated from the structured database. The list of reports shall be produced in native Excel (.xls) format.

15.    **Production of Photographs with Native File or Digitized ESI**
Photographs shall be produced as single-page .JPG files with a resolution equivalent to the original image as it was captured/created. All .JPG files shall have extracted metadata/database fields provided in a load file format as outlined in section 3 for "Other ESI."

**Specifications for Production of ESI and Digitized ("Scanned") Images
("Production Specifications")**

16.   **Images from which Text Cannot be OCR Converted**
An exception report shall be provided when limitations of paper digitization software/hardware or attribute conversion do not allow for OCR text conversion of certain images.  The report shall include the electronic Bates, document id or Bates number(s) corresponding to each such image.

17.   **Format of ESI from Non-PC or Windows-based Systems**
If responsive ESI is in non-PC or non-Windows-based Systems (e.g., Apple, IBM mainframes and UNIX machines), the ESI shall be produced after discussion with and written consent of the Department about the format for the production of such data.

18.   **Production of Native Files (When Applicable Pursuant to These Specifications)**
Productions of native files, as called for in these specifications, shall have extracted metadata/database fields provided in a load file format as defined in the field specifications for "Other ESI" as outlined in section 3.

  a.   ESI shall be produced in a manner which is functionally useable by the Department.  The following are examples:
  - AutoCAD data, e.g., .DWG, .DXF, shall be processed/converted and produced as single-page .JPG image files and accompanied by an image formatted load as described above. The native files shall be placed in a separate folder on the production media and linked by a hyperlink within the text load file.
  - GIS data shall be produced in its native format and be accompanied by a viewer such that the mapping or other data can be reviewed in a manner that does not detract from its ability to be reasonably understood.
  - Audio and video recordings shall be produced in native format and be accompanied by a viewer if such recordings do not play in a generic application (e.g., Windows Media Player).

19.   **Bates Number Convention**
All images should be assigned Bates numbers before production to DOJ.  The numbers should be "endorsed" (or "burned in") on the actual images.  Native files should be assigned a single bates number for the entire file. The Bates number shall not exceed 30 characters in length and shall include leading zeros in the numeric portion. The Bates number shall be a unique name/number common to each page (when assigned to an image) or to each document (when assigned to a native file).  If the Department agrees to a rolling production, the naming/numbering convention shall remain consistent throughout the entire production. There shall be no spaces between the prefix and numeric value. If suffixes are required, please use "dot notation."  Below is a sample of dot notation:

| | |
|---|---|
| PREFIX0000001 | PREFIX0000003 |
| PREFIX0000001.001 | PREFIX0000003.001 |
| PREFIX0000001.002 | PREFIX0000003.002 |

20.   **Media Formats for Storage and Delivery of Production Data**
Electronic documents and data shall be delivered on any of the following media:
  a.   CD-ROMs and/or DVD-R (+/-) formatted to ISO/IEC 13346 and Universal Disk Format 1.02 specifications.
  b.   External hard drives, USB 2.0 (or better) or eSATA, formatted to NTFS format specifications.
  c.   Storage media used to deliver ESI shall be appropriate to the size of the data in the production.
  d.   Media should be labeled with the case name, production date, Bates range, and producing party.

**Specifications for Production of ESI and Digitized ("Scanned") Images ("Production Specifications")**

21. **Virus Protection and Security for Delivery of Production Data**
Production data shall be free of computer viruses. Any files found to include a virus shall be quarantined by the producing party and noted in a log to be provided to the Department. Password protected or encrypted files or media shall be provided with corresponding passwords and specific decryption instructions. No encryption software shall be used without the written consent of the Department.

22. **Compliance and Adherence to Generally Accepted Technical Standards**
Production shall be in conformance with standards and practices established by the National Institute of Standards and Technology ("NIST" at www.nist.gov), U.S. National Archives & Records Administration ("NARA" at www.archives.gov), American Records Management Association ("ARMA International" at www.arma.org), American National Standards Institute ("ANSI" at www.ansi.org), International Organization for Standardization ("ISO" at www.iso.org), and/or other U.S. Government or professional organizations.

23. **Read Me Text File**
All deliverables shall include a read me text file at the root directory containing: total number of records, total number of images/pages or files, mapping of fields to plainly identify field names, types, lengths and formats. The file shall also indicate the field name to which images will be linked for viewing, date and time format, and confirmation that the number of files in load files matches the number of files produced.

24. **Exception Log**
An Exception Log shall be included documenting any production anomalies utilizing the electronic Bates number (document id or control numbering) assigned during the collection, processing and production phases.

-XXX-

## <u>CERTIFICATION</u>

I hereby certify that the enclosed documents are accurate and complete copies of all documents, including electronically stored information, within my possession, custody or control at the offices of **United Parcel Service ("UPS")** referring or relating to copies of shipping records of **Rare Breed Triggers, LLC** (the "Records").

If any such material has not been produced because of a lawful objection, the objection to the document request and the reasons for the objection have been stated.

I declare under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746) that the forgoing is true and correct.

_____
Name

_____
Signature

_____
Title

**SWORN TO** before me this
_____ day of _____, 23


SIGNATURE:_____
Custodian of Records


TYPE/PRINT NAME SIGNATORY: _____


EXECUTED: This ___ day of _____, 2023

# U.S. Department of Justice

# United States Attorney's Office Vendor Information Form

This form is used to collect remittance information from vendors who are not registered in the System for Award Administration (SAM).

| A. Vendor/Payee Basic Information | | |
|---|---|---|
| Vendor Name: | | |
| DUNS Number+4: | TIN/SSN/EIN: | |
| Street Address: | | |
| City, State, Zip: | | |
| Country: | E-Mail Address: | |
| Vendor Phone: | Fax Number: | |
| DBA (if known): | | |
| Contact Name: | | |
| Contact Email: | | |

| B. Vendor's Financial Institution Information | | |
|---|---|---|
| Bank Name: | | |
| Bank Street Address: | | |
| Bank City, State, Zip: | | |
| Country: | Bank Phone No.: | |
| ABA Number: | Account Number: | |
| Account Type: | Options for Account Type: Personal Savings, Personal Checking, Corporate Checking, or Corporate Savings | |

Required fields in Section A: Vendor Name; TIN/SSN/EIN (with dashes); Street Address; City, State, Zip; Country; E-Mail Address or Vendor Phone.   Please note: The vendor name and the TIN/SSN/EIN must match.  If the TIN is registered to Acme Production, but Acme is DBA Pinnacle Production, please indicate Acme Production in the Vendor Name field.

Required fields in Section B: All fields are required.