

50 Park Place, Suite 1105
Newark, NJ 07102

Josiah Contarino
Phone: 917-423-7221
jcontarino@dhillonlaw.com

June 9, 2023

**Via ECF**
Honorable Nina R. Morrison
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: *United States v. Rare Breed Triggers, LLC, et al.*
       Civil Action No. 1:23-cv-00369-NRM-RML

Dear Judge Morrison:

  Defendants, Rare Breed Triggers, LLC ("RBT"), Rare Breed Firearms, LLC, Lawrence DeMonico and Kevin Maxwell, through undersigned counsel, hereby move, pursuant to Rule 45(d)(3), to quash the subpoena issued by Plaintiff, the United States of America, directed to Rick Vasquez, an expert witness retained by Defendants to testify in this action. Defendants seek the Court's intervention pursuant to Rule 45(d)(3)(A)(iii), which states, in relevant part, that the court "must quash or modify a subpoena that… (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies."

  Rick Vasquez is an expert on the subject of firearms, and firearms regulations. He has been retained to provide an opinion to Defendants' attorney for the purpose of rendering legal advice to Defendants. "Confidential communications between a third party representative of the client, such as an accountant or other non-testifying expert, and the client's attorney . . . may be protected from disclosure if the communications are made on behalf of the client for the purpose of obtaining legal advice." *In re Grand Jury Subpoenas dated March 9, 2001*, 179 F.Supp.2d 270, 283 (S.D.N.Y. 2001) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 391-92 (1981); *United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989); *In re Copper Mkt. Antitrust Litig.*, 200 F.R.D. 213, 217 (S.D.N.Y. 2011); & *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961)).

  Defendants maintain that these are exactly the types of communications that fall within the United States' subpoena, which requests fourteen broad categories of communications that will invade Defendants' claim of privilege. (Exhibit A, attached.) By way of example only, the subpoena seeks all communications between Rick Vasquez and RBT from January 1, 2018 to the present regarding the "ARI" and "US Patent Number 10,514,223 B1." Communications requested by this demand could include privileged communications either after this lawsuit was filed, or in anticipation of the filing of this lawsuit, or in the anticipation of the filing of, or during, prior lawsuits regarding the FRT-15. The same applies to demands for communications, if any, between Rick Vasquez and RBF on these topics, and communications, if any, between Rick Vasquez and Lawrence DeMonico on these topics.

  Rick Vasquez also prepared documents and tangible things "in anticipation of litigation or for

trial," Fed. R. Civ. P. 26(b)(3), when he was retained by Defendants as an expert in *Rare Breed Triggers, LLC v. Garland*, Case No. 3:22-cv-00085-ARS and *Rare Breed Triggers, LLC v. Garland*, Case No. 6:21-cv-1245-CEM-GJK. The work product doctrine protects "the mental impressions, conclusions, opinions, or legal theories of an attorney **or other representative** of a party concerning the litigation." *Id.* (emphasis added). The work product doctrine bars discovery "where a document was created because of anticipated litigation, and would not have been prepared in substantially similar form but for the prospect of that litigation." *United States v. Adlman*, 134 F.3d 1194, 1995 (2d Cir. 1998). The documents and communications prepared by Rick Vasquez can fairly be said "to have been prepared or obtained because of the prospect of litigation." *Strougo v. Bea Assocs.*, 199 F.R.D. 515, 20-21 (S.D.N.Y. 2001).

It is our understanding that any documents Rick Vasquez would have provided in response to the subpoena would have been firewalled from the AUSAs prosecuting this case. Defendants do not object to providing appropriately requested documents from their expert Rick Vasquez, but it should be done through their counsel in response to expert disclosure demands.

THEREFORE, we respectfully request that the court to limit the subpoena directed to non-party expert Rick Vasquez to exclude privileged information from January 14, 2021 to the present. This would include the date that Rick Vasquez was contacted to serve as an expert for Defendants.

        Respectfully submitted,

        DHILLON LAW GROUP INC.

    By: _____*/s/*_____
        David A. Warrington (*pro hac vice*)
        Michael A. Columbo (admission forthcoming)
        Josiah Contarino

cc: All Counsel of Record (via ECF)