

U.S. Department of Justice

United States Attorney
Eastern District of New York

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 16, 2023

**By ECF**
Honorable Nina R. Morrison
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *United States v. Rare Breed Triggers, LLC, et al.*,
              No. 23-cv-369 (Morrison, J.) (Levy, M.J.)

Dear Judge Morrison:

      Pursuant to Local Civil Rule 37.3(c), the United States respectfully submits this letter in opposition to Defendants' June 9, 2023 letter motion to quash a subpoena served on Rick Vasquez for documents. (Defendants' Motion) (Dkt. 63).

      Defendants have identified Mr. Vasquez as an expert witness. Based on the United States' understanding of the record in this matter, Mr. Vasquez is likely to offer an opinion about the mechanical operation of the FRT-15. Prior to his involvement in this matter, Mr. Vasquez was involved with the AR1, a forced reset trigger developed by the same company that developed the FRT-15. In 2017, the company that developed the AR1 requested that ATF classify the AR1. In doing so, it submitted an opinion from Mr. Vasquez that the AR1 was not a machinegun conversion device. In 2018, the ATF disagreed, classifying the AR1 as a machinegun conversion device. The subpoena at issue here is meant to discover any communications between Mr. Vasquez and Defendants about the AR1.

      It appears that, with the exception of three clarifications that the United States will address below, the parties are in agreement as to how to address the subpoena to Mr. Vasquez. The parties agree that the subpoena should be modified to exclude information from a date certain in January 2021 through the present. The parties agree that the subpoena should be limited to the time period before Mr. Vasquez was retained as a potential expert such that Federal Rule of Civil Procedure 26(b)(3) and (4) would apply to him. But, as noted below, three clarifications are necessary from the Court.

      The first clarification concerns the date certain in January 2021. The United States previously met and conferred with Defendants' prior counsel about this subpoena. Prior counsel stated that Defendants did not object to the discovery of material prior to January 18, 2021, the date on which Defendants retained Mr. Vasquez as an expert. *See* Exhibit A. Defendants' current counsel seek to limit discovery to material prior to January 14, 2021, the date they assert Defendants first contacted Mr. Vasquez about becoming an expert in this matter. The United

States would agree to limit the scope of its subpoena requests to information predating January 14, 2021, if the Court finds that Mr. Vasquez was first contacted by the Defendants about this matter on January 14, or, alternatively, if the Defendants stipulate for all purposes that Mr. Vasquez was first contacted about this matter by the Defendants on January 14.[1]

The second clarification concerns Mr. Vasquez's status as an expert as of January 14, 2021. For the protections of Rule 26(b)(3), (4) to apply, Defendants had to have hired Mr. Vasquez in anticipation of litigation or in preparation for trial. The United States is unaware of any litigation concerning the FRT-15 pending at that time; Defendants commenced litigation against the ATF (and others) on August 2, 2021 after having been served a cease and desist letter on July 27, 2021. The United States would agree to limiting the subpoena to information prior to January 14, 2021, provided that either the Court make a finding that the Defendants were anticipating litigation or preparing for trial against the United States in connection with Defendants' sale of the FRT-15, at least as of that date, or, alternatively, that Defendants stipulate for all purposes that they were anticipating litigation or preparing for trial against the United States at least as of that date.

The final clarification concerns the process by which the United States will obtain material responsive to the subpoena. The Court will recall that the United States set up a "firewall" so that third parties who responded to subpoenas during the time that Defendants were changing their counsel would provide responsive material to an Assistant U.S. Attorney who was not part of the trial team for this matter ("the firewall AUSA"). *See* Minute Entry and Order of May 5, 2023; Dkt. 54; Order of May 7, 2023. The United States proposes that the Court allow the firewall AUSA to release to the undersigned attorneys any responsive material from Mr. Vasquez consistent with the subpoena as modified per the above discussion.

---

[1] The United States reserves the right to seek material from the time period January 14, 2021, to January 18, 2021, should facts emerge to warrant such a request.

The United States thanks the Court for its consideration of this matter.

                Respectfully submitted,

                BREON PEACE
                United States Attorney

By:     */s/ Michael S. Blume*
        Michael S. Blume
        Joseph Marutollo
        Paulina Stamatelos
        Assistant U.S. Attorneys
        (718) 254-6479 / 6288 / 6198
        Michael.Blume@usdoj.gov
        Joseph.Marutollo@usdoj.gov
        Pauline.Stamatelos@usdoj.gov

cc:    **BY ECF**
       All Counsel of Record