

U.S. Department of Justice

United States Attorney
Eastern District of New York

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 22, 2023

**By ECF**
Honorable Nina R. Morrison
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *United States v. Rare Breed Triggers, LLC, et al.*,
            No. 23-cv-369 (Morrison, J.) (Levy, M.J.)

Dear Judge Morrison:

In advance of Friday's court conference, and in an effort to avoid unnecessary litigation, the United States respectfully submits this status report regarding discovery in the above-referenced matter.

**I.**      **Defendants' Notification of Potentially Destroyed Material**

As discussed in further detail below, based on exhibits featuring text messages filed by the parties in this case, it has already been established that Defendant Lawrence DeMonico used his personal cell phone to conduct business. Late Tuesday night, Defendants informed the United States for the first time that data from Defendant DeMonico's personal cell phone, including text messages, may have been lost. According to Defendants, Defendant DeMonico's phone sustained water and/or heat damage during a family-related event on May 5, 2023. The damage, according to Defendants, has caused Defendant DeMonico to lose text messages that he sent or received prior to May 5. Defendants have advised the United States that they "are in the process of securing a forensic collection of the cell phone."

This loss of data is troubling as is the timing of this disclosure. As the Court is aware, pursuant to the January 25, 2023 Temporary Restraining Order (TRO) that currently remains in effect through August 31, 2023, Defendants are "required to preserve all documents related to the manufacture, possession, receipt, transfer, customer base, and/or historical or current sale of FRT-15s, Wide Open Triggers, forced reset triggers, and/or machinegun conversion devices." Dkt. 11. Upon information and belief, Defendant DeMonico communicated extensively with others about these very issues by way of text. The types of data believed to not have been preserved are highly relevant to the Government's case. In fact, *Defendants* submitted examples of those text messages to the Court as attachments to its filings in February and March 2023. *See, e.g.*, Dkt. 23-1, Attachment F; Dkt. 29-1, Attachment G (texts in blue are from Defendant DeMonico). The United States, similarly, submitted to the Court examples of those text messages, also in February. *See, e.g.,* Dkt. 25-2. Importantly, the United States sought these texts as part of document demands it served on the Defendants on February 9, and on April 5, 2023.

The text messages in question are presumed to contain material relevant to this matter. Indeed, during the parties' March 31 and June 8, 2023 meet-and-conferrals, the United States requested that Defendants identify the sources of information searched to respond to the United States' discovery demands. There was no mention of any water or heat related incident involving Defendant DeMonico's cell phone or possible loss of cell phone data during the June 8 meet-and-confer.

The United States, having just learned about this issue over a month after Defendants state that it arose, intends to seek additional information from Defendants. The United States is concerned, however, that it has already been prejudiced by Defendants' apparent failure to take appropriate steps to preserve probative information consistent with the Court's TRO.[1] *See, e.g., Turner v. Hudson Transit Lines*, Inc., 142 F.R.D. 68, 72 (S.D.N.Y. 1991) (providing an overview of parties' obligation to preserve evidence). The United States will seek appropriate relief from the Court to address this issue if necessary.

## II.   The Status of Defendants' Document Productions

As referenced above, on April 5, 2023, the United States served Defendants with their First Set of Interrogatories and Requests for Production of Documents to Defendant Kevin Maxwell; Second Request for Production of Documents to Defendant Rare Breed Triggers, Inc. (RBT); Second Request for Production of Documents to Defendant Rare Breed Firearms, Inc. (RBF); and First Set of Interrogatories and Requests for Production of Document to Defendant Lawrence DeMonico (collectively, "Discovery Demands").

During the parties' conferrals – specifically, during discussions about a scheduling order to be proposed to the Court – Defendants' counsel requested until June 23, 2023 to provide their responses to the Discovery Demands, with rolling productions to be made prior to that date. The United States objected but agreed not to include Court-ordered deadlines for discovery responses, given that Defendants agreed to start their rolling productions of documents during the week of June 1, 2023. On June 2, 2023, Defendants produced 6071 pages of documents and a cover letter. Defendants did not identify to which of the Discovery Demands the 6071 pages were responsive. Note, too, that 6023 of these pages consist of publicly-available court filings in Defendants' other litigation nationwide, presumably printed off of PACER.

