

50 Park Place, Suite 1105
Newark, NJ 07102

Josiah Contarino
Phone: 917-423-7221
jcontarino@dhillonlaw.com

Via ECF                                                                June 22, 2023
Honorable Nina R. Morrison
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

          Re:    *United States v. Rare Breed Triggers, LLC, et al.*
                 Civil Action No. 1:23-cv-00369-NRM-RML

Dear Judge Morrison:

      Defendants, Rare Breed Triggers, LLC ("RBT"), Rare Breed Firearms, LLC, Lawrence DeMonico and Kevin Maxwell, through undersigned counsel, respectfully submit this letter pursuant to the Court's June 20, 2023, order permitting them to reply to the Government's June 16, 2023 opposition (ECF No. 66) to Defendants' June 9, 2023 letter motion (ECF No. 62, "Motion"). Defendants also respond to the Court's June 20 directive regarding the motion to quash the expert subpoena.

### Protective Order Modification/Motion to Quash UPS/Chase Paymentech Subpoenas

      There are several crucial points that the Government failed to acknowledge or adequately respond to in their opposition. The Government's opposition does not address Defendants' argument that the customer identifying information sought by the Government is not relevant at the pre-preliminary injunction stage. (Motion at 2.) The Government has remained silent on this matter. The Government, as the party seeking discovery, bears the burden of showing relevance. Fed. R. Civ. P. 26(b); *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 363 (S.D.N.Y. 2010). By failing to address this argument, the Government has, by silence, conceded that the customer identifying information sought is not relevant at this stage. *See In re UBS AG Sec. Litig.*, No. 07 CIV. 11225 RJS, 2012 WL 4471265, at *11 & n. 18-19, 22 (S.D.N.Y. Sept. 28, 2012) (citing *Gortat v. Capala Bros., Inc.,* No. 07 Civ. 3629(JLG), 201 WL 1423018, at *11 (E.D.N.Y. Apr. 9, 2010); *First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*, 218 F.Supp.2d 369, 392-93 & n. 116 (S.D.N.Y. 2002). The Government also failed to address the Court's repeated expressions of concern regarding the relevance of Defendants' customer lists (Motion at 1, 3), which further underscores the significance of Defendants' relevance argument.

      Because customer identification information is irrelevant at this pre-preliminary injunction state, the Government's argument that shipping records are not confidential misses the point. (Opposition at 3.) The Government is only authorized to conduct relevant discovery at this stage. (Motion at 2.) These records are relevant only insofar as they reveal Defendants' customers, and Defendants and those customers have an expectation of privacy at this pre-preliminary injunction stage that outweighs the probative value of that information because the identity of Defendants' customers is irrelevant to whether a preliminary injunction should issue. The Government cites a case, which is not binding precedent on this court, about Fourth Amendment protections against administrative subpoenas.

(Opposition at 3 (citing *Parkey v. Bowling*, 2008 WL 2169007, at *8 (N.D. Indiana May 22, 2008)).) This case is inapposite, because Defendants' motion regards a Rule 45 subpoena and an issue about the scope of civil discovery. The Government's concerns about its ability to share information between agencies is therefore beside the point. If the Court determines that the Government was not entitled to the information in the first place, then an order requiring them to destroy and not share that information is entirely appropriate.

But the Government argues that Defendants' motion to quash is untimely. (Opposition at 4.) However, the Government ignores the authority referenced by Defendants that a court can consider a motion to quash even after the documents sought have been returned. (Motion at 3 (citing *United States v. Binh Tang Vo*, 78 F. Supp. 3d 171, 176-77 (D.D.C. 2015); *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)).) The Government has neglected to provide a substantive discussion on this matter, instead citing an unpublished case that contradicts its own argument, wherein the court chose "to exercise its discretion to consider the merits of [p]laintiff's motion to quash even though the motion was filed eleven days after the return date." *Ireh v. Nassau Univ. Med. Ctr.*, 2008 WL 4283344 at *3 (E.D.N.Y. Sept. 17, 2008). The Court should exercise its discretion here as well and consider Defendants' motion to quash based on the concerns recognized by the Court and argued in Defendants' motion. (Motion at 3.)

