

50 Park Place, Suite 1105
Newark, NJ 07102

Josiah Contarino
Phone: 917-423-7221
jcontarino@dhillonlaw.com

June 22, 2023

**VIA EMAIL**
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Michael Blume
Joseph Marutollo
Paulina Stamatelos
Assistant United States Attorneys

        Re:    *United States v. Rare Breed Triggers, LLC, et al.*
                 Civil Action No. 1:23-cv-00369-NRM-RML

Dear Counsel:

      This firm represents Defendants in the captioned matter. We have reviewed the United States' responses to Defendants' first set of document demands and interrogatories. As detailed below, the United States' responses and document production are deficient.[1]

      This letter seeks to resolve these deficiencies without judicial involvement. To that end, we respectfully request that we meet and confer to discuss these deficiencies.

### I. Plaintiff's Responses to Defendants' First Set of Document Demands Are Deficient

*Plaintiff Has Not Provided a Privilege Log*

      Plaintiff appears to be withholding many documents based on claims of privilege. Rule 26 requires a party withholding documents based on claims of privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(i). Despite including notice of withholding documents in its General Statement preceding its document demand responses, and despite asserting privilege claims in the majority of its responses, Plaintiff has not provided a privilege log that would satisfy Rule 26's requirements. The blanket statement in Paragraph 2 of the General Statement that ATF "internal correspondence, e-mail messages and communications, and ATF correspondence, e-mail messages and communications with other law enforcement agencies by ATF employees including agency attorneys"

---

[1] On June 20, 2023, the United States advised that there was a mistake with its Bates-labelling. To the extent the below deficiencies turn solely on whatever the mistake was made, we will obviously revisit those. It remains unclear even after further communication from the United States on correcting the mistake as to whether any of the below deficiencies have been resolved.

are being withheld does nothing to enable Defendants "to assess the claim" of privilege. Please provide a privilege log.

### *Plaintiff Has Not Consistently Identified in its Responses Either Whether Documents Have Been Withheld or, If They Have, the Precise Basis for Withholding Them*

Because Plaintiff asserts privilege claims in many of its responses, we address collective responses now concerning Plaintiff's non-compliance with the FRCP's privilege claim requirements, and individual responses below regarding other deficiencies.

Responses to the majority of the requests[2] either "limit[]" Plaintiff's responses to "non-privileged documents," or respond "[s]ubject to" privilege objections. For the former, the responses do not provide the precise bases for the privilege claims and do not describe the documents being withheld under a privilege claim so that Defendants can asses it, as the FRCP requires. For the latter, it is unclear whether documents are being withheld based on a claim of privilege.

Responses to other requests[3] do not state whether documents are being withheld because of any of the non-privilege objections, whereas responses to requests 1, 2, 3, and others do confirm that "no non-privileged documents have been withheld based on Plaintiff's objections."

Please provide responses that comply with Rule 34(b)(2)(C), which provides that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Plaintiff's responses fail this requirement.

### *Plaintiff's Response to Document Request 1*

Plaintiff's response is deficient. This request seeks documents for a specific claim in Plaintiff's Complaint—namely, Plaintiff's contention that Defendants sought to "obstruct ATF's mandate to enforce laws prohibiting the sale of machineguns." Yet, after a litany of objections, and after indicating that it is withholding privileged information without providing the specific bases for same, Plaintiff responds by referencing all or nearly all of Plaintiff's entire document production. This defies Rule 34's requirement that the documents be labelled to correspond with the categories in the requests.

### *Plaintiff's Response to Document Request 12*

Plaintiff's response is deficient. This request seeks documents for a specific claim in Plaintiff's Complaint—namely, Plaintiff's contention that Defendant DeMonico "stole" "weapons and components." Yet, after a litany of objections, Plaintiff responds by referencing USA_13202-13205, USA_13206-13207, USA_13208-13239, USA_13240, none of which support the allegation. Please provide a responsive answer and documents.

---

[2] See responses to requests 1, 2, 3, 5, 7, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 31, 32, 38, 45, 46, 48, 49, 52, 56, 57, 58, 59, 61, 62, 63, 64, 65, 67, 68, 69, 75.
[3] See responses to requests 4, 6, 8, 10, 30, 31, 32, 33, 34, 35, 36, 37, 39, 40, 41, 54, 55, 66.

### *Plaintiff's Responses to Document Requests 23-25, 27-30*

Plaintiff's responses are deficient. These requests seek documents for specific claims in Plaintiff's Complaint—namely, Plaintiff's contentions regarding how "stream[s]" of money flowed. Yet, after a litany of objections, Plaintiff responds by incorporating its responses to prior document demands, including document demand 1, which references all or nearly all of Plaintiff's entire document production. This defies Rule 34's requirement that the documents be labelled to correspond with the categories in the requests. Please provide responsive answers and documents.

