UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-against-<br><br>RARE BREED TRIGGERS, LLC; RARE BREED FIREARMS, LLC; LAWRENCE DEMONICO; KEVIN MAXWELL,<br><br>Defendants. | Case No. 1:23-cv-00369-NRM-RML |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE – EXCLUSION OF REFERENCE TO "SHOOTINGS"**

The central issue in this case is the proper classification of Defendants' product, a trigger known as the FRT-15. Specifically, whether it is a "machinegun" according to the law based on its mechanical operation. The definition of a machine gun and by extension, this case, have nothing to do with shootings, mass shootings, school shootings, shooting deaths, or gun violence. The FRT-15 has never been used in any kind of shooting. And yet, the Plaintiff gratuitously included irrelevant and prejudicial language about shootings in its Complaint and in its reply brief in support of its preliminary injunction motion. (ECF No. 1 ¶¶ 1-3, 57, 87; ECF No. 56 at 1, 5, n.1, n.2, n.3, n.5.)  Defendants therefore move that the Court exclude any references to "mass shootings," "school shootings," "shootings," "shooting deaths," "gun violence," or any similar phrase, in general, during the hearing on Plaintiff's Motion for Preliminary Injunction ("MPI"). Such references would be irrelevant and inconsequential to the MPI or the merits of this action. The exclusion of these topics is thus warranted under Federal Rule of Evidence 402, as they lack probative value, and Federal Rule of Evidence 403, because of their inflammatory and prejudicial nature.

**LEGAL STANDARD**

Through *in limine* rulings, the district court has the "inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460, 463, 83 L. Ed. 2d 443 (1984) (citing Fed. R. Evid. 103(c) & Fed. R. Crim. Proc. 12(e)). A judge should exercise reasonable control over the "examining of witnesses and presenting of evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a). Evidence must be relevant to be admissible. Fed. R. Evid. 402. Relevant evidence must (a) have a "tendency to make a fact more or less probable than it would be without the evidence" and (b) the fact must be "of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**ARGUMENT**

The key issue at hand is whether Defendants' triggers fall within the legal definition of a "machinegun" as set forth in 26 U.S. Code § 5845(b) based on the mechanical operation of the trigger. The Plaintiff's Complaint and reply brief refers to, among other things, the use of AR-15-style rifles in mass shootings, gun violence, and shooting deaths. While it is undeniable that every mass shooting is a tragedy, any evidence related to "shootings" or the like serves no purpose in answering this question. To ensure the efficiency of this hearing and prevent unnecessary waste of time, this motion *in limine* seeks the exclusion of such references.

References to "mass shootings," "school shootings," "shootings" in general, or any associated terms, concepts, or phrases are irrelevant. They do not contribute to the likelihood of a

the FRT-15 fires more than one shot, without manual reloading, by a single function of the trigger. *See* 26 U.S. Code § 5845(b).

Additionally, these terms are inflammatory and prejudicial. "[A] bench trial is merely a jury trial before one rather than twelve." *Gersten v. Senkowski*, 426 F.3d 588, 614 (2d Cir. 2005). "Although evidence may be relevant, it may nonetheless be excluded … if its probative value is substantially outweighed by a danger of … unfair prejudice." *United States v. Segui*, No. 19-CR-188(KAM), 2019 WL 8587291, at *3 (E.D.N.Y. Dec. 2, 2019) (citations omitted). Any discussions concerning "mass shootings," "school shootings," "shootings," "shooting deaths," "gun violence," or any similar phrase, in general serve only to foster unfair prejudice. Such discussions tend to inflame emotions and confuse the matters to be addressed in this hearing.

## CONCLUSION

Accordingly, we respectfully request that the Court grant this motion *in limine*.

DHILLON LAW GROUP INC.
A CALIFORNIA PROFESSIONAL CORPORATION

*/s/ Josiah Contarino*
JOSIAH CONTARINO
50 Park Place, Suite 1105
Newark, NJ 07102
jcontarino@dhillonlaw.com

DAVID A. WARRINGTON
(*pro hac vice*)
2121 Eisenhower Avenue
Suite 608
Alexandria, VA 22314
dwarrington@dhillonlaw.com

MICHAEL A. COLUMBO
(*pro hac vice*)
177 Post St., Suite 700
San Francisco, CA 94108
415.433.1700
mcolumbo@dhillonlaw.com
*Attorneys for Defendants*

3