

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 13, 2023

**By ECF**
Honorable Nina R. Morrison
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *United States v. Rare Breed Triggers, LLC, et al.*,
              No. 23-cv-369 (Morrison, J.) (Levy, M.J.)

Dear Judge Morrison:

The United States respectfully submits this letter to supplement its June 22, 2023 report regarding the current status of discovery. *See* ECF No. 71.

**I.    Relevant Background**

On January 25, 2023, the Court found probable cause that Defendants violated multiple federal statutes prohibiting fraud and issued a Temporary Restraining Order (TRO). ECF No. 11. The TRO required, *inter alia*:

> Defendants, their agents, officers and employees, and all other persons and entities in active concert or participation with them. . . to preserve all documents related to the manufacture, possession, receipt, transfer, customer base, and/or historical or current sale of FRT15s, Wide Open Triggers, forced reset triggers, and/or machinegun conversion devices.

*See* ECF No. 11, ¶ 10.B (hereinafter the "Preservation Order").

Defendants' counsel filed a notice of appearance on May 24, 2023. Four weeks later, by letter dated June 20, after the parties had conducted meet-and-confer calls on May 31, and June 8, and following the Government's June 19, 2023 letter addressing Defendants' discovery deficiencies,[1] Defendants' counsel informed the United States for the first time that data from Defendant Lawrence DeMonico's personal cell phone, including text messages, may have been lost on May 5, 2023.

---

[1] During the June 8 meet and confer, the Government asked Defendants *inter alia* to identify where Defendants maintained their business records and to confirm whether those sources were preserved. With respect to this inquiry, Defendants stated they would endeavor to respond during the week of June 12. Defendants did not respond that week.

The record establishes that Defendants have violated the terms of the Preservation Order by failing to preserve the DeMonico texts. Defendants took no steps to preserve data on DeMonico's cell phone as required by the Preservation Order. At a minimum, Mr. DeMonico could have preserved data from his cell phone on his network provider's cloud service after receiving the TRO. It is indisputable that data on Mr. DeMonico's cell phone is relevant to this litigation. On July 7, 2023, Mr. DeMonico testified that he conducted a significant amount of Defendants' business via group texts. *See* Exhibit A, DeMonico Transcript Pages (DeMonico Tr.). Although Mr. DeMonico testified that he could not provide a "complete list" of group chats through which RBT business was conducted, he identified the following: (i) "RBT admin group" (ii) intellectual property litigation; (iii) RBT litigation with "a group of attorneys"; and (iv) communications with employees of 3rd Gen Machine (the FRT-15 manufacturer). DeMonico Tr: 30; 3-17; 26.

Nor have Defendants stated they would cure their failure to preserve, review and produce data on Mr. DeMonico's cell phone by preserving and searching data from other RBT's staff-members' cell phones. On June 29, RBT customer service representative Jennifer Pierson testified at her deposition that she used her personal cell phone to participate in the "RBT admin group" group text which included Mr. DeMonico and two individuals affiliated with RBT, Cole Leleux who managed the company with Mr. DeMonico, and Kelly Leleux who also performed work for RBT. Ms. Pierson testified that she had not deleted these messages but that no Defendant had asked her to download the messages, for example. *See* Exhibit B, Pierson Transcript Paes (Pierson Tr.) 15:5-7; 10:20-25; 11:2-1; 14. Similarly, Cole Leleux, who worked closely with Mr. DeMonico and was at one point a partial owner of the company, provided declarations in this case which appear to include screen shots of texts from his phone. Mr. Leleux has been listed as a witness by the Defendants for the preliminary injunction hearing. On June 30, Mr. Leleux also testified at his deposition that his text messages had not been deleted but also not turned over since the commencement of this litigation because, in his view, he was "under the impression that the language in like discovery requests so far hasn't really reached to me … [s]o that's why I haven't given you anything." Leleux Tr. 186:22-25 - 187:2-3. Mr. Leleux also testified he received a copy of the TRO. *Id.* 186:2-6.

Defendants have not produced text messages from Mr. DeMonico's cell phone. Nor is the Government aware of any text messages produced from anyone else responsible for RBT's day-to-day operations. According to Defendants' counsel, on June 20, they were "attempting to remedy" the issue of DeMonico's damaged cell phone. Weeks later, on July 6, only after the Government's inquiry, Defendants stated they "expect the newly-hired vendor will have an answer for us soon, likely in 2-3 business days." Defendants have yet to confirm that this vendor can retrieve the data from Mr. DeMonico's text messages, or provide a firm time-line regarding the production of any retrievable data from Mr. DeMonico's destroyed cell phone.

## II.   Relevant Law on the Spoliation of ESI

Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Ottoson v. SMBC Leasing & Fin., Inc.,* 268 F. Supp. 3d 570, 579 (S.D.N.Y. 2017). "Pursuant to Federal Rule of Civil Procedure 37(e), a court may sanction a party for failing to preserve . . . ESI . . . if the court finds that the party was 'act[ing] with the intent to deprive another party of the information's use in the litigation.'" *Id.* at 579-80*.* This Court "may impose discovery sanctions pursuant to 'its inherent power to manage its own affairs.'" *Id* at 580*.* (citations omitted). It is clear that

Defendants have not complied with the Court's Preservation Order because they have failed, at a minimum, to preserve data from Mr. DeMonico's cell phone.

During his deposition, Mr. DeMonico implied that his previous attorneys were at fault for Defendants' failure to preserve the data on Mr. DeMonico's cell phone. Mr. DeMonico testified that "prior counsel" informed Defendants that they "needed to prepare [Defendants'] emails, but anything in addition to that was not addressed by prior counsel." DeMonico Tr. 32:2-5. Even if that were so, it does not excuse the current situation. *See e.g., Acosta v. Anchor Frozen Foods Corp.,* No. 17-CV-6559 (GRB) (AKT), 2020 WL 7078578 (E.D.N.Y. Nov. 30 2020) (holding that although "defendants' current counsel inherited a situation where prior counsel did not adequately oversee the retention and production of ESI" the party and its current counsel were still required to conduct a complete investigation into what ESI was potentially lost and that sanctions remained available depending on their findings and compliance). And, of course, Mr. DeMonico is well aware that he maintains multiple group chats on his cell phone regarding Defendants' business.

Accordingly, given the Defendants' failure to preserve evidence on Mr. DeMonico's phone, the Government reserves its right to seek appropriate relief regarding the potential spoliation of evidence at the upcoming hearing. *See DMAC LLC v. City of Peekskill*, No. 09-cv-5093, 2012 WL 4459290, at *4 (S.D.N.Y. 2012) (granting defendant's motion for sanctions based upon spoliation of evidence because the moving party "proffered sufficient evidence from which a reasonable factfinder could infer that additional relevant e-mails-favorable to plaintiffs-existed but were not produced" and awarding an adverse inference instruction stating that the destroyed "e-mails would have been favorable to [the non-spoliating party's] case").

The United States thanks the Court for its consideration of this matter.

    Respectfully submitted,

    BREON PEACE
    United States Attorney

By:     */s/*
    Michael S. Blume
    David Cooper
    Paulina Stamatelos
    Assistant U.S. Attorneys
    (718) 254-6479 / 6228 / 6198
    Michael.Blume@usdoj.gov
    David.Cooper@usdoj.gov
    Pauline.Stamatelos@usdoj.gov

**cc:**    **BY ECF**
      All Counsel of Record