

U.S. Department of Justice

United States Attorney
Eastern District of New York

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 14, 2023

**By ECF**
Honorable Nina R. Morrison
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States v. Rare Breed Triggers, LLC, et al.*,
             No. 23-cv-369 (Morrison, J.) (Levy, M.J.)

Dear Judge Morrison:

      Plaintiff United States of America respectfully informs the Court that the United States intends to produce unredacted copies of its expert reports to Defendants. Although these reports contain non-party tax return information, the United States is authorized to disclose this information pursuant to 26 U.S.C. § 6103(h)(4)(B). To allow the parties to be able to make appropriate use of such information, while at the same time protecting the confidentiality of such information, the United States, on behalf of all the parties, requests that the Court "so order" the attached, proposed stipulation. The proposed stipulation represents a slight modification to the confidentiality order that is already in place in this matter. *See* Dkt. 47, Minute Order of April 20, 2023.

      The National Firearms Act (NFA), 26 U.S.C. § 5801 *et. seq*. is administered by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) under delegation from the Attorney General, and falls under the provisions of the Internal Revenue Code. The NFA imposes registration requirements and transfer taxes on certain types of firearms. *See* 26 U.S.C. §§ 5811, 5841. As a result of these tax obligations, registration information is considered an item on a tax return that constitutes return information or taxpayer return information. *See* 26 U.S.C. § 6103(b)(2), (b)(3). Further, when an individual or entity submits to ATF certain types of firearms, designs, or prototypes for potential classification as "firearms" under 26 U.S.C. § 5845, or ATF otherwise examines such firearms, designs, or prototypes, an ATF determination that the firearm, design, or prototype is a "firearm" under the NFA implicates a tax obligation on behalf of the submitter or possessor. Accordingly, classifications of firearms under the NFA are treated as tax returns or return information.

      Tax returns and return information are required to be kept confidential and the disclosure of such information is prohibited except as authorized by statute. *See* 26 U.S.C. § 6103(a) ("Returns and return information shall be confidential, and except as authorized by this title (1) no officer or employee of the United States … shall disclose any return or return information ….").

The United States may disclose a tax return or return information in a Federal or state judicial proceeding pertaining to tax administration if "the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding." *Id*. § 6103(h)(4)(B). The Government has alleged in its Complaint that Defendants have engaged in conduct in violation of the NFA. This conduct forms, in part, the predicate to certain allegations that the Defendants have violated 18 U.S.C. §§ 371, 1341, 1343, 1345, and 1349. Accordingly, this is a judicial proceeding pertaining to tax administration, as that term is defined in 26 U.S.C. § 6103(b)(4).

Defendants have made ATF's prior classification of triggers an issue in these proceedings. Both the United States and Defendants thus intend to offer expert testimony concerning those classifications, in addition to classifications of the AR-1, FRT-15, and Wide Open Trigger. The individuals or entities associated with these prior classifications are not parties to this proceeding.

Some of these prior classifications are referenced by the Government's expert in his written expert report and his supplemental report. Pursuant to Federal Rule of Civil Procedure 26(a)(2), the United States provided that expert report to the Defendants on May 5, 2023, but these references have been partially redacted in order to comply with § 6103(a).[1] The Government also anticipates that the Government's expert may be asked to testify about the function of these devices referenced in these prior classifications, and regarding statements made by the individuals or entities regarding the manner in which the machineguns functioned. The prior classifications, however, are items on tax returns that constitute return information or taxpayer return information, and are protected from disclosure by 26 U.S.C. § 6103(a) except as expressly authorized. Given that the prior classifications are directly related to the resolution of an issue in this proceeding, the United States is authorized to use this material in this proceeding. *See* 26 U.S.C. § 6103(h)(4)(B). The United States intends to designate these prior classifications as "tax material," pursuant to the proposed stipulation, to ensure that such material remains confidential. To allow the parties to make full use of information about these prior classifications and any other non-party tax return information concerning these classifications that may be disclosed as this litigation progresses, while protecting the confidentiality of tax return information, the parties request that the Court "so order" the attached, proposed stipulation.[2]

---

[1] A redacted version of the report was also filed as part of the United States' reply memorandum in support of its motion for a preliminary injunction. *See* Dkt. 56-4.

[2] The United States does intend to redact the name of the taxpayer in any document containing non-party tax return information.

          Respectfully submitted,

          BREON PEACE
          United States Attorney

By:    */s/ Michael S. Blume*
          Michael S. Blume
          Paulina Stamatelos
          Assistant U.S. Attorneys
          (718) 254-6479 / 6198
          Michael.Blume@usdoj.gov
          Pauline.Stamatelos@usdoj.gov

Encl.