UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA,

                   Plaintiff,

   - against -

RARE BREED TRIGGERS, LLC; RARE
BREED FIREARMS, LLC; LAWRENCE
DEMONICO; KEVIN MAXWELL,

                 Defendants.

– – – – – – – – – – – – – – – – – X

Civil Action No.
23-CV-0369

(Morrison, J.)
(Levy, M.J.)

## [PROPOSED] STIPULATION AND ORDER FOR THE PROTECTION OF MATERIALS AND INFORMATION

WHEREAS, in order to permit the parties to discover certain such information and documents relevant to the subject matter of this case without making this confidential or privileged information public, the Court hereby enters this Stipulation and Order for the Protection of Materials and Information ("Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 5 U.S.C. § 522a(b)(11), for the purposes of assuring the protection and confidentiality of such information and materials;

WHEREAS, at issue in the case is the classification of certain devices as "firearms" pursuant to 26 U.S.C. § 5845;

WHEREAS, the classification of a device as a "firearm" pursuant to 26 U.S.C. § 5845 is an item on a tax return that carries with it tax obligations;

WHEREAS, the classification of a device as a "firearm" therefore renders such classification "return information" and/or "taxpayer return information" pursuant to 26 U.S.C. § 6103(b)(2), (b)(3);

WHEREAS, "return information" and "taxpayer return information" may not be disclosed, except under certain statutorily authorized circumstances;

WHEREAS, this action is a federal judicial proceeding pertaining to tax administration;

WHEREAS, the Bureau of Alcohol, Tobacco, Firearms and Explosives' (ATF) prior classifications of certain triggers, including, but not limited to, the FRT-15 and the Wide Open Trigger, are directly related to the resolution of an issue in this proceeding;

WHEREAS, the United States is authorized to disclose ATF's prior classification of such triggers in this proceeding pursuant to 26 U.S.C. § 6103(h)(4)(B);

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through their counsel, as follows:

(a) The following materials and information may be designated as "confidential" provided such materials are not public and have not previously been disclosed by the producing  party to anyone except those in its employment or those retained by it, including, but not limited to: Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas,  company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data; Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records; Information

protected from disclosure by the Privacy Act; and Information subject to the law enforcement privilege.

(b) If any party believes a document or information not described in the above paragraph should nevertheless be considered "confidential," it may make application to the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

(c) Any material that is "return information" and/or "taxpayer return information," as defined by 26 U.S.C. § 6103(b)(2), (b)(3), may be designated as "tax material."

(d) An attorney for the producing party may designate materials or parts thereof as "confidential" or as "tax material" by stamping the word "confidential" or "tax material" on each page, or by notifying the receiving party in writing that the material is so designated.  If such information or document is provided in response to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "confidential" or "tax material," and incorporate by reference the appended material into the responses.  At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as "confidential" or "tax material" specific portions of the transcript which contain "confidential" or "tax material" matters under the standards set forth in paragraph (a) or (c) above.  This designation shall be in writing and served upon all counsel.  No objection shall be interposed at a deposition that an answer would elicit "confidential" or "tax material" information. Transcripts will be treated as "confidential" or "tax material" for this 10-day period.  Any portions of a transcript designated "confidential" or "tax material" shall thereafter be treated as "confidential" or "tax material" in accordance with this Order.  The "confidential" or "tax

material" portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter.

(e) Materials designated "confidential" or "tax material" shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel and other persons necessary to review the materials for the prosecution or defense of this lawsuit.  Each person who is permitted to see "confidential" materials or "tax material" shall first be shown a copy of this Order and shall further be advised of the obligation to honor the "confidential" or "tax material" designation.  Before "confidential" materials or "tax materials" are shown to experts, actual witnesses, or proposed witnesses, each person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.  If such person refuses to sign a document substantially in the form of Exhibit A, the party desiring to disclose the "confidential" information or "tax material" may seek appropriate relief from the Court.  The parties agree that any discovery material produced in this litigation and designated as "confidential" or as "tax material" may only be used in connection with this litigation.

