UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>RARE BREED TRIGGERS, LLC; RARE BREED FIREARMS, LLC; LAWRENCE DEMONICO; KEVIN MAXWELL,<br><br>　　　　　　　　Defendants. | Case No. 1:23-cv-00369-NRM-RML |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF
THE UNITED STATES OF AMERICA'S MOTION IN LIMINE**

Defendants hereby submit this response to the Government's Motion in Limine (ECF No. 78 ("Mot.")) seeking to exclude the testimony of Defendants' expert witnesses. The Government's motion is predicated on an erroneous statement of law – that Rule 403 affirmatively limits the use of "duplicative" experts. (Mot. at 2.) But a thorough examination of the relevant legal authorities and precedents reveals that this proposition is wrong.

Defendants' proffered expert testimony is not duplicative or cumulative. Even if it were, the Court still has discretion to allow it. The cases cited by the Government, collectively, demonstrate that courts ordinarily only exclude cumulative testimony after having heard testimony about the same subject from multiple other witnesses; that exclusion is improper before the hearing; and courts are only strict when expert opinion is least helpful (i.e. economics or securities experts).

## ARGUMENT

### I.　　Rule 403 does not place a limit on the use of more than one expert.

The Government's argument begins by asserting that Rule 403 restricts the use of

1

"duplicative" experts. (Mot. at 2.) The cases cited by the Government fail to support this contention. Instead, they endorse a more tempered proposition, namely, that a court has discretion to prevent the needless presentation of cumulative evidence. The Court also has discretion to allow the valuable presentation of more than one expert opinion on any subject. When courts have chosen to exercise discretion to exclude testimony, it is because the context demands it—not merely because there is more than one witness.

The Government first cites *Int'l Minerals & Res., S.A. v. Pappas*, 96 F.3d 586, 596 (2d Cir. 1996). There the district court excluded letters that included evidence already before the jury. The evidence already before the jury came from testimony by a lay witness and an expert witness. It was held that "[t]he court did not err by concluding that the letters sought to be admitted would have been unnecessarily repetitive."

The Government next cites dicta from *United States v. Holmes*, 44 F.3d 1150, 1157 (2d Cir. 1995)—that the court has discretion to exclude repetitive or cumulative evidence—but in that case the question of cumulative evidence was not reached. The circuit court held that the district judge did not err in excluding the testimony of five out of thirteen witnesses, because the five witnesses' testimony was irrelevant (for three of them there was no connection between their proffered testimony and the transactions at issue in the case, and for the remaining two their testimony was too remote). *Id.* The *Holmes* court supported its dicta about cumulative evidence by citing *United States v. Edwards*, 631 F.2d 1049, 1051 (2d Cir. 1980) (holding that testimony of witnesses on conceded points was properly excluded). The *Edwards* court cited *U.S. v. Mangan*, 575 F.2d 32, 45 (2d Cir. 1978), which merely restates Rule 403 without applying it to exclude cumulative testimony. Thus, the Government overstated general proposition finds no support here.

Next, the Government relies on *Polec v. Nw. Airlines, Inc.*, 86 F.3d 498, 527 (6th Cir. 1996) (aka *In re Air Crash Disaster*). However, that Sixth Circuit case merely upheld a determination that the testimony of three improperly noticed experts would be duplicative of "twenty-four expert witnesses" that had already been put on the stand. Defendants have not put any expert witnesses on the stand, do not seek to present the testimony of anything close to twenty-four expert witnesses (they propose only two[1]), and are not proposing to call experts that have not been properly noticed. To the extent the Court finds the dicta of *Polec* persuasive, it should also recognize that the *Polec* court excluded these additional experts when their testimony was offered after dismissal of the case. And the Sixth Circuit made sure to couch its dicta by saying, "We believe, **in the context of this case**, such an order was perfectly appropriate." *Id.* (emphasis added). Three additional, unnoticed experts, after twenty-four had been heard on the same subjects, and after dismissal, is much different from the case here.

The Government cites *United States v. Mermelstein*, 487 F.Supp.2d 242, 266 (E.D.N.Y. 2007), but it undermines rather than supports the Government's proposition. In that case, the court *denied* a motion to preclude three experts, asserting that redundant expert testimony could be objected to during the hearing. *Id.* The judge in *Mermelstein* acknowledged that another court had a rule that one expert per side was appropriate. *Id.* (citing *AUSA Life Ins. Co. v. Dwyer*, 899 Supp. 1200, 1203 (S.D.N.Y. 1995)). However, while stating that the purpose of its rule was "to avoid giving an advantage to the side that can afford the most expert witnesses," the judge in *Dwyer* allowed two experts' testimony to be put on. *Id.* The concern about a party being unable to afford additional experts would certainly weigh against the Government, as its

---

[1] At the time the Government filed its Motion, Defendants had served reports from four experts, however in its proposed amended witness list served on July 14, 2023, it identified two expert witnesses, Mr. O'Kelly and Mr. Luettke.

budget far surpasses that of the Defendants in this action, and it has more than one thousand ATF agents on its payroll already. (See https://www.atf.gov/careers/special-agents, retrieved on July 12, 2023).

