Case 1:23-cv-00369-NRM-RML   Document 88   Filed 07/19/23   Page 1 of 3 PageID #: 1750



50 Park Place, Suite 1105
Newark, NJ 07102

Josiah Contarino
Phone: 917-423-7221
jcontarino@dhillonlaw.com

July 19, 2023

**VIA ECF**
Honorable Nina R. Morrison
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  *United States v. Rare Breed Triggers, LLC, et al.*
     Civil Action No. 1:23-cv-00369-NRM-RML

Dear Judge Morrison:

    This firm represents Defendants in the above-captioned matter. This responds to the status report submitted by Plaintiff last week. (ECF No. 83.) Before showing how Plaintiff's recitation of the facts and law is off base, we briefly recite what Defendants have done to respond to discovery before the preliminary injunction hearing.

**Defendants' good faith participation in preliminary injunction discovery.**

    Between when counsel appeared for Defendants on May 24, 2023 and July 6, 2023, Defendants produced over 26,000 pages of documents. Defendants responded to Plaintiff's request for Defendants' document collection methods prior to present counsel's appearance, which methods were described in letters on June 6 and June 20, 2023 (both attached), along with document productions. Defendants also readied for depositions Jennifer Pierson, Cole Leleux, and Jennifer Pierson, who were deposed on June 29, June 30, and July 7, respectively. Defendants timely produced expert disclosures by June 30, 2023.

    Defendants notified Plaintiff of the damaged DeMonico phone, ensured DeMonico had attempted to have it restored at his AT&T store (see June 20 letter), sent it to counsel's discovery vendor to attempt to restore it, and are seeking a further expert to attempt to restore it. Defendants have also ensured that three of the four text message chats identified by Plaintiff in its status report (ECF No. 83 at 2) have been preserved through persons other than Mr. DeMonico—namely, Mr. LeLeux and Defendant Maxwell. For the fourth group chat identified by Plaintiff, Plaintiff can subpoena Third Gen Machine for the texts its representatives exchanged with Defendant DeMonico. If Plaintiff has not and prefers not to issue that subpoena, however, Defendant would be willing to. If Plaintiff desires this information before the preliminary injunction hearing, an efficient solution would be to adjourn the hearing. Plaintiff has stated repeatedly, however, that it will not consent to any further adjournment.

A CALIFORNIA PROFESSIONAL CORPORATION WITH OFFICES IN

SAN FRANCISCO | NEWPORT BEACH | WASHINGTON, D.C.–ALEXANDRIA | NEWARK–NEW YORK | WEST PALM BEACH

**Plaintiff fails to show that spoliation has occurred here.**

Nothing in Plaintiff's status report shows any "intent to deprive" Plaintiff of discovery in this matter.[1] (ECF No. 83 at 2.) To state a claim for spoliation, the plaintiff must prove it by three elements: "(1) the party with control over the evidence had a duty to preserve it when it was lost or destroyed; (2) the evidence was lost or destroyed with a culpable state of mind; and (3) the evidence was relevant." *Tri-County Motors, Inc. v. Am. Suzuki Motor Corp.,* 494 F.Supp.2d 161, 167-77 (E.D.N.Y. 2007); see also *Scalera v. Electrograph Sys.,* 262 F.R.D. 162, 176 (E.D.N.Y. 2009) ("Even where the preservation obligation has been breached, sanctions will only be warranted if the party responsible for the loss had a sufficiently culpable state of mind.").

Relevance means something more than sufficiently probative to satisfy Rule 401 of evidence; the party seeking an adverse inference must offer sufficient evidence from which a reasonable trier of fact could infer that the destroyed evidence would have been in the nature alleged by the moving party affected by the destruction. *Scalera*, 262 F.R.D. at 178. "A party seeking sanctions for spoliation must demonstrate that the evidence destroyed was relevant to its claims or defenses. At least where more severe sanctions are at issue, this means that the moving party must show that the lost information would have been favorable to it." *Id.*

Plaintiff fails to satisfy any of the three elements required for a spoliation sanction. First, while there is no dispute that there is a duty to preserve in this matter, there are means to obtain the group text messages identified by Plaintiff, which Defendants are undertaking. Defendants were hopeful to obviate the issue by having experts restore the damaged phone, and are still pursuing that. Nevertheless, Defendants are also seeking the identified group texts from other sources. Accordingly, it is not yet clear whether the text messages are lost.

And a spoliation sanction "applies only when such information is lost. Because electronically stored information often exists in multiple locations, loss from one source may often be harmless when substitute information can be found elsewhere." Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment; *accord Mod. Remodeling, Inc. v. Tripod Holdings, LLC*, No. CV CCB-19-1397, 2021 WL 3852323, at *8 (D. Md. Aug. 27, 2021) ("Information is lost if it is irretrievable from another source."); *Steves & Sons, Inc. v. Jeld-Wen, Inc.,* 327 F.R.D. 96, 107 (E.D.V.A. 2018) ("Information is lost for purposes of Rule 37(e) only if it is irretrievable from another source, including other custodians.").

Second, Defendant DeMonico did not have a "culpable state of mind." His phone sustained water damage during a field day at his children's elementary school where there were several activities involving water. Mr. DeMonico attempted to dry out his phone, and went to the AT&T store the next business day to have it restored.

Third, relevance has not been established at this point. Seeking a severe spoliation sanction at the preliminary injunction hearing, especially as a first step in seeking judicial intervention, requires that Plaintiff "show that the lost information would have been favorable to it," which it has not.

Plaintiff has not shown that a spoliation sanction is proper at this juncture. Any request by

---

[1] As an aside, it is odd that Plaintiff files this status report claiming spoliation without first moving to compel discovery, if indeed Plaintiff believes Defendants have failed to participate in discovery in good faith.

June 19, 2023
Page 3 of 3

Plaintiff for such a sanction should therefore be denied.

    Respectfully submitted,

    DHILLON LAW GROUP INC.

    By: _____/s/_____
        David A. Warrington (*pro hac vice*)
        Michael A. Columbo (*pro hac vice*)
        Josiah Contarino

cc: All Counsel of Record (via ECF)