UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-against-<br><br>RARE BREED TRIGGERS, LLC; RARE BREED FIREARMS, LLC; LAWRENCE DEMONICO; KEVIN MAXWELL,<br><br>Defendants. | Case No. 1:23-cv-00369-NRM-RML |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE # 4 - EXCLUSION OF EXPERT TESTIMONY OF THE FRT-15's RATE OF FIRE AND PRIOR NON-PUBLIC ATF CLASSIFICATIONS**

This case is about whether the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") correctly classified Defendants' product, a trigger known as the FRT-15, as a "machinegun" as defined by federal statute.[1] In this motion, Defendants respectfully request that the government's expert, Anthony Ciravolo ("Mr. Ciravolo") be precluded from testifying about matters that are irrelevant to his opinion about whether the FRT-15 is a machinegun under the law.[2] Specifically, we anticipate the government will try to elicit testimony and observations from Mr. Ciravolo about the effect of the FRT-15 on a rifle's rate of fire and past non-public ATF classifications of other devices manufactured by other persons that are not at issue here. Such testimony is irrelevant and more prejudicial than probative. First, when examined at his deposition on July 14, 2023, Mr. Ciravolo testified that his reports and

---

[1] This matter also involves the Defendants' sale of a device known as a Wide Open Trigger ("WOT"), originally manufactured by another company. The arguments presented here with respect to the FRT-15 apply equally to any such testimony or evidence as it pertains to the WOT.

[2] Defendants respectfully request the Court's indulgence in the timing of this filing. The testimony of Mr. Ciravolo on which this motion is based came from his July 14, 2023, deposition, which was after the expert motion *in limine* deadline the Court had set.

1

observations about the rate of fire have no bearing on whether the FRT-15 should be classified as a "machinegun," and were included in his report "for information purposes only." (See relevant portion from the Transcript of the Deposition of Anthony Ciravolo, attached hereto as Exhibit A, at 180:8-24). Second, he testified that he did not rely on prior ATF classifications to determine how the FRT-15 should be classified. Third, because the ATF does not publish prior classifications concluding that a device is a machinegun (the protective order in this case was amended to allow the ATF to share them with Defendants), the existence of these secret examinations also has no bearing on Defendants' knowledge, state of mind, or intent at the time of the events at issue in this case.

The exclusion of any discussion by Ciravolo of cycle rate, or rate of fire, or past non-public ATF classifications is warranted under Federal Rule of Evidence 402, as such discussions lack probative value. Additionally, these subjects should be excluded due to their inflammatory and prejudicial nature, in accordance with Federal Rule of Evidence 403. And such discussions fail the test for admissibility under Federal Rule of Evidence 702 because they will not help the trier of fact to understand the evidence or to determine a fact in issue. The legal definition of a "machinegun" has nothing to do with cycle rate, or rate of fire or prior non-public ATF classifications of devices not at issue here. U.S. Code § 5845(b). Nor does the ATF's secret classifications of other devices have any relevance to Defendants' intent with respect to the sale of the FRT-15.

## LEGAL STANDARD

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460, 463, 83 L. Ed. 2d 443

(1984) (citing Fed. R. Evid. 103(c) & Fed. R. Crim. Proc. 12(e)). A judge should exercise reasonable control over the "examining of witnesses and presenting of evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a).

Evidence must be relevant to be admissible. Fed. R. Evid. 402. Relevant evidence must (a) have a "tendency to make a fact more or less probable than it would be without the evidence" and (b) the fact must be "of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Expert testimony is only allowed if it "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.

## ARGUMENT

Mr. Ciravolo should not be allowed to testify about "rate of fire" or "cycle rate." Such testimony is irrelevant. Mr. Ciravolo himself admitted that this aspect was included in his report solely for information purposes and has no bearing on his opinion regarding whether the FRT-15 is a "machinegun." (Ex. A, Ciravolo Dep. 180:14-24.) Mr. Ciravolo also testified that he doesn't "rely on [classifications of prior devices] in the sense of it helps [him] determine what the device [he] currently examining is." (*Id.* 48:16-22.) Moreover, the protective order in this case was recently amended at the Government's request because it deems past examinations finding that devices were machineguns to be nonpublic taxpayer return information. (*See* ECF No. 84.) The existence of secret government examinations of other devices in the past would also not be relevant to the Defendants' knowledge or intent with respect to their sale of the

3

FRT-15.

"Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993). A district court must "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Nimley v. City of New York*, 414 F.3d 381, 395-96 (2d Cir. 2005). Allowing Mr. Ciravolo to testify on topics he has clearly disavowed as irrelevant to his expert opinion not only violates the principles of relevancy under the Federal Rules of Evidence but also risks confusing the trier of fact with extraneous and non-substantive information.

This information could also lead to unfair prejudice against the Defendants because it would divert attention away from the central legal issue and the relevant mechanical evidence on which that issue must be resolved. "[T]he Supreme Court, echoed by members of [the Second Circuit Court of Appeals], has noted the uniquely important role that Rule 403 has to play in a district court's scrutiny of expert testimony, given the unique weight such evidence may have . . . ." *United States v. Hamlett*, No. 19-3069, 2021 WL 5105861, at *1 (2d Cir. Nov. 3, 2021) (citations omitted).

## CONCLUSION

Accordingly, we respectfully request that the Court grant this motion in limine and preclude Mr. Ciravolo from testifying about "cycle rate" or "rate of fire" or prior non-public ATF classification reports at the hearing because, according to Mr. Ciravolo, none of these things inform his opinion.

DHILLON LAW GROUP INC.
A CALIFORNIA PROFESSIONAL CORPORATION

*/s/ Josiah Contarino*
JOSIAH CONTARINO

4

50 Park Place, Suite 1105
Newark, NJ 07102
jcontarino@dhillonlaw.com

DAVID A. WARRINGTON
(*pro hac vice*)
2121 Eisenhower Avenue
Suite 608
Alexandria, VA 22314
dwarrington@dhillonlaw.com

MICHAEL A. COLUMBO
(E.D.N.Y. application forthcoming)
177 Post St., Suite 700
San Francisco, CA 94108
415.433.1700
mcolumbo@dhillonlaw.com

*Attorneys for Defendants*