UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-against-<br><br>RARE BREED TRIGGERS, LLC; RARE BREED FIREARMS, LLC; LAWRENCE DEMONICO; KEVIN MAXWELL,<br><br>Defendants. | Case No. 1:23-cv-00369-NRM-RML |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE #2 – EXCLUSION OF EVIDENCE OF THE FRT-15's RATE OF FIRE AND PRIOR NON-PUBLIC ATF CLASSIFICATIONS**

The central issue in this case is the proper classification of Defendants' product, a trigger known as the FRT-15. Specifically, whether it is a "machinegun" according to the law based on its mechanical operation. However, the deposition testimony of the Government's expert and the Government's proposed exhibits in this matter indicate an intent to improperly influence the Court and muddy the record with information that is irrelevant to the statutory definition of a machinegun.

Indeed, many of the Government's 135 exhibits fall into this category. Defendants are concerned that the volume of these irrelevant exhibits will overtake the two days that are scheduled for the preliminary hearing. Without excluding the irrelevant exhibits and testimony, and without any boundaries on the time the parties' can present their respective cases, Defendants fear the Government will use the majority of the two-day hearing for its case in chief, which will leave little time for Defendants to present their evidence.

1

**LEGAL STANDARD**

Through *in limine* rulings, the district court has the "inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460, 463, 83 L. Ed. 2d 443 (1984) (citing Fed. R. Evid. 103(c) & Fed. R. Crim. Proc. 12(e)). A judge should exercise reasonable control over the "examining of witnesses and presenting of evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a). Evidence must be relevant to be admissible. Fed. R. Evid. 402. Relevant evidence must (a) have a "tendency to make a fact more or less probable than it would be without the evidence" and (b) the fact must be "of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "[A] bench trial is merely a jury trial before one rather than twelve." *Gersten v. Senkowski*, 426 F.3d 588, 614 (2d Cir. 2005).

**ARGUMENT**

The key issue at hand is whether Defendants' triggers fall within the legal definition of a "machinegun" as set forth in 26 U.S. Code § 5845(b) based on the mechanical operation of the trigger. The statute, in pertinent part, defines machinegun this way: "The term 'machinegun' means any weapon **which shoots**, is designed to shoot, or can be readily restored to shoot, **automatically more than one shot**, without manual reloading, **by a single function of the trigger**." 26 U.S.C. § 5845(b) (emphasis added).

"The definition of machinegun as set forth in the Gun Control Act and National

Firearms Act establishes two conditions that must obtain in order for a weapon to qualify." *Cargill v. Garland*, 57 F.4th 447, 464 (5th Cir. 2023). First, the "weapon must operate 'automatically.'" *Id.* Second the weapon must operate "'by a single function of the trigger.'" *Id.*[1]

"Single function of the trigger" has been interpreted to mean "'action.'" *Id.* at 459. Thus, the question here is whether the FRT-15 "fires more than one shot each time the trigger 'acts.'" *Id.* "The statutory definition of machinegun utilizes a grammatical construction that ties the definition to the movement of the trigger itself, and not the movement of a trigger finger." *Id.* at 460.

Even the Government's expert agrees that whether the FRT-15 is a machinegun is *not answered* by whether the FRT-15 increases the rate of fire. He agreed that the FRT-15's rate of fire has no "bearing on [his] reasoning to classify it as a machinegun," and he instead included rate of fire analysis for "informational purposes only." (Ex. A, Ciravolo Dep. 180:14-24.) Nor do past classifications inform the Government's expert's decision to classify the FRT-15 as a machinegun: "I don't rely on [classifications of prior devices] in the sense of it helps me determine what the device I'm currently examining is." (*Id.* 48:16-22.)

Despite rate of fire and prior ATF classifications having no impact on whether a device is a machinegun either under the statute or under the Government's own expert's opinion, the Government's exhibits continue to focus on the FRT-15's rate of fire and the ATF's past classification of devices not at issue here.[2] This has no probative value and is confusing,

---

[1] Defendants contest both but for purposes of this motion focus only on "single function of the trigger."

[2] By contrast, public prior classification reports regarding devices similar to the FRT-15 are relevant to Defendants' state of mind when offering the FRT-15 for sale. The non-public classification reports offered by the Government, are not relevant. In addition, these non-public classification reports are subject to the protective order in this matter (indeed, it the protective order was modified for them) and therefore will cause delay when being offered at the hearing.

3

prejudicial, and wastes time, and therefore should be excluded pursuant to FRE 402, 403, and 611. Accordingly, the Government should be precluded from presenting testimony and evidence as to the FRT-15's rate of fire or prior non-public ATF classifications, including:

- Government's Exhibit 24 (video showing FRT-15 rate of fire);
- Government's Exhibit 25, 0:03-0:21 (video showing FRT-15 rate of fire);
- Government's Exhibit 29 (2005 ATF classification letter regarding unrelated device not at issue here);
- Government's Exhibit 30 (2005 ATF classification letter regarding unrelated device not at issue here);
- Government's Exhibit 31 (2005 ATF classification letter regarding unrelated device not at issue here);
- Government's Exhibit 32 (2006 ATF classification letter regarding unrelated device not at issue here);
- Government's Exhibit 33 (2006 ATF classification letter regarding unrelated device not at issue here);
- Government's Exhibit 114 (2017 ATF classification letter regarding other device not at issue here);
- Government's Exhibit 115 (2016 ATF classification letter regarding unrelated device not at issue here);
- Government's Exhibit 116 (1975 ATF classification letter regarding unrelated device not at issue here);
- Government's Exhibit 118 (1994 ATF classification letter regarding unrelated device not at issue here);
- Government's Exhibit 119 (2004 ATF classification letter regarding unrelated device not at issue here);
- Government's Exhibit 120 (2006 ATF classification letter regarding unrelated device not at issue here).

## CONCLUSION

Accordingly, we respectfully request that the Court grant this motion *in limine*.

DHILLON LAW GROUP INC.
A CALIFORNIA PROFESSIONAL CORPORATION

*/s/ Josiah Contarino*
JOSIAH CONTARINO
50 Park Place, Suite 1105
Newark, NJ 07102
jcontarino@dhillonlaw.com

DAVID A. WARRINGTON
(*pro hac vice*)
2121 Eisenhower Avenue
Suite 608
Alexandria, VA 22314
dwarrington@dhillonlaw.com

MICHAEL A. COLUMBO
(*pro hac vice*)
177 Post St., Suite 700
San Francisco, CA 94108
415.433.1700
mcolumbo@dhillonlaw.com
*Attorneys for Defendants*
