IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, -against- RARE BREED TRIGGERS, LLC; RARE BREED FIREARMS, LLC; LAWRENCE DEMONICO; KEVIN MAXWELL, *Defendants*. | Case No. 1:23-cv-00369-NRM-RML |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION *IN LIMINE* #3 - EXCLUDING PLAINTIFF'S WITNESS
NUMBERS 5 (WILLIAM RYAN)**

I.   **PRELIMINARY STATEMENT**

Rare Breed Triggers, LLC; Rare Breed Firearms, LLC; Lawrence Demonico; and Kevin Maxwell ("Defendants") respectfully submit this Memorandum of Law in Support of Defendants' Motion *in Limine* to Exclude Plaintiff's Witness Numbers 5 (William Ryan) ("Motion") in order to preclude Plaintiff (the "Government") from offering lay opinion testimony at the upcoming August 1, 2023 Preliminary Injunction Hearing (the "Hearing") from witnesses who should have been designated as experts.

Featured on the Government's witness list is a witness with no personal knowledge of *any* facts in this case. William Ryan is the Chief of the Firearms and Ammunition Technology Division ("FATD") of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") who will be called to discuss the FATD's expert technical support to ATF, other Federal agencies, state and local law enforcement, the firearms industry, Congress, and the general public. (ECF No. 91 at 2.)  In other words, the Government is calling upon Mr. Ryan to provide expert opinion

testimony.

The Government should have designated Mr. Ryan as an expert in order to testify in the abstract about the ATF's abilities, functions, and roles. Because he has no firsthand knowledge of the facts of this case, his testimony irrelevant and impermissible expert opinion. For that reason, and those set forth herein, this Court should exclude the testimony of William Ryan or risk unfairly prejudicing Defendants and confusing the facts at issue.

## II.    LEGAL STANDARD

*In limine* rulings developed pursuant to a district court's "inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c) & Fed. R. Crim. P. 12(e)). "The purpose of an *in limine* motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). Pursuant to Fed. R. Evid. 611(a), "[t]he Court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment."

Generally, evidence must be relevant to be admissible. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

III.  ARGUMENT

This Court should exclude the testimony of Government witness William Ryan, who is without firsthand knowledge or perception of the case, without a connection to the facts, and whose testimony would almost certainly be based on scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702.  The Government's own witness list shows Mr. Ryan would be better suited as an expert witnesses and he should have been designated as such.  His likely testimony is irrelevant and would risk unfairly prejudicing defendants, confusing the issues in this case, and misleading the Court.

Expert testimony may be based on the expert's "scientific, technical, or other specialized knowledge," while lay testimony may not.  *Compare* Fed. R. Evid. 702 (allowing expert opinion testimony if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"), *with* Fed. R. Evid. 701 (disallowing lay witness opinion testimony if it is "based on scientific, technical, or other specialized knowledge.")  Lay witnesses "may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.  Moreover, lay witnesses (*i.e.*, those witnesses not designated as an expert) may only offer opinion testimony if the opinion is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701.  The proponent of lay opinion testimony has the burden of establishing the offered testimony meets all three foundational requirements.  *United States v. Garcia*, 413 F.3d 201, 211 (2d Cir. 2005) (holding testimony of a government agent, who was not designated as an expert, was a lay summary opinion and was therefore inadmissible).  The Government cannot

meet its burden of establishing that Mr. Ryan's testimony meets Federal Rule of Evidence 701's foundational requirements, especially because his testimony will involve opinions only an expert witness may give.

Courts within the Second Circuit have addressed this very issue. For example, in *American Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc.*, No. CV 05-5155(AKT), 2010 WL 741971, at *4 (E.D.N.Y. Feb. 23, 2010), the court analyzed applicable Second Circuit precedent in arriving at its conclusion that Plaintiffs' lay witness was precluded from testifying about custom and practice in the construction industry. The Court noted, however, that defendant "had not demonstrated that [the witness's] testimony should be precluded in its entirety . . . [and was] therefore permitted to testify about his first-hand knowledge of the Project. *Id*. at *5 (*citing Helena Assocs., LLC v. EFCO Corp.*, No. 06 Civ. 0861, 2008 WL 2117621, at *5 (S.D.N.Y. May 15, 2008) (allowing lay witnesses to testify about their observations as long as their testimony is based upon first-hand knowledge of the project)).

By way of further example, the *Garcia* Court held that the Government could not satisfy its burden that a government agent's opinion testimony met any of the foundational requirements of Federal Rule of Evidence 701, making it inadmissible as a lay summary opinion. *Garcia*, 413 F.3d at 231. In so holding, the court noted "the government made no attempt to demonstrate that [the agent's] challenged opinion was informed by reasoning processes familiar to the average person in everyday life rather than by scientific, technical, or other specialized knowledge." *Id*. at 216. Indeed, "the foundation requirements of Rule 701 do not permit a law enforcement agent to testify to an opinion so based and formed if the agent's reasoning process depended, in whole or in part, on his specialized training and experience." *Id*.

Mr. Ryan, Chief of the Firearms and Ammunition Technology Division of the ATF, is

4

slated to discuss the FATD's *expert* technical support to ATF, other Federal agencies, state and local law enforcement, the firearms industry, Congress, and the general public. But Mr. Ryan has no personal knowledge of the facts of this case or of Defendants generally, and the Government cannot demonstrate that Mr. Ryan's eventual opinion testimony will satisfy Federal Rule of Evidence 701. Like the lay witness testimony in *American Manufacturer's Mutual Insurance Company* precluded from testifying about construction industry practices and the government agent's lay testimony in Garcia excluded because it depended on "specialized training and experience," this Court should exclude Mr. Ryan's proposed testimony, based on his specialized training and experience, about the ATF's general operations.

### IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion and exclude the testimony of Government witness William Ryan.

DHILLON LAW GROUP INC.
A CALIFORNIA PROFESSIONAL CORPORATION

*/s/ Josiah Contarino*
JOSIAH CONTARINO
50 Park Place, Suite 1105
Newark, NJ 07102
jcontarino@dhillonlaw.com

DAVID A. WARRINGTON
(*pro hac vice*)
2121 Eisenhower Avenue
Suite 608
Alexandria, VA 22314
dwarrington@dhillonlaw.com

MICHAEL A. COLUMBO
(*pro hac vice*)
177 Post St., Suite 700
San Francisco, CA 94108
415.433.1700
mcolumbo@dhillonlaw.com
*Attorneys for Defendants*
