

U.S. Department of Justice

United States Attorney
Eastern District of New York

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 21, 2023

**BY ECF**
Honorable Nina R. Morrison
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *United States v. Rare Breed Triggers, LLC*,
       No. 23-cv-369 (Morrison, J.) (Levy, M.J.)

Dear Judge Morrison:

  The United States respectfully submits this letter in response to Defendants' July 19, 2023 letter (ECF No. 88) regarding the destruction of data, including text messages, from Defendant Lawrence DeMonico's cell phone. While the United States reserves its right to seek appropriate relief regarding the potential spoliation of evidence stemming from Defendants' failure to preserve data from Defendant DeMonico's phone at the preliminary injunction hearing or later in this litigation, the United States seeks to proceed without delay with the August 1, 2023 preliminary injunction hearing.

**I.** **Background**

  As Your Honor has overseen discovery throughout this expedited litigation, the United States provided a status report on discovery to Your Honor on June 22, 2023, in which it stated, *inter alia*, that Defendants had informed the United States (on June 20, 2023) that data from Defendant DeMonico's personal cell phone, which he used to conduct RBT's day-to-day business, may have been lost. *See* ECF No. 71. That data includes text messages and may include other relevant information. Defendants advised the United States that the damage to the phone occurred on May 5, 2023. This development was particularly problematic given that Defendant DeMonico communicated with others via text on his cell phone regarding the manufacture, possession, receipt, transfer, customer base, and/or historical or current sale of FRT-15s, Wide Open Triggers, forced reset triggers, and/or machinegun conversion devices. *See id*. The United States immediately sought more information from Defendants about this issue. *See id*.

  On July 13, 2023, the United States filed a second status report with Your Honor and provided an update regarding the status of the data collection from Defendant DeMonico's phone. *See* ECF No. 83. The United States first reiterated Defendants' duty to comply with the preservation requirements of the temporary restraining order, to wit: "Defendants, their agents, officers and employees, and all other persons and entities in active concert or participation with

them . . . to preserve all documents related to the manufacture, possession, receipt, transfer, customer base, and/or historical or current sale of FRT15s, Wide Open Triggers, forced reset triggers, and/or machinegun conversion devices." ECF No. 11, ¶ 10.B (hereinafter the "Preservation Order"). As Defendants had failed to preserve Defendant DeMonico's texts, the United States next noted that Defendants had violated the terms of the Preservation Order. Not only had Defendants failed to produce the requested texts from Defendant DeMonico's cell phone, but they failed to produce text messages from those with whom Defendant DeMonico had corresponded, including Defendant Kevin Maxwell. *See id*. While Defendants said that they had hired a vendor to examine Defendant DeMonico's phone, they could not confirm whether the vendor could retrieve any data from the phone or even provide a firm timeline about their efforts to locate the data. *See id.* Given Defendants' failures, the United States reserved its right to seek appropriate relief regarding the potential spoliation of evidence at the upcoming hearing. *See* ECF No. 83.

Two nights ago, Defendants filed a letter in which they stated that they sent Defendant DeMonico's damaged phone to "counsel's discovery vendor to attempt to restore it, and are seeking a further expert to attempt to restore it." ECF No. 88. Defendants stated that they "have also ensured that three of the four text message chats identified by Plaintiff in its status report have been preserved through persons other than Mr. DeMonico—namely, Mr. Le[l]eux and Defendant Maxwell." *Id.* [1] What Defendants failed to disclose, however, is that they still have not produced any of the aforementioned text messages. Additionally, their letter to the Court is the first time Defendants have stated that they searched the cell phones of others who work for, or otherwise run, RBT.

Defendants suggested in their letter that the United States "can subpoena Third Gen Machine for the texts its representatives exchanged with Defendant DeMonico." *Id.* Defendants alternatively said that they could instead issue a subpoena to Third Gen Machine and add that if the United States "desires this information before the preliminary injunction hearing, an efficient solution would be to adjourn the hearing." *Id.* Defendants also noted that "[a]s an aside, it is odd that Plaintiff file[d] this status report claiming spoliation without first moving to compel discovery, if indeed Plaintiff believes Defendants have failed to participate in discovery in good faith." ECF No. 88. What is odd is the suggestion that the *United States* should now look for this evidence by issuing process to third parties, and the intimation that the *United States* is to blame for this evidence being unavailable before the preliminary injunction hearing because it did not move to compel.

---

[1] The timing of Defendants' purported preservation of these other text message chains is unclear; Defendants do not state when that occurred. The United States notes that, during the deposition of Cole Leleux on June 30, 2023, Mr. Leleux stated that he had taken no steps to preserve any data that he may possess. The Court will recall that Mr. Leleux is a key player in RBT's operations and is subject to the preservation requirements of the Temporary Restraining Order. Jennifer Pierson, who worked and still works for RBT, testified to the same effect, on June 29, 2023. That is, she had not, as of that date, taken any steps to preserve data that she possessed. Among other things, Ms. Pierson is responsible for communicating with RBT's customers.

## II. The United States is Prepared to Move Forward with the August 1, 2023 Hearing

Defendants are correct in one respect: the United States has not yet moved for sanctions—nor has it moved to compel discovery. As noted above and throughout this litigation, the United States seeks to move as expeditiously as possible to obtain a preliminary injunction. With the hearing only days away, a motion for sanctions or a motion to compel would, practically speaking, only serve to delay the hearing—which is a risk the United States is not willing to take, and would only reward Defendants' dilatory tactics.[2]

That the United States has been steadfast in its opposition to any further delay in obtaining a preliminary injunction to avoid any further spread of even more machinegun conversion devices does not excuse Defendants' failure to comply with the Preservation Order and with their discovery obligations. The United States has made, and will continue to make, a record of Defendants' failures. To that end, the United States does not waive any right associated with seeking spoliation or other sanctions should it be necessary at some point in this litigation.

The United States remains ready to proceed with the preliminary injunction hearing on August 1. At the hearing, the United States will demonstrate that there is probable cause to believe that Defendants' actions in defrauding the United States amount to a *Klein* conspiracy and that Defendants have engaged in mail and wire fraud and conspiracy to commit mail and wire fraud. See ECF Nos. 1, 5, 56. And even if the Court were to find that the standard for this preliminary injunction sought under 18 U.S.C. § 1345 is irreparable harm rather than probable cause, the United States will show that irreparable harm will result absent a preliminary injunction.

---

[2] This letter primarily addresses the data from Defendant DeMonico's phone that was lost. That lost data is only one of several deficiencies in Defendants' discovery responses. For instance, Defendants have advised the United States that the initial search for documents was done by the Defendants themselves, and not counsel. And some weeks ago, Defendants advised the United States that they possessed relevant emails from Defendant DeMonico's personal email account; those emails still have not been produced.

The United States thanks the Court for its consideration of this matter.

                    Respectfully submitted,

                    BREON PEACE
                    United States Attorney

By:       /s/
                    Michael S. Blume
                    David A. Cooper
                    Paulina Stamatelos
                    Assistant U.S. Attorneys
                    (718) 254-6479 / 6228 / 6198
                    michael.blume@usdoj.gov
                    david.cooper4@usdoj.gov
                    pauline.stamatelos@usdoj.gov

**cc:**    **BY ECF**
        All counsel of record