

U.S. Department of Justice

United States Attorney
Eastern District of New York

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 24, 2023

**BY ECF**
Honorable Nina R. Morrison
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *United States v. Rare Breed Triggers, LLC*,
              No. 23-cv-369 (Morrison, J.) (Levy, M.J.)

Dear Judge Morrison:

      The United States respectfully moves to quash a subpoena served on retired ATF official Earl Griffith under Federal Rule of Civil Procedure 45(d)(3).

**I.**    **Background**

      Mr. Griffith is a former head of the Firearms and Ammunition Technology Division (FATD) at ATF. He is not a party to this action and has retired from ATF. Upon information and belief, he currently resides in West Virginia and does not regularly transact business in person outside of West Virginia.

      Per the Court's so-ordered schedule, on July 7, 2023, Defendants identified Mr. Griffith on their proposed witness list in advance of the August 1, 2023 preliminary injunction hearing. A week later, on July 14, 2023, Defendants again identified Mr. Griffith as a potential declarant who had "information on FEOs SOP and their ability to testify to something counter to the agency position". On July 20, 2023, Defendants identified Mr. Griffith as a witness on their final list and described his anticipated testimony in the same fashion as on July 14, but no longer listed him as a declarant.

      The United States has now learned that, upon information and belief, Mr. Griffith was served with a subpoena commanding him to testify, in person, at the August 1, 2023 hearing in Brooklyn. A copy of that subpoena is annexed. Defendants provided notice of that subpoena to the United States at approximately 12:45 a.m. on July 21.

**II.**    **The subpoena on Mr. Griffith should be quashed for failure to comply with Rule 45**

      Defendants' subpoena for Mr. Griffith's testimony at the August 1, 2023 hearing should be quashed because it fails to adhere to the limits, under Fed. R. Civ. P. 45(c), on the geographic

scope of subpoenas.

Fed. R. Civ. P. 45(c) stipulates that a subpoena may only "command a person to attend a trial, hearing, or deposition" "within 100 miles of where the person resides, is employed, or regularly transacts business in person," or, if the witness is "a party or party's officer" "within the state where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c); *see also* 9A Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 2461 (3d ed. 2018).

The subpoena purports to command Mr. Griffith to attend the preliminary injunction hearing in Brooklyn. But Mr. Griffith does not live, work, or regularly transact business in person within 100 miles of the courthouse, or elsewhere within New York State. Fed. R. Civ. P. 45(d)(3)(A)(ii) makes clear that when a subpoena "requires a person to comply beyond the geographical limits specified in Rule 45(c)," quashing is mandatory: "the court for the district where compliance is required must quash or modify a subpoena."

Upon information and belief, Mr. Griffith is not willing to appear at the hearing voluntarily.

The 100-mile rule set forth in Rule 45(c)(1)(A) is well-settled in American jurisprudence. As the Supreme Court has explained, "[t]he century-and-a-half-old special statutory provision relating to service of subpoenas more than 100 miles from the courthouse is designed not only to protect witnesses from the harassment of long, tiresome trips but also, in line with our national policy, to minimize the costs of litigation, which policy is strongly emphasized in the Federal Rules of Civil Procedure." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 234 (1964); *Great Lakes Reinsurance (UK) SE v. Herzig*, No. 16-CV-9848 (PGG), 2023 WL 4406149, at *3 (S.D.N.Y. July 7, 2023) (granting motion to quash subpoena under Fed. R. Civ. P. 45); *Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213, 219-20 (E.D. La. 2008) (emphasizing that "courts' powers to issue subpoenas have long been geographically restricted. Limitations on where a subpoena may be served are almost as old as the nation itself.") (citing Judiciary Act of 1793, Ch. 22 § 6, 1 Stat. 333, 335 (1793) (a subpoena may compel "witnesses living out of the district in which the court is holden, [who] do not live at a greater distance than one hundred miles from the place of holding the same.")); *Lynch v. Luckenbach S.S. Co*, 104 F. Supp. 494, 495 (S.D.N.Y. 1952) ("All the Boston witnesses are beyond the 100 mile limit and are not subject to subpoena by this Court.").

