UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X

UNITED STATES OF AMERICA,

                         Plaintiff,

- against -

RARE BREED TRIGGERS, LLC; RARE
BREED FIREARMS, LLC; LAWRENCE
DEMONICO; KEVIN MAXWELL,

                         Defendants.

------------------------------------------------X

Civil Action
No. 23-cv-369

(Morrison, J.)
(Levy, M.J.)

## THE UNITED STATES' WITNESS LIST

Pursuant to the Court's June 1, 2023 Order, as amended by the Court's July 16, 2023 Order, the United States' witness list is set forth below.

| Name of Witness | Brief Narrative Statement of the Expected Testimony | Objections (If Any) | Response to the Objection (If Any) |
|---|---|---|---|
| Anthony Ciravolo, Firearms Enforcement Officer, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") | Mr. Ciravolo will provide expert testimony regarding whether, *inter alia*, the FRT-15 is a machinegun. The United States' response to Defendants' motion *in limine* regarding aspects of Mr. Ciravolo's testimony, which will be submitted on July 27, 2023, will further explain the relevance of Mr. Ciravolo's testimony. | FRE 402, 403 (relevance, confusing, misleading, unduly prejudicial). Mr. Ciravolo should be precluded from discussing rate of fire because, according to Mr. Ciravolo, this topic was included in his report for "informational purposes" only and has "no bearing" on his opinion. Tr. 180. | The rate of fire has bearing on the potential harm presented by the FRT-15, and is thus a fair topic of discussion for Mr. Ciravolo. |
| Craig Saier, Assistant Director for the Office of Strategic | Mr. Saier will provide testimony about ATF discussions with Defendants, and the impact on the agency with | FRE 602. Unless his testimony about impact is confined to the impact he personally witnessed and which is tied to the | Mr. Saier will testify as to factual statements regarding ATF, |

| | | | |
|---|---|---|---|
| Intelligence and Information, ATF | respect to the existence of FRT-15s on the market. | Defendants' specific actions, his testimony would be expert opinion, which would have to have been designated. | and Plaintiff does not regard his testimony as an expert opinion at all. |
| Melissa Rodriguez, Senior Forensic Auditor (by declaration) | Ms. Rodriguez will provide a summary of Defendants' voluminous financial records | FRE 602. The financial documents speak for themselves. Any "analysis" of the documents is an opinion, requiring this witness to have been designated an expert. | Ms. Rodriguez' testimony will be a summary of voluminous financial records; as this is not an "analysis" in the sense of providing an expert opinion, her testimony is appropriate. |
| William Ryan, Chief, Firearms and Ammunition Technology Division ("FATD") (by declaration) | Mr. Ryan will discuss the FATD's expert technical support to ATF, other Federal agencies, State and local law enforcement, the firearms industry, Congress, and the general public | FRE 402, 403, 602. No personal knowledge of facts of this case. In addition, this testimony appears irrelevant. If this testimony concerns how Defendants' alleged noncompliance impacted these FATD functions, it is duplicative of witness # 2. | Mr. Ryan will testify as to how FATD works. Plaintiff does not intend to elicit testimony regarding Defendants' noncompliance or its effects of FATD functions. |
| James Hitchcock, Industry Operations Investigator (by declaration) | Mr. Hitchcock will discuss the incident in which the ATF's Tampa Field Office received a threatening telephone call | FRE 402, 403. Irrelevant: was not any Defendant who made the call, and nothing to do with the allegations in this matter. Further, this is prejudicial. The ROI on this issue appears to include (redacted) exculpatory evidence on which Defendants have the right to cross examine Mr. Hitchcock, thus we request that he appear as a live witness. | Mr. Hitchcock will testify as to the contents of the Report of Investigation ("ROI"). Further, as discussed during the parties' meet and confer session on July 20, 2023, the substance of the redacted information appears elsewhere in the ROI and is thus |

| | | | |
|---|---|---|---|
| | | | readily available to Defendants. |
| Jonathan Lee, Special Agent (by declaration) | Mr. Lee will discuss Defendant Lawrence DeMonico's theft of FRT-15s from 3rd Gen Machine, Inc. | FRE 402, 403. Unduly prejudicial. Objection as to inaccurate characterization as "theft." | The word "theft" does not appear in Mr. Lee's declaration; thus this witness' testimony will not be unduly prejudicial. |
| Jonathan Robinson, former General Manager of 3rd Gen Machine, Inc. (by declaration) | Mr. Robinson will discuss conversations with Defendants after the ATF's issuance of a cease and desist letter to 3rd Gen Machine, Lawrence DeMonico's visit to 3rd Gen Machine on April 14, 2022. | | |

The United States reserves the right to call any witness(es) listed on Defendants' witness list. The United States will supplement this witness list for good cause shown.

BREON PEACE
United States Attorney

By:        /s/
Michael S. Blume
David A. Cooper
Paulina Stamatelos
Assistant U.S. Attorneys
(718) 254-6479 / 6228 / 6198
michael.blume@usdoj.gov
david.cooper4@usdoj.gov
pauline.stamatelos@usdoj.gov