UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

              Plaintiff,

    - v. -

RARE BREED TRIGGERS, LLC; RARE
BREED FIREARMS, LLC; LAWRENCE
DEMONICO; KEVIN MAXWELL,

              Defendants.

1:23-CV-00369
(NRM) (RML)

**THE UNITED STATES OF AMERICA'S
RESPONSE IN OPPOSITION TO
DEFENDANTS' JULY 20, 2023 MOTION *IN LIMINE* CONCERNING
ATF'S FIREARMS AND AMMUNITION TECHNOLOGY DIVISION CHIEF
WILLIAM RYAN**

BREON PEACE
United States Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

July 27, 2023

Michael Blume
David Cooper
Paulina Stamatelos
Assistant United States Attorneys
(Of Counsel)

The United States respectfully submits this response in opposition to Defendants' July 20, 2023 fourth motion *in limine* (*see* Dkt. No. 94 (Motion)), in which they seek to preclude the testimony, submitted by Declaration, of Plaintiff's fact witness Willian Ryan. *See* Dkt. No. 94.  Mr. Ryan serves as the Chief of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Firearms and Ammunition Technology Division (FATD).  Mr. Ryan has served with ATF since 2009.  Annexed as Exhibit A is a true and correct copy of Mr. Ryan's Declaration (Ryan Decl.).

Mr. Ryan's Declaration provides this Court with facts regarding FATD's function within ATF and the process by which ATF classifies firearms submitted both voluntarily and through criminal investigations, under the Gun Control Act of 1968 (GCA) and the National Firearms Act of 1934 (NFA).  *See* Ryan Decl. ¶ 10-11 ("FATD classifications determine whether or not a firearm is regulated under the GCA and NFA among other forms of evaluations and classification." *id.* ¶ 11).

Defendants argue that Mr. Ryan's testimony should be excluded because his testimony "should have been designated" as expert testimony, and that Mr. Ryan's testimony lacks relevance because he has "no personal knowledge" of the "facts in this case" and would "confus[e] the issues." Motion, 1. 3.

The Court should reject Defendants' motion.  Because of the deadlines imposed by the Scheduling Order, Defendants filed their motion (which was due on July 20) prior to seeing Mr. Ryan's testimony by declaration (which was due on July 25).  The United States thus recognizes that Defendants' arguments about what that testimony *might* be is different from what that testimony *is*. As the Declaration itself makes clear, Mr. Ryan's testimony is purely factual.  It is not opinion testimony.

Based on his personal knowledge, experience and current leadership role at the FATD, Mr. Ryan's Declaration provides a description of the FATD as a section of the ATF that "provides expert

(n/a)

technical support on firearms and ammunition to ATF." Ryan Decl. ¶ 2. In the Declaration, Mr. Ryan further testifies to the function and makeup of the FATD; FATD employees' training and employment; as well as assistance that FATD provides to law enforcement, the firearms industry and the general public. Ryan Decl. ¶¶ 3-7. Mr. Ryan's Declaration also describes a key issue in this case—namely, an overview of the process by which ATF classifies a firearm. Ryan Decl. ¶¶ 10-19. Nothing in Mr. Ryan's Declaration constitutes expert testimony; his testimony is not based on his "specialized knowledge" being applied to an issue in this matter. Instead, Mr. Ryan's Declaration explains to the Court, in purely factual terms, the role of the ATF's FATD in classifying firearms under relevant firearms laws.

Moreover, Mr. Ryan's testimony is relevant. Defendants have put the ATF's classification process at issue. They have done so at several points in this litigation, including most recently in deposition testimony that they offered themselves and in deposition testimony that they sought to elicit from ATF employees. They have suggested, in various ways, that the process by which the ATF determined that the FRT-15 was a machinegun and then notified Defendants of that determination was somehow flawed. In order to respond to that criticism, it is necessary for the United States to explain, in general terms, how that process works in the ordinary course. That explanation is the crux of Mr. Ryan's testimony.

At bottom, Mr. Ryan is not presenting expert testimony. Defendants' Motion focuses on a phrase in the Government's proposed witness list. Specifically, Defendants argue that the United States should have designated Mr. Ryan as an expert based on the Government's statement that Mr. Ryan would testify as to "FATD's expert technical support to ATF, other Federal agencies, State and local law enforcement, the firearms industry, Congress, and the general public." *See* ECF No. 91; Motion 1. As the Court will see from the Declaration itself, however, Mr. Ryan only describes the

bureaucratic process by which FATD provides such "expert technical support"; he does not in any way describe specialized knowledge, training, or expertise itself that underlies that support. The Declaration is, in other words, a plain overview of that process, like how many employees there are in FATD, what branches comprise FATD, how an ATF employee is assigned to conduct a classification, what ATF officials review a classification before it is finalized, and how many classifications FATD completes in a year. The Declaration says nothing, however, about the specific technical or specialized steps an ATF employee might bring to bear on such a classification.

And as Mr. Ryan's Declaration makes clear, he testifies as to facts about which he has personal knowledge under FRE 602. *See* FRE 602 (A non-expert, or lay witness, may testify to matters on which they have personal knowledge); Ryan Decl., ¶ 1 (testifying that he has "been involved in the daily operations of FATD, and have knowledge pertaining to the classification processes as well as legal review of FATD work product . . . and [he has] substantial personal experience with the FATD classifications process"); ; *Marcus Daily, Inc. v. Rollin Dairy Corp.*, No. 3:05cv589 (PCD), 2008 WL 11375364, at \*2 (D. Conn. Sept. 24, 2008) ("Rule 701 does not preclude testimony by business owners or officers on matters that relate to their business affairs. Indeed, an officer or employee of a corporation may testify to industry practices and pricing without qualifying as an expert.") (quoting *Texas A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 403 (5th Cir. 2003)); *Am. Gen. Life Ins. Co. v. Schoenthal Family, LLC*, 248 F.R.D. 298, 305–06 (N.D.Ga. 2008) (holding that an insurance company employee's statements about a company's business and underwriting practices, as applied to particular insurance policy, are not expert opinions, but are instead fact testimony based on witness's factual knowledge as employee);

For the foregoing reasons, the Court should deny Defendant's motion.

Dated:  Brooklyn, New York
        July 27, 2023

BREON PEACE
United States Attorney

By:        <u>       /s/              </u>
Michael Blume
David Cooper
Paulina Stamatelos
Assistant United States Attorneys
(718) 254-7000

cc:    **<u>BY ECF</u>**
Counsel of Record

4