

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 9, 2023

**By ECF**
Honorable Nina R. Morrison
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *United States of America v. Rare Breed Triggers, LLC, et al.*
       No. 23-cv-369 (Morrison, J.) (Levy, M.J.)

Dear Judge Morrison:

  This Office represents the United States in the above-captioned action. On August 2, 2023, the Court directed that "the parties shall submit a joint letter informing the Court whether there remain any disputes as to exhibits on which the Court previously reserved decision" by August 9, 2023. *See* Aug. 2, 2023 Minute Entry. The parties respectfully submit this joint letter in compliance with that Order.

  By way of background, the Court reserved decision on certain exhibits pending offer at the hearing, along with further questioning from the Court. *See* July 31, 2023 Minute Entry. Regarding Plaintiff's exhibits, the Court reserved decision on Plaintiff's Exhibit 65. *Id.* As for Defendants' exhibits, the Court reserved decision on multiple exhibits. *Id.* (reserving decision on Defendants' Exhibits M1, N1, O1, P1, F2, J2, K2, D3, F3, G3, and H3).

  Since that time, the parties have conferred and the United States has agreed to withdraw objections to the following Defendants' Exhibits M1, N1, O1, P1, F2, D3, and F3. However, the United States maintains its objections to Defendants' Exhibits J2, K2, G3, and H3.

  The United States also notes that on July 25, 2023, Defendants supplemented their Exhibit List to include the following exhibits, which the United States had not had an opportunity to review before filing: W3, X3, Y3, Z3, A4, B4, C4, D4, and E4. On July 30, 2023, the United States notified Defendants in writing of its objections to several of those exhibits, including:

- B4 (ATF definition of single function of trigger (September 28, 1989)): Plaintiff objects to this exhibit as protected by the attorney-client and deliberative process privileges, as well as the attorney work product doctrine, and the attorney work product doctrine. The document was improperly disclosed by a party who was not authorized to waive privilege.
    - Defendants respond that the disclosure of this document waived whatever privilege could otherwise have been asserted. Further, even if not waived, this

exhibit is a 2005 transmission of a memo that was authored in 1989, and Plaintiff has not established that it was authored in anticipation of litigation. *In re Initial Public Offering Securities Litigation*, 220 F.R.D. 30, 34-35 (S.D.N.Y 2003). Moreover, the work product privilege is qualified, and Defendants (1) have substantial need of the materials, and (2) are unable, without undue hardship, to obtain the substantial equivalent of the materials by other means. Further, the final page of the memo reflects that the policy was put on the ATF's card catalogue and ATF agents were thereafter instructed based on it for use in their firearms classifications. The document cannot therefore be considered "deliberative" or "predecisional" and is therefore "final" (there also is no "draft" or similar label used). The Second Circuit has explained that, "[l]ike the deliberative process privilege, the attorney-client privilege may not be invoked to protect a document adopted as, or incorporated by reference into, an agency's policy." *Brennan Center for Justice at New York University School of Law v. U.S. Dept. of Justice*, 697 F.3d 184, 207-208 (2d Cir. 2012) (alteration in original) (citation and internal quotation marks omitted). Moreover, the deliberative or decision-making process Plaintiff claims attaches to this memo is a central issue in this case and thus overshadows the reasoning behind the privilege. That is, the ATF's machinegun classification process is a central issue in this case and therefore the need for this document, if deemed a deliberative process document, outweighs the possibility that disclosure will inhibit future candid debate among agency decision-makers. *See In re Subpoena Duces Tecum*, 145 F.3d 1422, 1424 (D.C. Cir. 1998).

- C4 (Photo: Camden Mafia skull patch): FRE 402, 403 (relevance, confusing, misleading, unduly prejudicial); lack of foundation; FRE 901 (authenticity); FRE 611 (waste of time). Plaintiff further objects for the reasons stated in the Government's opposition to the pending motion in *limine* regarding this matter, which was filed on July 27, 2023.
    - Defendants respond that this exhibit is relevant to show the seriousness of the Camden Mafia—a friend group of companies of which Anthony Ciravolo was a part—which is required to rebut Anthony Ciravolo's deposition testimony that the Camden Mafia was a "joke." Defendants further respond that admission of this exhibit is proper for the reasons stated in their July 27, 2023, opposition. (ECF No. 114.)

