UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

- v. -

RARE BREED TRIGGERS, LLC; RARE BREED FIREARMS, LLC; LAWRENCE DEMONICO; KEVIN MAXWELL,

                Defendants.

1:23-CV-00369
(NRM) (RML)

**PRELIMINARY INJUNCTION**

This matter having come before the Court upon the application of Plaintiff, the UNITED STATES OF AMERICA, for a preliminary injunction pursuant to 18 U.S.C. § 1345; briefing from the parties; a hearing held on August 1 and 2, 2023 at which the Court heard testimony from witnesses for the Plaintiff and Defendants and at which the Court accepted documentary evidence and witness testimony by way of declaration and deposition designation; a hearing held on August 15, 2023, at which the Court heard arguments from the parties:

WHEREUPON THE COURT, having considered the matter, finds that a preliminary injunction pursuant to 18 U.S.C. § 1345 is proper, for the reasons detailed in the accompanying Memorandum Opinion.

THEREFORE, IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. § 1345, pending final disposition of this matter, Defendants, their agents, officers and employees, and all other persons and entities in active concert or participation with them are:

    A. Restrained from engaging in any sales of the FRT-15, the Wide Open Trigger, forced reset triggers, and other machinegun conversion devices until and unless otherwise ordered by this Court;

B. Required to preserve all documents related to the manufacture, possession, receipt, transfer, customer base, and/or historical or current sale of the FRT-15s, Wide Open Triggers, forced reset triggers, and/or machinegun conversion devices;

C. Required to surrender all Wide Open Triggers to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") until the conclusion of this litigation;

D. Required to surrender all FRT-15s to ATF until the conclusion of this litigation;

E. Required to implement a refund program as follows:

1. Within the time frame set out below, post a notice ("the Notice") on the Rare Breed Triggers ("RBT") and Rare Breed Firearms ("RBF") websites (a) that states that this Court has issued this Order concerning the legality of the FRT-15 and the Wide Open Trigger; (b) that provides a link to this Preliminary Injunction; and (c) that informs purchasers of an FRT-15 or a Wide Open Trigger that they can ship their product to RBT via Federal Express, postage to be paid by RBT, for a full cash refund.

2. Within the time frame set out below, send the Notice, by U.S. Postal Service priority mail, to the last known address of every individual who purchased an FRT-15 or Wide Open Trigger from RBT.

3. Within the time frame set out below, send the Notice, by U.S. Postal Service priority mail, to the last known address of every third-party seller who sold FRT-15s or Wide Open Triggers.

4. Within the time frame set out below, send the Notice, by email, to every individual on any email mailing list or listserv that RBT maintains.

5. Maintain records sufficient to track all of the notices sent pursuant to E.1 and E.4 above, such records to include the names and addresses of all those to whom notices were sent.

6. Provide a full cash refund to any consumer who returns an FRT-15 or Wide Open Trigger to RBT, including to any consumer who purchased an FRT-15 or Wide Open Trigger from a third-party seller, and to any requesting consumer who has surrendered an FRT-15 or Wide Open Trigger to ATF or any law enforcement entity.  RBT shall provide such a refund within ten (10) business days of receiving an FRT-15 or Wide Open Trigger.

7. Maintain records sufficient to identify all instances in which RBT provided a refund to a consumer pursuant to this refund program.

8. On the first and fifteenth of every month subsequent to entry of this Order, RBT shall transfer to ATF each FRT-15 or Wide Open Trigger that RBT receives from a consumer pursuant to this refund program.  Within five (5) days of this Order, counsel for the United States shall provide to Defendants the contact information of the ATF official with whom Defendants shall coordinate to effect these transfers.  ATF shall provide Defendants with appropriate receipts acknowledging receipt from RBT of FRT-15s and Wide Open Triggers transferred to ATF pursuant to this refund program, such receipts to include an accounting of how many FRT-15s and Wide Open Triggers have been so transferred.

9. On the first and fifteenth of every month subsequent to entry of this Order, RBT shall file with this Court an accounting of each FRT-15 or Wide Open Trigger that RBT receives from a consumer pursuant to this refund program.  The accounting shall include customer information and documentation of the refund provided to each customer.  This information shall be held under Seal by this Court.

10. ATF shall store all FRT-15s and Wide Open Triggers transferred to it pursuant to this refund program until otherwise ordered by this Court.  ATF shall make its best

efforts to maintain the FRT-15s and Wide Open Triggers in the conditions that they were in when they were transferred to ATF.

11. Prior to posting or sending the Notice and within ten (10) days of this Order, Defendants will provide to the Court, with a copy to counsel for the United States, a draft of the Notice, consistent with this Order. Within ten (10) days of receiving the draft Notice, the Court, with input from the United States, will approve the draft Notice or order changes to the draft Notice.

12. Within twenty-one (21) days of receiving Court approval of the Notice, Defendants will comply with paragraphs E.1 through E.4.

**IT SO ORDERED:**

This ____day of _____, 2023

_____
HONORABLE NINA R. MORRISON
United States District Judge

Eastern District of New York