

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 23, 2023

**By ECF**
Honorable Nina R. Morrison
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

       Re:    *United States v. Rare Breed Triggers, LLC, et al.*,
               No. 23-cv-369 (Morrison, J.) (Levy, M.J.)

Dear Judge Morrison:

The United States writes in response to the Court's August 15, 2023 Order directing the parties to "submit . . . any additional legal argument or record citations on the matters that the Court discussed" during the August 15 oral argument. *See* Aug. 15, 2023 Minute Entry and Order ("Order"). The United States submits this letter to respond to two issues.

### I.    The Standard for Fraudulent Intent Under the Mail Fraud Statute

First, the United States responds to the Court's inquiry regarding the standard the United States must meet to establish Defendants' fraudulent intent under the mail fraud statute. Specifically, the Court asked the United States whether the Court should "consider a standard other than knowing or intentional conduct." Oral Arg. Tr. 102:11-12. The answer is yes.

In addition to Defendants' intentional fraud, the United States can rely on Defendants' reckless disregard for the truth to establish fraudulent intent under 18 U.S.C. §§ 1341 and 1343 (mail and wire fraud respectively). As set out in the United States' January 19, 2023 Memorandum of Law in Support of Its Motion for a Temporary Restraining Order and Preliminary Injunction, it is well-settled that the United States may establish the Defendants' fraudulent intent either by a showing of "intentional fraud" *or* "reckless indifference to the truth," with *O'Malley v. New York City Transit Authority*, 896 F.2d 704, 706 (2d Cir. 1990), and *New York State Catholic Health Plan v. Academy O & P Assocs.*, 312 F.R.D. 278, 297 (E.D.N.Y. 2015) (Weinstein, J.) (a showing of "intentional fraud" or "reckless indifference to the truth" may satisfy the intent element of mail fraud) (citing *O'Malley*) being prime examples. *See* ECF No. 5, ps. 30-33. That both these cases involve civil litigation brought under the Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. §§ 1961-68 ("RICO"), with mail fraud serving as the predicate offense to qualify as the "racketeering activity," 18 U.S.C. § 1961(1), does not alter the substantive elements of wire fraud

in any way from a criminal prosecution for mail fraud. That is, a defendant's fraudulent intent in a criminal prosecution can still be established under the standard set forth in *O'Malley*.[1]

Numerous federal circuits concur with the Second Circuit's holding in *O'Malley*. *See United States v. Lloyd*, 807 F.3d 1128, 1163 (9th Cir. 2015) (upholding jury instruction that "reckless disregard" as to the truth or falsity of statements satisfies the fraudulent intent element in mail fraud prosecution); *United States v. Kennedy*, 714 F.3d 951, 958 (6th Cir. 2013) (holding the "government met the mail- and wire-fraud statutes' intent requirements through proof that [defendant] was reckless in his disregard for the truth of the statements that he made to victims to obtain their money"); *United States v. Brooks*, 681 F.3d 678, 701-03 (5th Cir. 2012) ("[D]efendant purposely contrived to avoid learning of the illegal conduct."); *United States v. Coyle*, 63 F.3d 1239, 1243 (3d Cir. 1995) (reckless disregard for the truth can establish specific intent for mail fraud); *United States v. Dick*, 744 F.2d 546, 551 (7th Cir. 1984) ("Reckless disregard for truth or falsity is sufficient to sustain a conviction for mail fraud."); *United States v. Marley*, 549 F.2d 561, 563-64 (8th Cir. 1977) ("[S]cienter may be established where reckless disregard of truth or falsity is present.").

Accordingly, Defendants' reckless disregard for the truth is another basis to establish Defendants' fraudulent intent.

## II.    The Timeline regarding Defendants' Sale of Wide Open Triggers

Second, the United States responds to the Court's inquiry regarding the timeline Defendants sold and mailed Wide Open Triggers ("WOTs") utilizing the U.S. Postal Service ("USPS"). *See* Oral Arg. Tr., 84:1-11.

Defendants obtained an inventory of WOTs as settlement from litigation with Big Daddy Enterprises. Oral Arg. Tr. 47:21-24. In the fall of 2022, Defendants used USPS to sell WOTs using the names of two fictitious limited liability companies, "Red Beard Treasures" and "Red Barn Tools," on the mailing labels. *See* ECF No. 136, Pl.'s Proposed Findings of Fact ("Pl.'s FOF"), ¶¶ 196-97.[2] Defendants began selling WOTs in November 2022. Prelim. Inj. Hr'g Tr. 475:18-20. Defendants chose to ship WOTs through USPS despite Defendants' contention that USPS is not a reliable shipper. Prelim. Inj. Hr'g Tr. 475:21-476:1. Sometime in December 2022, Chase Paymentech LLC ended its business relationship with Rare Breed Triggers ("RBT"), preventing Defendants from selling any more WOTs, despite having a significant inventory of

---

[1] Notably, the Second Circuit did not expressly state or suggest in *O'Malley* that RICO transforms the elemental components or associated evidentiary standards of predicate acts. Indeed, it set forth a standard for proving intent to defraud in mail fraud cases that predated RICO. *See O'Malley*, 896 F.2d at 706 (citing *United States v. Sheiner*, 273 F. Supp. 977, 983 (S.D.N.Y.), *aff'd* 410 F.2d 337 (2d Cir. 1967). Further to this longstanding precedent, the reckless indifference standard has been specifically applied in this District in a § 1345 action. *See United States v. Palumbo*, 448 F. Supp. 3d 257, 261 (E.D.N.Y. 2020) (Komitee, J.) (citing *N.Y. State Catholic Health Plan, Inc. v. Acad. O & P Assocs.*, 312 F.R.D. 278, 297 (E.D.N.Y. 2015) (Weinstein, J.)).

[2] *See* ECF No. 127, Defs.' Proposed Findings of Fact for Hr'g on Pl.'s Mot. for Prelim. Inj., ¶ 76 ("[F]or packages shipped by the USPS, RBT used another name comprising words that began with R, B, and T . . . ."); ¶ 109 ("RBT obtained an inventory of triggers manufactured by another company . . . .").

WOTs in its possession, and informing their customers that they had depleted their WOT inventory. *See* Pl.'s FOF. ¶¶ 200-201.

The United States thanks the Court for its consideration of this matter.

Respectfully submitted,

BREON PEACE
United States Attorney

By:        */s/ Michael S. Blume*
Michael S. Blume
David A. Cooper
Paulina Stamatelos
Assistant U.S. Attorneys
(718) 254-6479 / 6288 / 6198
Michael.Blume@usdoj.gov
David.Cooper4@usdoj.gov
Pauline.Stamatelos@usdoj.gov

cc:  All Counsel of Record (By ECF)