

50 Park Place, Suite 1105
Newark, NJ 07102

Josiah Contarino
Phone: 917-423-7221
jcontarino@dhillonlaw.com

August 31, 2023

**Via ECF**
Honorable Nina R. Morrison
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *United States v. Rare Breed Triggers, LLC, et al.*
      Civil Action No. 1:23-cv-00369-NRM-RML

Dear Judge Morrison:

  Pursuant to Your Honor's Individual Practice Rule 5.3.3, Defendants hereby file this notice of supplemental authority relevant to this litigation.

  On August 30, 2023, in *National Association for Gun Rights, Inc. v. Garland*, No. 4:23-cv-00830-O, 2023 WL 5610293, *1 (N.D. Tex. Aug. 30, 2023),[1] Judge Reed O'Connor entered a temporary restraining order ("TRO") against Attorney General Merrick Garland, the Department of Justice, and the Bureau of Alcohol, Tobacco, Firearms, and Explosives. The TRO enjoins those defendants "from implementing or enforcing, in any civil or criminal manner, against [the plaintiffs, who are FRT-15 purchasers,] the ATF's challenged definition of 'machinegun.'" *Id.* Defendants respectfully suggest that Judge O'Connor's reasoning—albeit persuasive and not binding—regarding the plaintiffs' substantial likelihood of success on the merits in that case is relevant to the Court's resolution of Plaintiff's pending motion for preliminary injunction in this matter.

  More specifically, Judge Reed O'Connor granted the plaintiff's request for a TRO to enjoin the defendants from implementing or enforcing a definition of "machinegun" that includes forced-reset triggers ("FRTs"). "Because FRTs do not enable a weapon to automatically fire multiple rounds with a single function of the trigger itself, the Court finds that FRTs most likely are not machineguns under *Cargill*'s[2] reasoning." *Id.* at *7. Based on *Cargill*'s grammatical analysis of the statutory definition of "machinegun"— which noted that the grammatical construction of the "machinegun" definition "ties the definition to the movement of the trigger itself, and not the movement of a trigger finger"—Judge O'Connor found that FRTs "most likely are not machineguns under *Cargill*'s reasoning" because they "do not enable a weapon to automatically fire multiple

---

[1] Attached as Exhibit A.
[2] That is, *Cargill v. Garland*, 57 F.4th 447, 450 (5th Cir. 2023), *pet. for cert. filed*, No. 22-976 (2023).

rounds with a single function *of the trigger itself.*" *Id.* (emphasis added) (quoting *Cargill*, 57 F.4th at 460).

     Defendants respectfully suggest that this recent opinion further supports their opposition to Plaintiff's motion for preliminary injunction. It demonstrates there is strong reason to believe that FRTs like the FRT-15 or WOT are not "machineguns" under the plain text of the statutory definition. On this basis, Plaintiffs are not substantially likely to succeed in proving either that the FRT-15 and WOT are "machineguns" or that Defendants had the requisite intent about these devices' legality to commit fraud.

     Defendants thank the Court for its consideration of this matter.

     Respectfully submitted,

     DHILLON LAW GROUP INC.

     By: _____/s/_____

     David A. Warrington (*pro hac vice*)
     Michael A. Columbo (*pro hac vice*)
     Josiah Contarino
     Jacob W. Roth (*pro hac vice*)

cc: All Counsel of Record (via ECF)