

50 Park Place, Suite 1105
Newark, NJ 07102
Josiah Contarino
Phone: 917-423-7221
jcontarino@dhillonlaw.com

May 24, 2024

Vɪᴀ ECF

Honorable Nina R. Morrison
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6E North
Brooklyn, NY 11201
718-613-2190
Morrison_Chambers@nyed.uscourts.gov

   Re: *United States v. Rare Breed Triggers, LLC, et al.*
     **No. 1:23-cv-00369-NRM-RML**

Dear Judge Morrison:

   This firm represents Defendants Rare Breed Triggers, LLC, Rare Breed Firearms, LLC, Lawrence DeMonico, and Kevin Maxwell (together, the "Defendants") in the above-captioned matter. Defendants intend to file a motion to strike. In compliance with Rule 5.1.1.1 of Your Honor's individual rules, we write to request a pre-motion conference (should Your Honor deem one necessary).

   Defendants intend to move to strike Docket Number ("ECF No.") 144 (including 144-1 and -2) from the docket. Defendants were served with ECF No. 144 on May 3, 2024.[1] It is a filing by nonparty interloper Thomas Graves entitled "This Court Shall Take Judicial Notice of Violation of E.D.N.Y. Court Orders Issued 9/5/23 Against Rare Breed Triggers LLC Et Al" [sic] (the "Graves Challenge"). The Graves Challenge concerns a patent dispute filed by certain of Defendants against Mr. Graves on March 8, 2022, in the federal district court in Oklahoma. The Graves Challenge is a tangled mass of bizarre and incoherent filings from that Oklahoma litigation involving a patent issue different from the discreet issue in this case. The Graves Challenge also includes scandalous and prejudicial language. Thus, Defendants intend to argue that the Court should strike the Graves Challenge.

   Mr. Graves has now twice filed similar documents in the Northern District of Texas in *NAGR v. Garland*, 4:23-cv-00830-O. Earlier this year, and just this week, the court there struck Mr. Graves' filings. In its most recent order, the court cautioned Mr. Graves

---

[1] Per FRCP 12(f)(2), a motion to strike can be filed up to 21 days after service of the document sought to be stricken.

that additional, similar filings could result in sanctions.

## The Graves Challenge

On April 26, 2024, Mr. Graves filed the Graves Challenge, which is entered on the docket as ECF No. 144, and which was served on Defendants on May 3, 2021. Mr. Graves is a nonparty to this litigation with no interest in its outcome. The Graves Challenge does not make clear what Mr. Graves' intention was in filing it. It is essentially just a title page with 46 pages attached of Mr. Graves' filings from an unrelated patent dispute with certain of Defendants before the Northern District of Oklahoma.

Mr. Graves' ramblings demonstrate the Graves Challenge's irrelevance and inanity and why the Court should strike it from the docket:

- Comes now I am. Thomas Allen Graves, a natural masculine and rebuts all rebuttable presumptions made by this court, states Document 85, is hereby reasserted in its entirety the same as if it were fully incorporated herein. JUDICIAL NOTICE SHALL BE TAKEN BY THE COURT AS FACT The court shall not proceed in any manner whatsoever, until jurisdiction shall have been proven, counsels' nonsensical [Doc 87] for lack of jurisdiction in this case is - moot. Shall be stricken. EO 13848 applies.

(ECF No. 144 at 1).

- Counsels harp there has been no support for anything pointed to or sworn to as fact. Affidavit-less counsels are pot calling the kettle black, have to date provided zero evidence in their complaint or amended complaint or thereafter that:
    a. the ALAMO-15 is an FRT-15 - it is not for the obvious, in Exhibits Doc 86. See roller. To be infringement the law of physics shall have been made - moot. Unfortunately for counsels that has not taken place yet.

(ECF 144-1 at 2).

- 6. Fact: Plaintiffs got caught by the UNITED STATES, RBT-ABC are banned from all manufacture offering or sales of FRT-15 one in the same illegal machine gun argued by TAG.

7. Fact: Now these grifters RBT-ABC need my patent or face prison.

(ECF No. 144-1 at 3). These quotations are typical of the Graves Challenge and illustrate how confused, irrelevant, and derogatory its contents are.

## Defendants Intend to Move to Strike the Graves Challenge

Under Federal Rule of Civil Procedure 12(f), the Court is permitted to strike from the record "any redundant, immaterial, impertinent, or scandalous matter . . . on a motion made by a party." While F.R.C.P. 12(f) does not specifically apply to non-pleading documents, district courts inside and outside of the Second Circuit have long recognized that trial courts have the inherent power to control their dockets when determining whether to strike documents.[2] Defendants intend to move to strike the Graves Challenge for three reasons: 1) it was submitted by a nonparty with no interest in the outcome of this litigation, 2) its contents are immaterial, impertinent, and scandalous, and 3) its submission unduly prejudices the Defendants.

