Holland & Hart

**Paul D. Swanson**
**Partner**
**Phone** 303.295.8578
PDSwanson@hollandhart.com

August 28, 2026

Hon. Nina R. Morrison
United States District Judge
Hon. Robert M. Levy
United States Magistrate Judge
Eastern District of New York
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Letter to Judge Morrison and Judge Levy re: Pre-Motion Conference for Request to Unseal Court Records in *United States of America v. Rare Breed Triggers, LLC et al.*, Case No. 1:23-cv-00369-NRM-RML**

Dear Judge Morrison and Judge Levy:

Holland & Hart LLP represents nonparty Peak Tactical, LLC ("Peak Tactical"), which is a defendant in litigation filed by the Rare Breed Triggers, LLC ("Rare Breed"), a defendant in this E.D.N.Y. case (the "Action"). Pursuant to Local Rule 7.1(e) and Judge Morrison's Individual Practice Rule 5.1.1, Peak Tactical respectfully requests a pre-motion conference regarding a motion to unseal certain docket entries in this Action brought by the United States against Rare Breed and other defendants in January 2023 and closed May 20, 2025.

Peak Tactical manufactures specialized trigger mechanisms known as assisted or forced reset triggers ("FRT"). Rare Breed competes with Peak Tactical and sued Peak Tactical for patent infringement in Case No. 4:26-cv-00698-ALM (E.D. Tex.) (the "Peak Tactical Action"), now centralized in a multidistrict litigation in the Eastern District of Texas, Case No. 26-md-03176 (the "Patent MDL"). The parties' filings and statements in this Action are directly relevant to the Peak Tactical Action and the Patent MDL generally.

For these reasons, Peak Tactical has a specific interest in accessing publicly-filed court records in this Action, in addition to the general public interest in monitoring judicial proceedings and in having access to filed judicial records. Peak Tactical requests that certain records identified below be unsealed. Peak Tactical will agree to be bound by a protective order, as the Court deems proper.

## I. FACTUAL BACKGROUND

Peak Tactical manufactures an FRT called the "Disruptor," which is a successor to the Tac-Com 3MR FRT, designed and patented by Michael States under U.S. Patent No. 9,146,067 ("the '067 Patent"). In the Peak Tactical Action, Rare Breed has sued Peak Tactical for

infringing several patents issued after the ‘067 Patent under which Rare Breed purports to manufacture its own FRT. Rare Breed has also filed similar complaints against more than 100 other makers and resellers of trigger mechanisms, including dozens of Peak Tactical’s dealers, and those cases are being centralized in the Patent MDL.

In this Action, the United States alleged that the Rare Breed’s FRT converted a semiautomatic firearm into an illegal “machinegun” that allowed the user to continuously fire ammunition with a single trigger pull. ECF No. 1 ¶¶ 3–18. The United States further argued that Rare Breed deceptively advertised its FRT as lawful. ECF No. 139 at 4 (“Defendants have repeatedly misled their customers to believe that the FRT-15 is a legal, semi-automatic trigger, despite the ATF’s formal classification of the FRT-15 as a machinegun and Defendants’ knowledge that the ATF and the courts have classified similar devices as machineguns, which constitutes mail fraud, wire fraud, and conspiracy to commit mail and wire fraud.”). The United States sought, and this Court granted, a preliminary injunction against Rare Breed. *Id*. at 2. In its defense, Rare Breed asserted that ATF’s description of the FRT function of the TacCon 3MR—which practices Peak Tactical’s ’067 Patent—“described” Rare Breed’s FRT “exactly” and was an “apt comparison” to Rare Breed’s FRT. *Id.* at 81.

In the Peak Tactical Action, however, Rare Breed argues that its patented technology does not practice the ‘067 Patent and is distinct from it. Given the tension between its arguments in this Action and the Peak Tactical Action, Peak Tactical seeks access to Rare Breed’s statements, and those of its experts, in filings that the parties submitted under seal in this Action. In particular, Peak Tactical requests that this Court unseal the following documents (the “Requested Documents”):

| ECF No. | Title |
|---|---|
| 82, 82-1 | Letter re: Wide Open Triggers by United States of America and Ex. #1 Deposition Transcript |
| 100 | Letter MOTION for Protective Order to prohibit Defendants from taking the deposition of a confidential source by United States of America. |
| 104-1, 104-2, 104-3 | Attachments to Letter submitting deposition designations by United States of America: Ex. # 1 Designations from the deposition of Lawrence DeMonico [to remove blanket redactions], Ex. # 2 Designations from the deposition of Cole Leleux [to remove blanket redactions], Ex. # 3 Designations from the deposition of Jennifer Pierson [to remove blanket redactions] |
| 108, 108-1, 108-2, 108-3 | Motion for Leave to Electronically File Document under Seal Declarations with Information Subject to Protective Order or Sealed Document in Separate Action by Lawrence Demonico, Kevin Maxwell, Rare Breed Firearms, LLC, Rare Breed Triggers, LLC and Ex. #1 Declaration of Rick Vasquez; Ex. # 2 Declaration Jeffrey Cooper Rounds; and Ex. # 3 Declaration Evan Jones |

