**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 3, 2026

By ECF

Honorable Nina R. Morrison
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States of America v. Rare Breed Triggers, LLC, et al.*
No. 23-cv-369 (Morrison, J.)(Levy, M.J.)

Dear Judge Morrison:

The United States writes concerning the August 28, 2026, letter from counsel for Peak Tactical, LLC ("Peak Tactical"), Dkt. No. 151, which requests that the Court unseal specified documents filed with the Court in the above matter. The United States understands that Peak Tactical is interested in the documents because they may contain some evidence concerning its device, devices manufactured by Defendant Rare Breed Triggers, and how all of those devices are or are not similar in design. As the United States further understands it, such evidence may be relevant in patent litigation pending between Peak Tactical and Rare Breed Triggers. Below, the United States provides some context as to certain of the documents that Peak Tactical wishes to be unsealed.

Dkt. Nos. 82, 82-1 – Letter Concerning Wide Open Triggers

These documents concern the location of certain Wide Open Triggers, one of the devices at issue in the above litigation. The documents do not, however, discuss the design of the Wide Open Triggers, nor do they mention Peak Tactical's device. The United States does not believe that these documents would be relevant to the patent litigation.

Dkt. No. 100 – Motion Concerning a Confidential Government Source

This document is a motion by the United States seeking to prohibit the deposition of a confidential government source. The document does not address the design of any device; indeed, it is confined to a discussion of civil procedure. What is more, the document identifies the source by name. The United States does not see how this document would be relevant to the patent litigation and more importantly perhaps, the United States is concerned about publicly disclosing the name of a confidential government source. The United States therefore opposes the unsealing

of the document. *See, e.g., In re Dep't of Investigation*, 856 F.2d 481, 484 (2d Cir. 1988) (recognizing that the preservation of the confidentiality of law enforcement sources may be justification for maintain a seal over records).

Dkt. Nos. 104-1, 104-2, 104-3, 124-1, 124-2, 124-3, 124-4, 129-1, 129-2 – Redacted Deposition Transcripts

These documents are the deposition transcripts of several witnesses in the above litigation. In each instance, the relevant party – either the United States or the Defendants – filed the entire transcript of the witness. Those portions of the transcripts that the party wished the Court to consider as evidence in the litigation were left unredacted; the remaining portions of the transcripts were redacted. That is, the Court was not presented with, nor did it consider, the redacted portions of the transcripts. The redacted material, then, should not be deemed "judicial documents." *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-21 (2d Cir. 2006) (defining judicial documents as those documents submitted to the court for its consideration). There is, therefore, no presumption of access to the redacted material in these filings.

Dkt. Nos. 108, 108-1, 108-2, 108-3, 120, 120-1, 120-2, 120-3 – Privileged Internal Government Memorandum and Confidential Third-Party Material

Included with these documents, which are declarations from some of Defendants' witnesses, is material that is both irrelevant to the patent litigation and that implicates confidentiality and privacy interests of the United States and a third party. First, among the material is an internal government memorandum from 1989 that discussed the interpretation of a statute. The memorandum does not address the design of Peak Tactical's device, nor of any Rare Breed Triggers' devices. Nor could it; the memorandum was prepared years before any of these devices were conceived. What is more, the memorandum is, among other things, an attorney-client privileged document. That memorandum is found at Dkt. No 108-1, Exhibit A and Dkt. No. 120-1, Exhibit A. This memorandum should not be disclosed publicly. *See, e.g., Lugosch,* 435 F.3d at 125 (recognizing that the protection of attorney-client privileged material may justify maintaining a seal over such material.) [1]

Second, among the material are documents concerning a device designed by an entity that is not a party to this litigation. These documents do not address the design of Peak Tactical's device, nor of any Rare Breed Triggers' devices. What is more, the material may include both trade secret information and information that may be prohibited from disclosure under 26 U.S.C. § 6103(a) as tax return information. These materials are found at Dkt. No. 108-1, Exhibit E and Dkt. No. 120-1, Exhibit E. The United States believes that such material should remain under seal. *See, e.g., Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 143 (2d Cir. 2016) (recognizing that the protection of trade secrets may justify maintaining a seal over

[1] Should the Court determine that Dkt. Nos. 108-1 and 120-1 themselves be unsealed but that Exhibit A thereto remain under seal, the United States requests that paragraphs 4 through 8 of the Declaration of Richard Vasquez be redacted. Those paragraphs summarize Exhibit A and therefore discuss material that is subject to, among other things, the attorney-client privilege.

records). In the alternative, the United States suggests that the third party be afforded an opportunity to express its views about the disclosure of such information.

* * *

As to the remaining documents, the United States does not take a position as to whether the Court should allow them to be taken out from under seal.

The United States thanks the Court for its consideration of this matter.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: MICHAEL BLUME Digitally signed by MICHAEL BLUME Date: 2026.09.03 09:28:51 -04'00'
__________________________
Michael S. Blume
Assistant U.S. Attorney
(718) 254-6479