Defendants did not produce any further documents until the evening of June 20, 2023 when Defendants – after receipt of a deficiency letter from the Government – produced roughly 4,000 additional pages of documents. Again, Defendants have failed to identify which of the Discovery Demands these documents were responsive to. Defendants have not yet responded to the Discovery Demands but have stated that they will endeavor to provide their responses on Friday.[2]

---

[1] Defendants provided no details regarding the length of time it will take to secure a forensic collection of Defendant DeMonico's cell phone. Of course, a forensic collection of Defendant DeMonico's cell phone should be unnecessary because any information on his cell phone covered by the TRO should have already been preserved pursuant to the TRO.

[2] On May 27, 2023, Defendants served the United States with eighty-two document demands and seven interrogatories (Defendants' Demands) and requested that the United States serve responses in 14

2

At Friday's conference, the United States intends to request a date certain by which Defendants will produce the more than 12,000 documents that Defendants have represented contain responsive material to the Discovery Demands.

### III. Defendants' Searches

In addition, the United States has concerns about how Defendants searched for information in response to the Discovery Demands. The concerns are two-fold. First, Defendants have advised the United States that they applied "search terms" to their electronically-stored information. The search terms that Defendants used appear to create the strong possibility that the search did not uncover relevant materials. Additionally, Defendants advise that a significant portion of the search was conducted by Defendant DeMonico himself. And, it appears that Defendant Kevin Maxwell, although an attorney, has reviewed his cellphone records himself.[3]

That Defendant DeMonico was tasked to search his own records presents a number of issues. It is not clear the extent to which Defendant DeMonico was instructed how to conduct such a search such that relevant and responsive documents have been both preserved and ready to be produced. It appears, as well, that Defendant DeMonico did not maintain a written record of the steps he took to search for documents, as Defendants' counsel's description to the United States of what Defendant DeMonico searched is based on Defendant DeMonico's recollection alone. *See, e.g., Tarlton v. Cumberland Cty. Corr. Facility*, 192 F.R.D. 165, 170 (D.N.J. 2000) ("[Defense c]ounsel had a duty to explain to their client what types of information would be relevant and responsive to discovery requests and ask how and where relevant documents may be maintained . . . It was not their option to simply react to plaintiff's fortuitous discovery of the existence of relevant documents by making disjointed searches, each time coming up with a few more documents, and each time representing that that was all they had."); *Richard Green (Fine Paintings) v. McClendon*, 262 F.R.D. 284, 290 (S.D.N.Y. 2009) (providing an overview of attorney-client obligations related to discovery).

At this point, given that Defendants have not provided the United States with a complete response to its Discovery Demands, we cannot assess whether Defendants' search methods are deficient.

### IV. Status of Depositions

The parties are still in the process of finalizing deposition dates for Defendants DeMonico and Maxwell, as well as for Mr. Cole Leleux and Ms. Jennifer Pierson. Defendant DeMonico's deposition is now scheduled for July 7, 2023 underscoring the need for Defendants to address the Government's concerns in the expedited fashion discovery was ordered.

---

days. The United States timely responded. Defendants included the following instruction to Defendants' Demands, "When you produce documents in response to these requests, you must indicate to which Document Request, or part thereof, the document responds." The United States complied with this instruction. As noted, Defendants have failed to do so in their rolling productions.

[3] Defendants did not state whether any other cell phones of individuals associated with the Defendants have been searched, much less preserved.

3

\*\*\*

Given the expedited nature of these proceedings, and in light of Defendants' letter to the United States Tuesday night, the United States views it prudent and necessary to apprise the court of the status of Defendants' discovery, as set forth above.

The United States thanks the Court for its consideration of this matter.

> Respectfully submitted,
>
> BREON PEACE
> United States Attorney
>
> By:      /s/
> Michael S. Blume
> Joseph Marutollo
> Paulina Stamatelos
> Assistant U.S. Attorneys
> (718) 254-6479 / 6288 / 6198
> Michael.Blume@usdoj.gov
> Joseph.Marutollo@usdoj.gov
> Pauline.Stamatelos@usdoj.gov

**cc:** **BY ECF**
All Counsel of Record