The Government's opposition attaches emails, which we had not seen, showing that the UPS subpoena was served, but also indicating that there were no substantive discussions between the Government and Defendants' prior counsel about that subpoena. And while it appears that on April 25, 2023, the Government disclosed that the UPS records contained customer identifying information, it is also true that Defendants' counsel moved to withdraw from the case less than a week later. It is therefore not surprising that the Government's April 25, 2023 email was not addressed by prior counsel. And regardless of when the UPS records were received, it is hard to imagine that the Government was unaware that they would include RBT's customers' identifying information.

Similarly, the Government's emails with prior counsel regarding Chase Paymentech only mention customer credit card numbers, without acknowledging that these numbers can be reverse engineered to identify customers. (EFC No. 66-7.) In fact, the Government was responding to an email from Steve Simpson, counsel for the Defendants, advising that "Defendants intend to move to quash the subpoenas to the extent that they seek our clients' customer lists. Based on Judge Morrison's statements in the recent status conference, we don't believe the Government is entitled to customer lists." (*Id.* at 4.) The Government's response that the information sought "does not include the card holder's name or address" (*id.* at 2), and "we are not getting the customer names or addresses" (*id.* at 3), made no mention that names and addresses could be reversed-engineered (*id.* at 2). Whether it could be reverse engineered may not have been known by the Government at that time, but it is known now, and is a concern highlighted in the Motion and a reason for it to be granted.[1]

The Government's inconsistency in its communication underscores the importance of protecting our clients' customers' information. The emails attached by the Government tend to confirm that Defendants were not aware that their customer lists were being directly targeted by subpoenas until

---

[1] On June 8, 2023, during the parties' last meet and confer session, the Government conceded that the credit card number, alone, could be reverse engineered by the Government to identify customers.

around the time prior counsel was withdrawing from this case. This Court already recognized that Defendants' rights would need to be protected by current counsel (Motion at 3), which the Motion seeks to accomplish.

Also noteworthy is the Government's April 11, 2023, email attaching "Magistrate Judge Levy's standing confidentiality order," stating that they would present it to the Court for approval the following day. (ECF No. 66-7 at 3.) We have no doubt that prior defense counsel reviewed and agreed to whatever terms ended up being in the protective order currently in place in this matter. But of course Magistrate Judge Levy's standing confidentiality order includes no language that permits the use of discovery obtained through this litigation outside this litigation.

Finally, we would like to clarify that the Motion did not include any allegations that the Government "deceived" or "misled" the Court, or "misled" former counsel. (Opposition at 2.) We presented the facts as we understood them, and the Government, in its opposition, attached those labels. The emails provided by the Government provide some additional context, but they do not "tell the story." The proceeding transcripts reflecting the Court's sensitivity to revealing customer identifying information at this pre-preliminary junction, and the Government's apparent disregard of same, do.

We respectfully request the Court enter the order requested in Defendants' Motion.

**Motion to Quash Expert Vasquez Subpoena**

The parties largely agree at this point regarding the scope of the Government's subpoena to Mr. Vasquez. The declaration of Kevin Maxwell, Esq. is attached as Exhibit B and describes the circumstances surrounding Mr. Vasquez's retention as an expert. Defendants correct their moving brief in one respect: Defendants contacted Mr. Richard Vasquez regarding Rare Breed Triggers' interest in retaining him as an expert on January 18, 2021. (Ex. B ¶ 2.) Retainer and non-disclosure agreements between Mr. Vasquez and Rare Breed Triggers were signed by Mr. Vasquez on January 18, 2021. (*Id.* ¶ 3.) Rare Breed Triggers engaged Mr. Vasquez for his opinion on whether the FRT-15 was a machinegun, reasonably anticipating litigation over the issue. (*Id.* ¶ 4.)

                                              Respectfully submitted,

                                              DHILLON LAW GROUP INC.

                                              By: _____/s/_____
                                                    David A. Warrington (*pro hac vice*)
                                                    Michael A. Columbo (admission forthcoming)
                                                    Josiah Contarino

cc: All Counsel of Record (via ECF)