### *Plaintiff's Response to Document Request 26*

Plaintiff's response is deficient. This request seeks documents for a specific claim in Plaintiff's Complaint—namely, Plaintiff's contention regarding that XYZ Distrubution [sic] "was purposely misspelled in order to mislead possible investigations." Yet, after a litany of objections, Plaintiff responds by incorporating its responses to prior document demands, including document demand 1, which references all or nearly all of Plaintiff's entire document production. This defies Rule 34's requirement that the documents be labelled to correspond with the categories in the requests. Please provide responsive answers and documents. Moreover, it does not appear that any of the cited documents support Plaintiff's contention. Please provide a responsive answer and documents. If no documents exist to support the claim, please say as much.

### *Plaintiff's Responses to Document Requests 40-43*

Plaintiff's responses are deficient. These interrogatories seek the warrant referenced in paragraph 151 of the Complaint and underlying documents authorizing it. On the one hand, Plaintiff argues that "Defendant DeMonico interfered with the ATF's investigation of FRT-15s by storming onto the 3rd Gen facility to take FRT-15s that 3rd Gen had set aside to hand over to ATF pursuant to a search warrant," (ECF No. 56 at 10), but, on the other hand, Plaintiff refuses to produce the documents that form the basis of that argument. Please provide responsive answers and documents.

### *Plaintiff's Responses to Document Requests 45 and 46*

Plaintiff's responses are deficient. These requests seek documents in connection with the stop and search of, and seizure from, Defendant DeMonico on April 15, 2022. In response, Plaintiff references USA_00648 - USA_649. This two-paged document indicates it has two attachments, but it is unclear if these have been provided. If they have, please indicate via Bates-number. If they haven't, provide these attachments. It also references USA_13286-USA_13288, which does not appear to have been produced.

### *Plaintiff's Response to Document Requests 62 and 65*

Plaintiff's responses are deficient. These requests seek documents showing any connection between either FRT-15s or Defendants and the mass shootings identified in paragraph 2 of Plaintiff's Complaint. Yet, after a litany of objections, Plaintiff responds by referencing all or nearly all of Plaintiff's entire document production and by referencing various filings of Plaintiff. This defies Rule

34's requirement that the documents be labeled to correspond with the categories in the requests. Please provide a responsive answer and documents. If no documents exist to support such a connection, please say as much.

### *Plaintiff's Response to Document Request 76*

Plaintiff's response is deficient. This request seeks all audio recording you have of any Defendants. Plaintiff limits its response to audio surveillance only. Please provide a responsive answer and documents/data.

### *Plaintiff's Response to Document Request 81*

Plaintiff's response is deficient. This request seeks searches based on terms directly related to Defendants and the facts of this litigation. Please provide a responsive answer and documents.

### II.    Plaintiff's Responses to Defendants' First Set of Interrogatories Are Deficient

### *Plaintiff's Response to Interrogatory 1*

Plaintiff's response is deficient. This interrogatory seeks the identity of all persons involved in the drafting of the identified letter. Persons identified in a responsive answer (not just a recitation of the letter's signatories) will likely have relevant information or knowledge about the dispute in this litigation. Please provide a responsive answer.

### *Plaintiff's Response to Interrogatory 2*

Plaintiff's response is deficient. This interrogatory seeks the identity of all persons involved in the ATF encounter with Defendant DeMonico as described in paragraph 156 of Plaintiff's Complaint. Plaintiff responds by referring to Response to document demand 12, among others,[4] as purportedly providing information through business records as contemplated by Rule 33(d). Plaintiff's response to document demand 12 incorporates its response to demand 5, which references four letters sent from *Defendants* and the administrative record filed in *Rare Breed Triggers, LLC v. Garland*, No. 21-cv1245 (M.D. Fl.). Inasmuch as the cited administrative record constitutes business records under Rule 33, it spans over 300 pages. This response does not specify the records to be reviewed in sufficient detail to enable Defendants to locate and identify the requested information as readily as Plaintiff could. Thus, to the extent Rule 33(d) would even apply in this scenario, Plaintiff's response is deficient. Please provide a responsive answer.

### *Plaintiff's Responses to Interrogatories 3 and 4*

Plaintiff's responses are deficient. These interrogatories seek the authority that permits Plaintiff to classify as a machinegun a part or accessory either voluntarily submitted to it or involuntarily submitted to it. Plaintiff's objection that no geographical limitation renders these interrogatories burdensome is hard to understand. The authority would be limited to the ATF's jurisdiction, which is

---

[4] For example, Plaintiff's response to document demand 44 is also referenced. But Plaintiff's response to document demand 44 includes no reference to responsive documents whatsoever.

obvious. Despite these objection, and similar objections regarding temporal scope, Plaintiff responds by merely referencing paragraphs of the Complaint that cite various laws and regulations, none of which provides the authority requested by this interrogatory, and Plaintiff's briefing. Please provide responsive answers.

### *Plaintiff's Interrogatory Responses are Unsigned*

Rule 33 provides that the "person who the answers must sign them." Fed. R. Civ. P. 33(b)(5). The interrogatory responses Plaintiff furnished on June 9, 2023, were unsigned. This must be rectified.

Thank you for your attention to this.

Very truly yours,

DHILLON LAW GROUP INC.

By: */s/ Josiah Contarino*
Josiah Contarino

cc:  David A. Warrington (via email)
     Michael A. Columbo (via email)