(f) Review of the "confidential" materials or "tax material" by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the materials or objections to production.

(g) The inadvertent, unintentional, or in camera disclosure of a "confidential" document or "tax material" and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality.  If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential" or "tax material," the party may so designate by apprising all parties in writing, and providing that

4

the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as "confidential" or "tax material" under this Order.

(h) If a party believes that a document designated or sought to be designated "confidential" or "tax material" by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel.  In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate.  The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(i) If any court filing incorporates "confidential" material or "tax material" or would reveal its contents, the portions of such filing shall be delivered to the Court in a sealed envelope prominently bearing the caption of this action and the label "Confidential. Filed Under Seal." Counsel shall file under seal those and only those specific materials and that deposition testimony designated "confidential" or "tax material," and only those specific portions of briefs, applications, and other filings that contain verbatim "confidential" data, or "tax material" or that set forth the substance of such "confidential" or "tax material" information, unless independent good cause is demonstrated.

(j) If a party anticipates that a witness at any hearing or trial will provide testimony that would reveal "confidential" material or "tax material," that party shall inform the Court and shall seek an Order from the Court sealing from the public such part of the testimony that would reveal "confidential" material or "tax material." Those persons to whom, pursuant to Paragraph (e) above, "confidential" material or "tax material" may be disclosed shall be permitted to hear such testimony and/or to review the transcript(s) of such testimony.

(k) Within a reasonable period after the conclusion of the litigation, including all appeals, all "confidential" material and "tax material" shall be returned to the respective producing parties or destroyed by the recipients.

(l) In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(m) This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

(n) Nothing in this Order shall prohibit or limit the United States or any of its agencies or employees from using or disclosing materials or information designated as "confidential" or "tax material" as the United States, its agencies and its employees would otherwise be authorized to do by law absent entry of the Order.

(o) This Order does not constitute a waiver of any privilege or defense that any party may have regarding the production of the requested materials or information, and cannot be used as evidence of a waiver of any production objection, including, but not limited to relevance, undue burden, over breadth, or ambiguity.

(p) This Order supersedes the Confidentiality and Protective Order entered on April 20, 2023.

Dated: Brooklyn, New York
     [DATE], 2023

BREON PEACE
United States Attorney
*Counsel for the United States*

_____/s/_____
Michael Blume
Paulina Stamatelos
Assistant U.S. Attorneys


Dated: [CITY, STATE}
     [DATE], 2023

[ATTORNEYS FOR DEFENDANTS]
 *Counsel for Defendants*

_____/s/_____

[ATTORNEYS FOR DEFENDANTS]

**SO ORDERED:**

This \_\_\_\_day of _____, 2023


_____
HONORABLE NINA R. MORRISON
United States District Judge
Eastern District of New York

**EXHIBIT A**

**STIPULATION AND ORDER FOR THE PROTECTION OF
MATERIALS AND INFORMATION ACKNOWLEDGMENT FORM**



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA,

                    Plaintiff,              Civil Action No.

- against -                                 23-CV-0369

RARE BREED TRIGGERS, LLC; RARE              (Morrison, J.)
BREED FIREARMS, LLC; LAWRENCE               (Levy, M.J.)
DEMONICO; KEVIN MAXWELL,

                    Defendants.

– – – – – – – – – – – – – – – – – – X


        I, _____, being duly sworn, state that:


        I have been informed by counsel that certain materials or information to be disclosed to me in connection with the matter entitled *United States of America v. Rare Breed Triggers, LLC, Inc.*, case number 23-CV-0369 (NRM)(RML), have been designated as "confidential" or "tax material." I have been informed that such materials or information labeled "confidential" or "tax material" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such materials to any other person. I further agree not to use any such information for any purpose other than this litigation.


Print Name: _____

Sign Name: _____

Dated: _____


Signed in the presence of: _____ (Attorney)