The Government finally provides three cases as examples where courts found duplicative or cumulative expert testimony. In the first, *Highland Capital Management, L.P. v. Schneider*, 551 F.Supp.2d 173, 184 (S.D.N.Y. 2008), a district judge properly exercised its when it permitted a plaintiff to present two experts to testify but excluded another seven also offered by the plaintiff. Significantly, the court permitted two experts from the securities industry, each of whom were set to testify on "customs and practices of the industry." *Id.* at 182.

In the second case, without providing much analysis, a court barred cumulative opinions from two economics experts *on particular subjects*. *US Airways, Inc. v. Sabre Holdings Corp.*, No. 11 CIV 2725 (LGS), 2022 WL 986232, at *2 (S.D.N.Y. Apr. 1, 2022). Nevertheless, the court still permitted both experts to testify, and rely on each other where needed, so long as the particular subjects on which each testified were not duplicative. *Id.*

In the final case, the court held that a district judge did not err by finding an expert's proffered testimony would be cumulative "[i]n light of the testimony of at least four other witnesses" as to the same subject. *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1258 (2d Cir. 1987). Defendants are not proposing to call five experts.

All of these cases are cases where more than one expert was allowed to testify.

Therefore, the Court should reject the Government's assertion that Rule 403 "limits a party's use of "duplicative" experts, including those whose opinions substantially overlap with one another" (Mot. at 2), and instead find that Rule 403 gives it discretion when determining

whether additional testimony—expert or otherwise—is valuable, or needless. The Court should reject the argument that Defendants' experts should be excluded because the law limits the number of experts that a party can use to prove a point. It does not. It gives the Court wide latitude to allow as many experts as it finds useful especially where, as here, four Defendants—including two individual Defendants—proffer just two experts.

## II.  It would be unfair to exclude Defendants' experts' testimony.

The Government next argues, without support, that it is unfair for the Defendants to have more experts than they do because of the appearance that more than one expert agrees with them. (Mot. at 3 ("such an unfair advantage would be difficult to overcome")). The preliminary injunction hearing is not before a jury. The Court is fully capable of fairly weighing expert testimony, as it would fact testimony, without simplistically deciding issues based on the number of witnesses a party can produce.

In fact, "mere numbers" has been persuasively held to be an inappropriate basis for excluding expert testimony. *See Green Const. Co. v. Kansas Power & Light Co.*, 1 F.3d 1005, 1014 (10th Cir. 1993) (citing *Coal Resources, Inc. v. Gulf & W. Ind.*, 865 F.2d 761, 769 (6th Cir.1989); *Aetna Cas. & Sur. Co. v. Guynes*, 713 F.2d 1187, 1193 (5th Cir.1983); *MCI Communications v. American Tel. and Tel. Co.*, 708 F.2d 1081, 1171 (7th Cir.)).

Therefore, the Court should reject the notion that it should exclude Defendants' experts merely because Defendants have one more than the Government.

## III.  The testimony of Daniel O'Kelly and Brian Luettke as to the mechanical functioning of the FRT-15 is not needlessly duplicative.

The Government provides two examples where Defendants' experts agree. As we have pointed out already, this is not enough to justify excluding their testimony. Their varied experience and background, and their unique insights and understanding, shows that their

5

testimony is not needlessly cumulative. For example, Mr. O'Kelly owns and directs the International Firearm Specialist Academy, served as a corporate senior manager for the firearm compliance team at Cabela's, Inc., and spent 23 years as an ATF Special Agent. Mr. Luettke, by contrast, has a master's degree is Professional Studies – Security and Safety Leadership, operates Luettke Firearms Consulting, and was the Chief of the Advanced Firearms & Interstate Nexus Branch of the ATF from 2017 to 2020, after holding several other positions at the ATF before that.

If, during the hearing on August 1, 2023, the Court determines that additional testimony about certain issues that have already been established is not helpful, it has the discretion to control and manage the testimony at that time. The United States will have the right to object based on needless repetition at the hearing. Excluding valuable experts prior to the hearing would be unfair.

## CONCLUSION

Accordingly, we respectfully request that the Court deny the Government's Motion in Limine (ECF No. 78).

DHILLON LAW GROUP INC.
A CALIFORNIA PROFESSIONAL CORPORATION

*/s/ Josiah Contarino*
JOSIAH CONTARINO
50 Park Place, Suite 1105
Newark, NJ 07102
jcontarino@dhillonlaw.com

DAVID A. WARRINGTON
(*pro hac vice*)
2121 Eisenhower Avenue
Suite 608
Alexandria, VA 22314
dwarrington@dhillonlaw.com

                        MICHAEL A. COLUMBO
                        (*pro hac vice*)
                        177 Post St., Suite 700
                        San Francisco, CA 94108
                        415.433.1700
                        mcolumbo@dhillonlaw.com
                        *Attorneys for Defendants*