"The 100-mile and state radii now apply to party and non-party alike." *Saget v. Trump*, 351 F. Supp. 3d 251 (E.D.N.Y. 2019). Fed. R. Civ. P. 45(c) does not contemplate allowing a plaintiff to command a defendant with no direct ties to the State of New York to travel more than 100 miles to provide testimony. *See, e.g.,* Adv. Comm. Notes to 2013 Amendments to Rule 45; *Townsend v. Clairol Inc.*, 26 F. App'x 75, 78 (2d Cir. 2002) (affirming decision to deny plaintiff's request to Rule 45(c) stipulates that a subpoena may only "command a person to attend a trial, hearing, or deposition" "within 100 miles of where the person resides, is employed, or regularly transacts business in person," or, if the witness is "a party or party's officer" "within the state where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c); *see also Krueger Investments, LLC v. Cardinal Health 110, Inc.*, No. 12-CV-0618, 2012 WL 3264524, at *3 (D. Ariz. Aug. 9, 2012) (quashing subpoena on Drug Enforcement Administration agents pursuant to Fed. Civ. P. 45 and "accepting the United States' representation

that [since] any other responsive witness is in Washington, D.C., those witnesses would also be beyond the 100 mile reach of Rule 45."); 9A Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 2461 (3d ed. 2018).[1]

Beyond the subpoena's geographic infirmity, Defendants failed to comply with Rule 45's temporal requirement. A court is required to quash or modify a subpoena that "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i). Sending a notice demanding a proposed witness to testify at a hearing only days away—when Defendants first identified this witness weeks ago—fails to provide a reasonable time to comply. For this reason as well, the subpoena should be quashed.[2]

### III. Mr. Griffith has not been authorized by ATF to testify in person

Even assuming that Defendants could overcome Fed. R. Civ. P. 45's geographic limitations and temporal requirement, the subpoena should still be quashed because Mr. Griffith has not been authorized by ATF to testify in person at the August 1, 2023 hearing.

No present or former employee of the Department of Justice, which includes ATF, may testify or produce Departmental records in response to subpoenas or demands of courts or other authorities issued in any state or federal proceeding without obtaining prior approval by an

---

[1] While there is no indication that Mr. Griffith is even available to testify via video, requiring the proposed witnesses to testify by video would constitute an impermissible end-run around Rule 45. Although Rule 43(a) authorizes the Court to "permit testimony in open court by contemporaneous transmission from a different location," Fed. R. Civ. P. 43(a), that rule is entirely permissive in nature (i.e., it provides a basis to authorize a party who wishes to offer remote testimony the opportunity to do so) and does not empower courts to direct witnesses to appear by video who have not chosen to do so. In particular, it is well established that that rule does not provide a means to circumvent the geographic limitations set forth in Rule 45. *See Rheumatology Diag. Lab., Inc. v. Aetna, Inc.*, No. 12-cv-58470 (WHO), 2015 U.S. Dist. LEXIS 92776, at *21 (N.D. Cal. July 26, 2015) (precluding video trial testimony as a backdoor means of avoiding Rule 45's radius limits); *Ping-Kuo Lin v. Horan Capital Mgmt., LLC*, No. 14 CIV. 5202 LLS, 2014 WL 3974585, at *1 (S.D.N.Y. Aug. 13, 2014) (denying plaintiff's motion to compel witness, whose offices were located in Maryland and Florida, to testify via videoconference in a New York arbitration since the witness was outside the subpoena power under FRCP 45(c)); *see also Rochester Drug Coop. Inc. v. Campanelli*, 2023 WL 2956879 (S.D.N.Y. April 14, 2023) (explaining FRCP 45(c)). Nothing in Rule 45, or in the case law interpreting it, allows a party to subpoena a witness anywhere in the world simply because the possibility exists that the witness could testify by video. In addition, Defendants have known about Mr. Griffith, and his limited connection to the FRT-15, for over a year now (and likely much longer). Defendants' Exhibit F is a March 26, 2022 video of Defendant Kevin DeMonico, seemingly in front of a pool or a hot tub, in which he complains about, among other things, Mr. Griffith, by name, effectively accusing him of suborning perjury to support a search warrant. *See* Defendants' Exhibit F at 13:30-14:08. Defendants could have long ago sought to depose Mr. Griffith during the now-closed discovery period; they did not do so.