- D4 (Photo: Camden Mafia skull tattoo): FRE 402, 403 (relevance, confusing, misleading, unduly prejudicial); lack of foundation; FRE 901 (authenticity); FRE 611 (waste of time). Plaintiff further objects for the reasons stated in the Government's opposition to the pending motion in *limine* regarding this matter, which was filed on July 27, 2023.
    - Defendants respond that this exhibit is relevant to show the seriousness of the Camden Mafia—a friend group of companies of which Anthony Ciravolo was a part—which is required to rebut Anthony Ciravolo's deposition testimony that the Camden Mafia was a "joke." Defendants further respond that admission of this exhibit is proper for the reasons stated in their July 27, 2023, opposition. (ECF No. 114.)

- E4 (Photo: Cherokee County Sheriff's Office case number for Doug Hill): FRE 402, 403 (relevance, confusing, misleading, unduly prejudicial); lack of foundation; FRE 901

(authenticity); FRE 611 (waste of time). Plaintiff further objects for the reasons stated in the Government's opposition to the pending motion in *limine* regarding this matter, which was filed on July 27, 2023.
- o Defendants respond that, according to Plaintiff's July 20, 2023, filing, Anthony Ciravolo communicated with Ben Thomas (ECF No. 82 at 5 n.5), and Mr. Ciravolo testified he knew of Ben Thomas from the Camden Mafia. The relevance of this is explained further in the Declaration of Doug Hill. Defendants further respond that admission of this exhibit is proper for the reasons stated in their July 27, 2023, opposition. (ECF No. 114.)

While Defendants' Exhibit List has yet to be supplemented to include the United States' objections, the United States includes those objections, and Defendants provide their response, in this letter for the Court's awareness. The United States maintains its objections to these exhibits for the reasons set forth above.

For the Court's convenience, the parties have prepared a proposed Stipulation Regarding Entry of Exhibits Into Evidence Without Objection From Either Party ("Stipulation"). This Stipulation contains in a single document all exhibits for which the parties agree that no dispute exists. This Stipulation, however, does not include any exhibits that have been entered into evidence over a party's objection,[1] so that each respective party can preserve their objection for a later date or proceeding.

To further narrow the scope of what the Court must rule on, the parties have resolved a few other objections. As for deposition transcript designations, the United States withdraws the Federal Rule of Evidence 106 objections to David Smith's designations. As for witnesses, the United States withdraws objections to all live witnesses and declarants except Doug Hill. Defendants withdraw their objections to declarants William Ryan and Jonathan Lee.

[This space intentionally left blank.]

---

[1] For reference, the following of Plaintiff's Exhibits were admitted over Defendants' objections: 24, 25, 29, 30, 31, 32, 33, 63, 114, 115, 116, 118, 119, 120, 121, and 123. *See* July 30, 2023 Minute Entry (denying Defendants' motion *in limine* to preclude, *inter alia*, "exhibits that display the FRT-15's rate of fire" and "prior non-public classifications that ATF made about other devices"); July 31, 2023 Minute Entry. As for Defendants' exhibits, the following were admitted over Plaintiff's objections: N, U1, V1, and I2. *See* July 31, 2023 Minute Entry.

The parties thank the Court for its consideration of this matter.

Respectfully submitted,

BREON PEACE
United States Attorney

By:       /s/
Michael S. Blume
David A. Cooper
Paulina Stamatelos
Assistant U.S. Attorneys
(718) 254-6479 / 6228 / 6198
michael.blume@usdoj.gov
david.cooper4@usdoj.gov
pauline.stamatelos@usdoj.gov

Encl.

cc: **By ECF**
    All counsel of record