First, the Graves Challenge was submitted by a nonparty without standing or interest in this litigation. Courts have exercised their discretion to strike a document from the docket when filed by a nonparty with neither standing nor interest in the outcome of the litigation. *See Ben-Zvi v. Bo Hi Pak*, 510 F. App'x 2, 3 (2d. Cir. 2013) (striking a filing because it was "made by a non-party to [the] litigation who has no authority to appear before [the] Court"). Here, Mr. Graves is a nonparty with no standing before the Court and no interest in the Government's civil fraud suit against Defendants.

Second, the contents of the Graves Challenge are immaterial, impertinent, and scandalous. For a motion to strike, "[i]mmaterial' matter is that which has no essential or important relationship to the claim for relief, and 'impertinent' material consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues." *Lynch v. Southampton Animal Shelter Found. Inc.*, 278 F.R.D. 55, 63 (E.D.N.Y. 2011) (citation omitted). "A scandalous allegation is one that reflects unnecessarily on [a party's] moral character, or uses repulsive language that detracts from the dignity of the court." *Id.* (citation omitted).

Here, the Graves Challenge is immaterial and impertinent because it consists of Graves' incoherent filings from the Oklahoma litigation filed by certain of Defendants against Graves back in 2022. Copies of these filings have no "essential or important relationship to the claim for relief" pled in this action, and does "not pertain to, and are not necessary to resolve, the issues in question" regarding the Government's fraud

---

[2] *See Matter of REA Holding Corp.*, 447 F. Supp. 167, 171 (S.D.N.Y. 1978) (recognizing that a court has an "inherent power" beyond FRCP 12(f) "to strike scandalous matter from any document submitted to it"); *Mount Sinai Hosp. v. Borg-Warner Corp.*, 527 F. Supp. 922, 926 (S.D.N.Y. 1981) (same); *Kudatzky v. Galbreath Co.*, No. 96 CIV. 2693 (HB), 1997 WL 598586, at *13 (S.D.N.Y. Sept. 23, 1997) (recognizing a court's broad "inherent power" to strike a motion before it); *see also Boscov's Dep't Store, Inc. v. Am. Guarantee & Liab. Ins. Co.*, 546 F. Supp. 3d 354, 361 (E.D. Pa. 2021) (recognizing that a "court can entertain motions to strike beyond what Rule 12(f) provides" because "federal judges have the inherent power to manage cases that come before them") (quoting *McGinnis v. Midland Funding LLC*, No. 2:20-cv-05370-JDW, 2021 WL 1061198, at *1 (E.D. Pa. Mar. 19, 2021); *Williams v. Guard Bryant Fields*, 535 F. App'x 205, 212 (3d Cir. 2013)).

allegations. *See id*. Although the title alleges violation of this Court's order, the document contains no allegations of facts in support of that. At one point Mr. Graves states that "EO 13848 applies." But Executive Order 13848 concerns the imposition of sanctions in the event of foreign interference in a United States election.[3] It could never have any possible relevance to this matter.

The Graves Challenge is scandalous because it derogatorily refers to Defendants as thieves (ECF No. 144-1 at 3), "grifters" (*id*. at 4, 5, 12; ECF No. 144-2 at 2, 8, 21), engaging in a "ball-face lie" [sic] (ECF No. 144-1 at 7), and to Defendants' counsel as "greedy" (*id*. at 10, 11; ECF No. 144-2 at 3, 13, 26), and "so called attorneys" (ECF No. 144-1 at 5). These scurrilous personal attacks are unjustified, particularly in the present matter which has nothing to do with Mr. Graves' various perceived grievances against Defendants.

Third, the Graves Challenge unduly prejudices Defendants. Striking a document is appropriate where the document unduly prejudices a party. *Minneapolis Gasoline & Fuel Co. v. Ethyl Gasoline Corp.*, 2 F.R.D. 307, 307 (S.D.N.Y. 1941). Here, the Graves Challenge falsely refers to Defendants as being thieves, "grifters," and "bal[d]-face[d] li[ars]," and to Defendants' counsel as "greedy" and "so called attorneys." Permitting such a filing to remain on the docket will doubtless be cited by Mr. Graves as lending credence to his irrelevant, baseless accusations and would thus prejudice Defendants.

For these reasons, Defendants intend to move to strike the Graves Challenge. Accordingly, the Defendants respectfully request leave to file a motion to strike.

Respectfully submitted,

DHILLON LAW GROUP INC.

By:   */s/ Josiah Contarino*
        Josiah Contarino

cc: All Parties of Record (via ECF)

---

[3] *See, e.g.*, https://trumpwhitehouse.archives.gov/wp-content/uploads/2019/12/Budgetary-Impact-Analysis-for-Executive-Order-13848-Entitled-Imposing-Certain-Sanctions-in-the-Event-of-Foreign-Interference-in-a-United-States.pdf