| | |
|---|---|
| 120, 120-1, 120-2, 120-3 | DECLARATION re Order on Motion for Leave to Electronically File Document under Seal, by Lawrence Demonico, Kevin Maxwell, Rare Breed Firearms, LLC, Rare Breed Triggers, LLC and Ex. # 1 Declaration of Rich Vasquez; Ex. # 2 Declaration of Jeffrey Cooper Rounds; and Ex. # 3 Declaration of Evan Jones |
| 124-1, 124-2, 124-3, 124-4 | Attachments to Letter Submitting Deposition Designations by United States of America, Ex. # 1 Designations from the deposition of Lawrence DeMonico [to remove blanket redactions], Ex. # 2 Designations from the deposition transcript of Jennifer Pierson [to remove blanket redactions], Ex. # 3 Designations from the deposition of Cole Leleux [to remove blanket redactions], and Ex. # 4 Designations from the deposition of David Smith [to remove blanket redactions] |
| 129-1, 129-2 | Attachments to Letter Regarding Deposition Designations by Lawrence Demonico, Kevin Maxwell, Rare Breed Firearms, LLC, Rare Breed Triggers, LLC, Ex. # 1 Supplement [to remove blanket redactions] and Ex. # 2 Supplement [to remove blanket redactions] |

## II. ARGUMENT

Unsealing the Requested Documents will serve the public's interest in monitoring judicial proceedings and in making available information in a notable case regarding issues of critical public concern, *i.e.*, firearms regulation. ECF No. 139 at 3–4. Unsealing also will give the public and the parties in the Peak Tactical Action and the Patent MDL access to prior sworn testimony submitted to this Court in the Action that relates to their claims and defenses.

The Second Circuit recognizes that "[j]udicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution." *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020). The public also has a First Amendment right to judicial documents. *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004).

The Second Circuit defines judicial records as those documents that are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006). Documents are relevant to the judicial process and useful in the judicial process if they have "the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).

Here, the Requested Documents were filed on the public docket, either with blanket redactions or wholesale sealing, and include deposition designations, motions to prohibit the taking of certain depositions, and declarations by the defendants and/or their expert witnesses—

all submitted for the Court's determinations. *See* ECF Nos. 82, 100, 104, 108, 120, 124, 129. Thus, the Requested Documents are documents that had the tendency to influence the proceedings of the Court. *See Brown*, 929 F.3d at 50 (holding that motions to compel testimony and motions to exclude deposition testimony are judicial documents as they "call upon the court to exercise its Article III powers"). The Requested Documents qualify as judicial records.

The Requested Documents therefore are "presumptively open to public inspection." *Annunziato v. Collecto, Inc.*, 207 F. Supp. 3d 249, 268 (E.D.N.Y. 2016). The weight of that presumption falls "somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Lugosch*, 435 F.3d at 119. The information contained in the Requested Documents appears to have directly affected the proceedings in this Action and should be afforded the highest presumption of public access.

"Finally, once the weight of the presumption has been assessed, the court is required to 'balance competing considerations against it.'" *Olson v. Major League Baseball*, 29 F.4th 59, 88 (2d Cir. 2022). This presumption can be overcome only "by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *United States v. Velandia*, No. 10-CR-00288-01, 2019 U.S. Dist. LEXIS 218454, at *3–4 (E.D.N.Y. Dec. 19, 2019) (citing *Lugosch*, 435 F.3d at 126).

Because the parties in this Action requested sealing in filings that are, themselves, sealed, *see* ECF Nos. 81, 108, Peak Tactical cannot fully assess the merits of the requests. But in this long-closed case addressing enforcement objectives against FRTs that the Government has since abandoned,[1] the likely bases for sealing no longer exist. Moreover, to the extent Rare Breed seeks to maintain sealing of competitively sensitive material, Peak Tactical will agree to be governed by the protective order in this Action, the Peak Tactical Action, and/or the Patent Action and to abide by confidential and attorneys-eyes-only designations.

## III. CONCLUSION

For the foregoing reasons, Peak Tactical respectfully requests that the Court provide access to the judicial records contained in ECF Nos. 82, 82-1, 100, 104-1, 104-2, 104-3, 108, 108-1, 108-2, 108-3, 120, 120-1, 120-2, 120-3, 124-1, 124-2, 124-3, 124-4, 129-1, and 129-2.

---

[1] *See* Press Release, United State Department of Justice, "Department of Justice Announces Settlement Litigation between Federal Government and Rare Breed Triggers" (May 16, 2025), *available at* https://www.justice.gov/opa/pr/department-justice-announces-settlement-litigation-between-federal-government-and-rare-breed.

Holland & Hart



Respectfully,

Paul D. Swanson
Partner
of Holland & Hart LLP

39171308