[2] Defendants will not suffer any prejudice by not having Mr. Griffith testify at the hearing. The evidence they seem to want to elicit from Mr. Griffith concerns the general operations of the ATF. As the Court is aware, Defendants have list four former ATF officials as witnesses, two of whom are slated to testify in person. It is not clear why they would also want – or need – Mr. Griffith.

appropriate Department official. *See* 28 C.F.R. §§ 16.21 *et seq.*; *see United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). The statutory authority for regulations such as these is found in the Federal Agency Housekeeping Act, 5 U.S.C. § 301, which authorizes the head of every Executive Branch agency to "prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use and preservation of its records, papers and property."

The Supreme Court has held for more than half a century that federal courts lack the authority to compel current or former federal employees to violate directives of their employing agencies with regard to providing requested testimony, finding that housekeeping regulations such as these serve to "centraliz[e] determinations as to whether subpoenas . . . will be willingly obeyed or challenged," thereby avoiding "the possibilities of harm from unrestricted disclosure in court." *Touhy*, 340 U.S. at 468; *see also Edwards v. Dep't of Justice*, 43 F.2d 312, 316-17 (7th Cir. 1994); *In re Boeh*, 25 F.3d 761, 763, 766-67 (9th Cir. 1994).

Mr. Griffith has not been authorized to appear or to testify in person at the August 1, 2023 hearing. Several reasons justify this lack of authorization. In addition to the facts that the subpoena exceeds Rule 45's geographic limits and temporal requirement, it appears that Defendants want to examine Mr. Griffith about his work at FATD. Pursuant to 28 C.F.R. § 16.26(a)(2), ATF's *Touhy* regulations direct officials to consider the "substantive law concerning privilege." Here, ATF submits that permitting a retired official to opine about potentially law enforcement-sensitive and potentially privileged information could cause undue risk of harm to law enforcement proceedings. Indeed, Mr. Griffith's unknown testimony could "reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired." 28 C.F.R. § 16.26(b)(5). Such testimony is particularly inappropriate where, as here, the United States already plans to call as an expert witness, Mr. Anthony Ciravolo, who has been authorized to opine on behalf of ATF regarding the FRT-15 at issue.

Accordingly, the United States respectfully requests that the Court quash Defendants' subpoena of Mr. Griffith.

           Respectfully submitted,

           BREON PEACE
           United States Attorney

By:   /s/
           Michael S. Blume
           David A. Cooper
           Paulina Stamatelos
           Assistant U.S. Attorneys
           (718) 254-6479 / 6228 / 6198
           michael.blume@usdoj.gov
           david.cooper4@usdoj.gov
           pauline.stamatelos@usdoj.gov

**cc:**  **BY ECF**
   All counsel of record

# Exhibit 1

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| United States of America<br>*Plaintiff*<br>v.<br>Rare Breed Triggers, LLC; Rare Breed Firearms, LLC; Lawrence Demonico; Kevin Maxwell<br>*Defendant* | )<br>)<br>)  Civil Action No. 1:23-cv-00369-NRM-RML<br>)<br>)<br>) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Earl Griffith

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: U.S. District Court, Eastern District of New York, 225 Cadman Plaza E, Brooklyn, NY 11201 | Courtroom No.: 6E North |
| | Date and Time: 08/01/2023 10:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/19/2023

| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Rare Breed Triggers, LLC; Rare Breed Firearms, LLC; Lawrence Demonico; Kevin Maxwell , who issues or requests this subpoena, are:

Josiah Contarino, 50 Park Pl., Ste. 1105, Newark, NJ 1105, jcontarino@dhillonlaw.com, (917) 423-7221

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 1:23-cv-00369-NRM-RML

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                                    _____
                                                        *Server's signature*

                                                        _____
                                                        *Printed name and title*

                                                        _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).